# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**FEB 16 2005**

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

David Williams

_____
(Enter above the full name of the plaintiff(s)
in this action.)

V.

CASE NO. _5:05CW00048_
HLJ

Larry Norris, Ray Hobbs, George Brewer, Greg Harmon,
Tommy James, Marvin Evans, Grant Harris and Tim Moncrief

_____
(Enter above the full name of the defendant(s)
in this action.)

I.  **Previous Lawsuits**

a.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

This case assigned to District Judge _Moody_
and to Magistrate Judge _Jones_

Yes  __X__     No _____

b.  If your answer to "a" is "Yes", describe each lawsuit in the space below including the exact plaintiff name or alias used. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.) *(See's Attached Complaint's "Preliminary Statement")*

1.  Parties to this lawsuit

    Plaintiffs: David Williams

    _____

    Defendants: Anthony Bradley, Lt. Bailey, Tommy James, Greg Harmon, Marvin Evans, Ray Hobbs, Max Mobley, Sarah Speer, Robert Clark, James Gibson, Keith Waddle, Larry Norris, and VSM John Does

2.  Court (if federal court, name the district; if state, name the county): _____

    EASTERN DISTRICT OF ARKANSAS

3.  Docket Number: 5:05 CV. 000 10

4.  Name of judge to whom case was assigned: District Judge Moody
    Magistrate Judge Forster

1

**2**

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): _PENDING_

6. Approximate date of filing lawsuit: _January 7, 2005_

7. Approximate date of disposition: _____

II. Place of Present Confinement: _____

_P.O. Box 400, Varner Super Max, Grady, ARKANSAS 71644_

III. There is a prisoner grievance procedure in the Arkansas Department of Corrections. **Failure to complete the grievance procedure may affect your case in federal court.**

a. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

(Yes) X _____ No _____

b. If your answer is "yes", attached copies evidencing completion of the final step of the grievance appeal procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

c. If your answer is "no", explain why not: _N/A_

_____

_____

IV. Parties

(In item "a" below, place your name in the first blank and place your present address in the second blank.

a. Name of Plaintiff: _David Williams_

Address: _P.O. Box 400, Varner Super Max_

_Grady, AR. 71644_

Name of Plaintiff: _N/A_

Address: _N/A_

(In Item B below, place the full name of the defendant in
the first blank, his official position in the second blank,
his place of employment in the third blank, and his address in
the fourth blank.)

Defendant: _____ Larry Norris _____

Position : _____ A.D.C. Director _____

Place of employment: ADC Central Office, P.O. Box 8707
Pine Bluff, AR. 71611

Address: N/A _____


Defendant: _____ Ray Hobbs _____

Position : _____ ADC Chief Deputy Director _____

Place of employment: ADC Central Office, P.O. Box 8707
Pine Bluff, AR. 71611

Address: N/A _____


Defendant: _____ George Brewer _____

Position : _____ ADC Classification Administrator _____

Place of employment: ADC Central Office, P.O. Box 8707
Pine Bluff, AR. 71611

Address: N/A _____


Defendant: _____ Greg Harmon _____

Position : _____ Warden _____

Place of employment: East AR. Regional Unit, P.O. Box 180
Brickeys, AR. 72320

Address: N/A _____


Defendant: _____ Tommy James _____

Position : _____ Assistant Warden _____

Place of employment: Maximum Security Unit, 2501 State Farm Road,
Tucker, AR. 72168

Address: N/A _____


-3- A.

(In Item B below, place the full name of the defendant in
the first blank, his official position in the second blank,
his place of employment in the third blank, and his address in
the fourth blank.)

Defendant: _____ Marvin Evans _____

Position : _____ Warden _____

Place of employment: _____ Tucker Unit, P.O. Box 240
_____ Tucker, AR.  72168 _____

Address: N/A _____


Defendant: _____ Grant Harris _____

Position : _____ Warden _____

Place of employment: _____ Varner Unit, P.O. Box 600
_____ Grady, AR.  71644 _____

Address: N/A _____


Defendant: _____ Tim Moncrief _____

Position : _____ Assistant Warden _____

Place of employment: _____ Varner Unit, P.O. Box 600
_____ Grady, AR.  71644 _____

Address: N/A _____


Defendant: _____

Position : _____

Place of employment: _____

Address: _____


Defendant: _____

Position : _____

Place of employment: _____

Address: _____


−3− B.

V.     Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. It you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

(See: Attached Complaint)

VI.     Relief

<u>State briefly exactly what you want the court to do for you</u>. Make no legal arguments. Cite no cases or statutes.

(See: Attached Complaint)

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed this 1ST day of February , 20 05 .

David Williams #78730

David Williams
_____
Signature(s) of Plaintiff(s)

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
#### ———— DIVISION

David Williams                            **Plaintiff**

V.          Case No._____

Larry Norris, Ray Hobbs, George Brewer, Greg Harmon,
Tommy James, Marvin Evans, Grant Harris and Tim Moncrief      **Defendants**

PRELIMINARY STATEMENTS

(1.) The Facts in this case which are also related to Williams V. Bradley, et al., case no. 5:05 CV 00010, and are Examples to show significant hardship and atypical situation.

Plaintiff is hopefully making clear he has No Desire to bring a obviously repetitive litigation. This is a suit Clearly Defined as, "Cumulative A/s INDEFINITE Confinement," and the related Constitutional ("Const.") Violation(s).

And the Denial to treat ("VSM") Varner Super Max, Administrative Segregation ("A/s") inmates Equally to all other Similar Situated Max A/s, A/s and population inmates.

This second suit arises from significantly different facts with some factual overlap and plaintiff does NOT want to violate any "Res Judicata and/or Collateral Estoppel" Doctrines.

## STATEMENT OF THE FACTS

(2.) This is a 42 U.S.C. §1983 Civil Rights Action filed by the plaintiff, David Williams, pro-se, a Arkansas ("AR.") state prisoner serving a life without sentence.

(3.) Plaintiff is Currently Housed at VSM.

(4.) The events occurred in sequence at Maximum Security Unit ("MSU"), Utah State Prison, again at MSU, East Arkansas Regional Max Unit ("EARMU"), again at MSU, and currently VSM.

(5.) The Arkansas Department of Correction ("ADC") refuse to aggregate all the A/s Cumulative Confinement at the different prison facilities, creating a liberty interest that implicated due process concerns, for purposes of a Sandin inquiry where the time spent in A/s constituted a substained period of confinement, (Continuation of A/s Confinement).

(6.) AR. inmates do possess a State protected liberty interest to remain in Population and from Extended/Indefinite A/s Confinement.

And a liberty interest through the Due Process Clause of the 14TH Amendment.

( 7.)   Defendants deprived plaintiff of that interest as a result of insufficient process, meaningless 60 day reviews, lack of 30 day reviews and failure to be seen/interviewed yearly by both the Warden and the Deputy/Assistant Director this deliberate indifference to and reckless disregard of Administrative Directives ("A.D.") 01-11, reference to Administrative Regulation ("A.R.") 836, A.R's are the substantive law of the State of AR.

A.D. 01-11, P.4, (D.)(1.)  The Classification Committee or authorized staff MUST Review the status of every inmate assigned to A/s every thirty (30) days to determine if the reason(s) for placement continue to exist.

A.D. 01-11, P.4, (D.)(2.)  The mental health staff MUST review the status of every inmate assigned to A/s for more than 30 days. If confinement continues for an EXTENDED period, a psychological assessment is made at least every three (3) months.

A.D. 01-11, P.4, (D.)(3.)  NO INMATE SHALL remain in A/s for more than one year unless he has been personally interviewed by the Warden at the end of one year and such action is approved by him. At the end of the SECOND and EACH ADDITIONAL YEAR that an inmate remains in A/s, he MUST be PESONALLY INTERVIEWED by BOTH the Warden and the Deputy/Assistant Director, who will then determine whether or not continuation in that status is necessary and/or appropriate.

(8.) Plaintiff is subjected to Atypical and Significant Hardship in relation to the ordinary incidents of prison life.

(9.) Plaintiff is being punished for past misconduct, which already been punished.

(10.) At all times relevant to the events described herein, all the defendants acted under color of state law.

(11.) Plaintiff is unsure how the Court will CUMULATE A/s Time and will describe events from the beginning.

(12.) On 12/6/95, plaintiff was a Class One (I) inmate, the highest class he could earn. Plaintiff was working at his POPULATION Kitchen Clerk Job when inmate P. Branson snuck into the Kitchen and with the help of V. Dixon set plaintiff up to be blindsided and assaulted by Branscomb with a twenty-five (25) pound Kitchen dough hook.    (Exibit 1.) and (Exibit 2.)

(13.) Plaintiff was placed on A/s status in December 1995.

(14.) Plaintiff was shipped on Interstate Compact to Utah State Prison in January, 1996.

(15.) Plaintiff was placed on A/s Status by Utah State Prison in 1996.

(16.) Plaintiff was reassessed by Utah State Prison on 9/18/97, and the Reassessment form shows #1 (1. Death Penalty) override.

Note: Plaintiff kept on A/s supposedly because of a life without sentence, not housed on death row.  (Exibit 3.)

(17.) Plaintiff was again reassessed by Utah State Prison on 11/23/98, reassessment form shows #1 (1. Death Penalty) override. Remain on A/s. (Exibit 4.)

(18.) Plaintiff was returned from Interstate Compact to AR. on 6/28/99, and served a classification notice, stating, "Threat to the security and good order of the institution." (Exibit 5.)

(19.) Plaintiff went before the Classification Committee on 6/30/99, and was again assigned to MSU-A/s. Plaintiff did not keep A/s review form, he was listed as Threat to Security.

Note: To Plaintiff's knowledge the majority of Interstate Compact "Returned ADC Inmates", are soon placed in Population upon return, plaintiff was in Population before Assaulted.

Motion For Discovery Required to show most "Returned ADC Inmates", are soon placed in Population upon return. [Unless] they request A/s or Protection.

At the very least plaintiff considers beginning cumulative time on 6/30/99 when returned to ADC and A/s assigned upon return from Utah.

(20.) On 7/30/99, Then Chief Deputy Director G. David Guntharp sent plaintiff's sister (Cheryl Smith) a letter stating, "Your brother was transferred to Utah as a direct result of the incident in which he was attacked in 1995. The attack was precipitated by David's drug dealing activities. Due to David's sentence, his history of murder in the prison, and his past drug dealing activities, he is considered a threat to security of the institution, and an A/s assignment is appropriate until such time as the unit classification committee feels comfortable in releasing him to general population".(Exibit 6.)

Note: Plaintiff had not ever been busted with drugs for Guntharp to claim [PAST] drug dealing activities. Plaintiff had three (3) dirty urine test for marijuana, A USER; There are hundreds (IF not over a thousand) lifers in the ADC with only hope of release a Governor's Pardon, similar situated to plaintiff, who are in population; Plaintiff stabbed Fred Pennington in January of 1982 (Plaintiff was robbed while sitting on toilet by Pennington and four (4) others at knife point(s)) Raymond Cobb stabbed Keith Tucker, Tucker died.

Plaintiff did his punitive and A/s time in 1982 and 1983 as punishment for his Actions. Plaintiff has held many general population jobs (Many Trusted Jobs) since the 1982 incident, with a fairly good record.

3.

(21.) On 8/5/99, Classification Administrator George Brewer sent Plaintiff's Mother (Mavis Williams-Henson) a letter stating the same as Guntharp's 7/30/99 letter. (Exibit 7.)

(22.) On 10/27/99, plaintiff meet A/s ("60 day review") committee and requested release to population. Denied as Threat to Security.     (Exibit 8.)

(23.) On 12/29/99, plaintiff meet 60 day review, denied population as Threat to Security. (Exibit 9.)

(24.) On 2/23/00, plaintiff meet 60 day review, denied population as threat to security. (Exibit 10.)

(25.) On 4/26/00, plaintiff meet 60 day review, denied population as threat to security. (Exibit 11.)

(26.) On 6/22/00, plaintiff meet 60 day review, denied population as threat to security. (Exibit 12.)

(27.) On 8/23/00, plaintiff meet 60 day review, denied population as threat to security. (Exibit 13.)

(28.) On 9/29/00, plaintiff was sent to ERRMU and served a classification notice for A/s review, the reason being threat to security.      (Exibit 14.)
    NOTE: Plaintiff was kept at EARMU housed on A/s, for approx. 18 days, plaintiff was denied his Yearly Warden's Review, as assigned to MSU-A/s on 6/30/99, and did not meet a Warden's Review until 10/10/01.

(29.) On 10/16/00, plaintiff was returned to MSU and Classification Committee placed plaintiff back on A/s, as threat to security.      (Exibit 15.)
    NOTE: Plaintiff never left A/s status and remained Class I.

(30.) On 12/20/00, plaintiff meet A/s 60 day review, denied population as threat to security and history of assault on other inmates.      (Exibit 16.)

(31.) On 2/14/01, plaintiff meet 60 day review, denied population as threat to security and history of assault on other inmates.      (Exibit 17.)

(32.) On 4/18/01, plaintiff meet 60 day review, plaintiff asked, "Why they were holding the January 1982 murder against him?" Denied population as threat to security and history of assault on other inmates.      (Exibit 18.)

(33.) On 6/13/01, plaintiff meet 60 day review, and stated, "Request that older inmates be placed in the cells next to me that young inmates were always rapping and talking about homosexuality." Denied my request. Denied population as threat to security and history of assault on other inmates, held by Asst. Warden James.  (Exibit 19.)

* NOTE: Extended A/s is extremely atypical and significant hardships in relation to population. Enclosed in a cell twenty-three (23) PLUS HOURS A DAY, week in week out, month in month out, year in year out, INDEFINITELY. If blessed you will get out of your cell five (5) days a week for one (1) hour a day. Plaintiff was a gym rat who earned money Every Holiday Tournament for years playing handball, volleyball and basketball and always went to all population gym and yard calls playing various different sporting activities. A/s you walk in a outside CAGE. A/s behind Solid Steel Doors and in case of emergency YOU ARE IN TROUBLE GETTING HELP. Housed with Mentally Ill and Young Idiots trying to impress someone by sheer ignorance, beating, screaming, pounding, yelling a Constant Cycle (24/7).

4.

For the most part Behavior Problem inmates who have nothing more productive on their minds than standing at their door master bating or as some throwing feces and urine. The pandemonium and bedlam of being Intermingled with the mentally ill and young idiots who either cannot or refuse to Control Their ACTIONS is more than Vexation, it can be at time MENTAL TORTURE. Population you ARE NOT SUBJECTED to such Antics/Foolishness as the Administration slams these idiots on lockdown status with Indefinite Dave. When they get maced/gassed plaintiff constantly has been subjected to the effects (Permeates The BKS.), sometimes for two(2) weeks straight someone gassed/maced for acting a Fool. Plaintiff has never been maced/gassed for foolish actions. Population BKS. have recreation, come out of cell, watch T.V., play dominoes, socialize, research law   with others, study and fellowship, easy phone access and use as long as needed, no extra/added approval forms to use phone, allowed more hours to visit, Contact visit, food and drink can be purchased at visit, family pictures on visit. EXTREMELY easier access to the infirmary as you can go to the pill window (At The Infirmary) for assistance and medication, if in serious situation other inmates can see your plight and call for medical help. A/s you may go days, weeks or even months without your prescribed medication and/or treatment. Population you can socialize with friends at Chapel, attend all Chapel events, go to gym, yard, law library and easier access to law library, supplies, copies for Court, books. You are able to go to regular library [TWICE A WEEK] obtain/chose books which interest you instead of what is tossed to you to read, regardless if book has been issued you 2 or 3 times in the same year. Easier access to (daily) notary, programming, schooling, counselors.

\* VSM A/s has even more restrictions than other MAX A/s and plaintiff was ONLY sent here [supposedly] to fill bed space and NOT as a means of punishment. VSM A/s only get Commissary ONCE PER WEEK, everyone else in ADC get to go to store Twice Per Week, Also VSM A/s is limited to a $25.00 spending limit per week, every other ADC unit can spend $55.00 per week. Only allowed access to the law library once per week, every other ADC unit Twice Per Week, Only allowed access to Copies For The Court (IF BLESSED) ONCE PER WEEK, every other ADC unit at least Twice Per Week, Denied Carbon Paper all other ADC Units allowed carbon paper. VSM A/s Officers are disciplined for passing legal work, food, radio, etc., which is extremely atypical and significant hardship, not allowed the aid of other litigators who possess facts, evidence, material you require to prosecute your case, the Majority of officers refuse to pass [Anything] over fear of losing their Job, all other ADC Units officers and inmates pass items. Only allowed to watch one T.V. Station if living in T.V. mind control BKS., denied channel checks, Reruns, Reruns, Reruns, Info Commercials, All other ADC Units Vote on channel they watch.

Attorney visits inmates are forced to remain [HANDCUFFED AND SHACKLED] and Attorney harassed to leave, No other ADC Unit employs these tactics esp. for a NON-CONTACT Visit, No Sound Penological Reason exist for this BUT FOR Harassment. No family pictures taken on regular visit and less visits per month allow than All Other ADC Units. This is the only unit which requires EXTRA APPROVAL TO USE the telephone, must fill out "telephone approval forms" limited to two(2) personal calls per week, all other Max A/s have a phone for each tier, three(3) phones for 54 man BKS, VSM A/s has one(1) phone for 78 inmates and either tore up, battery run down or lazy officer don't feel like passing phone, other Max. A/s you can get officer or porter, picket man or other inmates who happen to be in BKS, to bring you the phone.

HOWEVER, the WORST DISCRIMINATION Comes from VSM A/s Classification Policy, Inmates are FORCED to do a EXTRA thirty (30) days between steps in Class Promotion, All other ADC inmates go from class III (3) to II (2) and II to I in thirty days for each class promotion, VSM A/s MUST DO SIXTY (60) days for each class promotion class 3 to 2 takes 60 days, class 2 to 1 takes another 60 days, No Other Max A/s or ADC Unit Inforces such Arbitrary Tactics. VSM A/s does not hold 30 day reviews only 60 day reviews, all other Max A/s hold 30 day reviews.

VSM A/s inmates must be shackled wherever they go and placed in a restraint chair if going down the hallway or a medical transfer, no other Max A/s enforces these restraints [UNLESS] Personal Actions Merit Added Restraints.

VSM A/s inmate are forced to wash their outer clothing in personal laundry bag which leaves clothes unclean, with chemicals in clothes and half the time not dried. No other Max A/s, A/s or population force inmates to put bulky Jumpsuits or Pants & Shirts in Personal Laundry Bags.

Plaintiff hopes he has shown the VAST Difference between Population and Max A/s AND the VAST Difference between Max A/s and VSM A/s.

So I am clear this is VSM A/s not VSM Programming (Major Problem Inmates).

(34.) On 8/15/01, plaintiff refused to appear before 60 day review, denied population as threat (Exibit 20.)

✱ (35.) On 10/10/01, plaintiff meet Warden's Review, denied population as threat to security. (Exibit 21.)

(36.) On 12/12/01, plaintiff meet 60 day review, denied population as threat to security. (Exibit 22.)

(37.) On 2/8/02, plaintiff wrote Mental Health Engstrom request to be allowed to take 'Anger Management'.                    (Exibit 23.)

(38.) On 2/8/02, plaintiff wrote Substance Abuse Treatment Program ("SATP") Mr. Guirl requesting to take SATP.                    (Exibit 24.)

(39.) On 2/13/02, plaintiff meet 60 day review, denied population as threat to security, (Exibit 25.) Held by Asst. Warden Tommy James.

(40.) On 2/17/02, plaintiff wrote grievance ("MX") 02-0689 requesting a tape recorder in classification so that records are kept as proof of Professional Conduct and Periodic Review every sixty (60) days is meaningful as layed down ordered under the due process clause. Warden Harmon's refusal to discuss reason(s), for continued A/s and no programs or rehab opportunities, 60 day review held 2/13/02.

Was respectfully requesting when Warden Harmon cuts me off and starts yelling, "Get him out of here, Get him out of here."

So Job Performance may be evaluated? Place Tape Recorder in Classification Committee so accurate records of review are available.

NOTE? This Grievance was on Unit Warden so forwarded straight to Deputy Director.

On 6/25/02, Deputy Director's Decision ("DDD") to MX 02-0689, states, "Please be advised inmate Williams, Warden Harmon denies your allegations and you provide no factual evidence and/or corroborating information in this grievance to indicate that your 60 day reviews are not being conducted in accordance with proper policies and procedures. No Merit, no action taken. (Exhibit-26.)

NOTE? Plaintiff is keeping Entire Grievance(s) and their respective appeals/responses together to help prevent confusion as plaintiff has numerous grievances and their FINAL DECISION(s), as Exhibits.

(41.) On 2/20/02, plaintiff submitted MX 02-0725, Requesting guidelines for continued A/s, that the Boilerplate Excuse of "Threat to Security," be clearly defined, justification for continued A/s.

   #1.) Request Policy and Procedure, Standards set concerning A/s limits on time for Rule Violations and No Rule Violations.

   #2.) Request Program began so inmate "By Good Behavior," may work to be released to Population (CRITERIA).

On 3/21/02, Warden Greg ("Harmon") responds to MX 02-0725, states, "A unanimous decision was made by the Unit Classification Committee, based on your institutional record for you to remain on A/s.

On 3/26/02, plaintiff appeals MX 02-0725, to Deputy Director Ray Hobbs, stating, "Once again I receive standard BOILERPLATE RESPONSE THAT HAS ABSOLUTELY NO BEARING UPON WHAT I REQUESTED. Over 6½ years straight on A/s, nearly 3 years since returned from Utah A/s and NO CRITERIA set forth by continued GOOD BEHAVIOR to be released back to population. A worktable timetable attainable for certain amount of A/s Time,

On 7/5/02 DDD to MX 02-0725, This is no policy provided by which a inmate may work their way off A/s, Criteria, Appeal Denied. (Exhibit 27.)

(42.) On 3/1/02 plaintiff submits MX 02-0894, stating, "On this date of 2/2/02, (Note: Wrong Date, Correct Date was 2/8/02), I wrote Mr. Engstrom Mental Health and Mr. Guirl, SATP. Neither have responded in my seeking to improve myself, Also, policy states we are to be seen by mental health every 90 days, only seen once in close to 3 years.

EQUAL PROTECTION: Desire/Need to take both courses to improve myself and all A/s inmates are to be reviewed/evaluated as AiD. 96-08 states," MUST REVIEW Psychological assessment at least every 90 days"

On 4/1/02, Harmon responds to MX 02-0894, states," Mr. Engstrom, Mental Health has advised that your name is on the waiting list for Anger Management.

On 4/7/02, plaintiff appeals MX 02-0894, #1.) Mr. Engstrom in the infirmary told me PAROLE people have top priority, I told him I can only go up for clemency every four (4) years and they get special treatment consideration when they go up every year! I only go up every four years and I go up August 2002, this year, and just as important to me or more so than a parole inmate, (Note: Just happen to bump into Engstrom in infirmary, not in infirmary to see him.)

#2.) Mr. Harmon did not address why I am denied SATP, I meet Clemency Board this year and would like to present a completed SATP and Anger Management Program in my jacket.

On 7/19/02, DDD to MX 02-0894, states, "Mr. Engstrom states," Inmate Williams name is on the AMP waiting list. Williams is seen at 60 day review as a naturalistic observation, He is not aware of this type evaluation, thus he thinks it does not happen." Based on the above statement no action is needed from this office. Appeal Denied.    (Exibit 28.)

NOTE: Plaintiff has never been allowed to take either course, Plaintiff watched numerous new guys come to A/s being Afforded the Opportunity to take both courses, the waiting list is a farce and plaintiff discriminated against because of life sentence, Both courses consist of checking out books and doing courses in cell (No Meetings or Discussions) for A/s inmates, denied this simple request to improve myself.

Plaintiff took psychology and sociology in school and a "Naturalistic Observation", cannot be done, just by viewing a inmate for 30 seconds to possibly 3 minutes time, And at times there are no mental health on Classification Board a Chaplain, or school Teacher may set in on meeting. Are they professionally trained to make a 30 second to 3 minute Naturalistic Observation? Plaintiff usually goes in 60 day review and IF ASKED," Do I have anything to say," " Request to go to Population". I am Denied and gone in 30 seconds flat.

(43) On 4/8/02, plaintiff mails a Freedom of Information Act ("FOIA") to George Brewer, Classification Administrator, requesting: Any A.R., A.D., Policy, memorandum

8.

and/or office communication, which list the Criteria for an inmate to work their way off A/S. Request to read.　　　　　(Exibit 29.)

(44.) On 4/10/02, George Brewer responded, stating, "Policy does not provide criteria by which an inmate may work their way off A/S."　　(Exibit 30.)

　　NOTE: VSM Programming BKS. 5 and 6, Major Problem Inmates, have from the start had a standard/Policy/Criteria, by good behavior and programs be released. Again Discrimination.

(45.) On 4/17/02, plaintiff submits mx 02-1543, requesting of and naming Warden James, "What is the Criteria/Standard for release from A/S to Population." He states, "This review committee," Then I state, "No I mean with Good Behavior how many days, months, years, programs, etc., to work way to Population. Plaintiff requested his 60 day review form show what I asked.

　　On 5/14/02, Harmon responds to mx 02-1543, stating, "Ms Brim issued you what you requested. Resolved.

　　On 5/18/02, plaintiff appeals mx 02-1543, Claiming Not Received a Correct Copy.

　　On 9/3/02, DDD to mx 02-1543, The Classification Committee Review is only standard for Possible A/S Release. Appeal Denied.　(Exibit 31.)

(46.) On 5/7/02, plaintiff sent a letter to "High Security Housing Counselor," requesting interview, so I may receive the counsel I need, as I've numerous Questions.　　　　　(Exibit 32.)

(47.) On 5/7/02, plaintiff writes a FOIA to Warden Harmon requesting: Per Your own Max Policy #10.1.0, I request Name and what regular hours our Counselor is present for Interviews? On record who is our Counselor.? (Exibit 33.)

(48.) On 6/9/02, plaintiff submits mx 02-2254, requesting who is the High Security Housing Counselor and wanting to Know Any/All Bible Study Certificates placed in my inmate Jacket "from 1986 thru 1996," "from 1999 thru Current May 20, 2002. On a message from Chaplain Shaw dated 5/8/02, he states, "Your Certificate have been placed in your Jacket,"

　　On 6/21/02, Harmon responds to mx 02-2254, "Chaplain Shaw and Mental Health Staff qualified as a Counselor. Your institutional file does not contain any Bible Study Certificates,"

　　On 6/26/02, plaintiff appeals mx 02-2254 states, "I did not ask who is Qualified to be a Counselor, I specifically requested who is assigned to High Security Housing Counselor Per MS.#10.1.0, Also, someone is lying attached Exibit "A" Chaplain Shaw says certificates in my Jacket, Warden says none in Jacket.

　　On 10/16/02, DDD to mx 02-2254, Also giving plaintiff the run-around on both issues. Denies Appeal.　　　　(Exibit 34.)

(49.) On 6/13/02, plaintiff writes a Affidavit to Mental Health Engstrom requesting mandatory psychiatrist review thirty (30) days before I apply for Clemency. Again ask for Anger Management Course.                    (Exibit 35.)

(50.) On 6/19/02, plaintiff meet 60 day review, requesting, "What is the Criteria for being released from A/s?" Denied Population as Threat To Security. (Exibit 36.)

(51.) On 6/19/02, plaintiff submits MX02-2402, stating, "On 60 day review, 6/19/02, I asked Warden Harmon, "What is the criteria/standard that a inmate, by good behavior may work their way from A/s to Population?" Harmon states, "Some people can never get off A/s. Which I responded, "We'll See". Harmon then stated, "As long as I am Warden you ain't never getting off A/s." This is absolutely, NO WAY, that I'm Afforded a Meaningful Review with this DESPOTIC ABUSE OF POWER. That there is no criteria/standard in place at MSU for all inmates to know EXACTLY what they must do, to be released back to population.

    The Supermax at Varner (Note: At this time only the programming BKS. were open at VSM, no A/s or Deathrow) under Policy (VU 27.4.0 Criteria and Guidelines) have a standard for Reintegration to Population, then a less restrictive unit MSU must also have in place a criteria to be reintegrated to population. Request STATEMENTS from each and every member of 60 day review and escort officers Cobbs and Garland be taken on official grievance statements as to the Correctness of the above events Concerning Harmon's TYRANNIC RESPONSE and these statements attached to Grievance, Those present were Ms. Brim, Major Cliner, Ms. Sarah Speer, Captain Adams, and a Mental Health Representative (Unknown), officers Cobbs and Garland escorted me to Classification. Statements from ALL Attached to this Grievance.

    For Due Process a TAPE RECORDER MUST BE PUT BACK In ANY/ALL Classifications. Just as Disciplinary Court for Proof of Due Process!

    Please refer to MX02-0689, request for Tape Recorder, accurate record is available for Professional Conduct and Meaningful Review.
* On 10/28/02, DDD to MX02-2402, Boilerplate Response, makes no mention of what my REQUESTED WITNESSES STATE, NOR ADDRESS NEED for TAPE RECORDER.                 (Exibit 37.)

(52.) On 7/16/02, plaintiff submitted MX02-2803, stating, On 7/11/02, I received response to MX02-0689, on DDD, he states, " You provide no factual evidence and/or corroborating information." #1.) There is no stenographer, #2.) There is no tape recorder. So without the very same DUE PROCESS we are afforded as our RIGHT in Any/ALL Disciplinary Court Proceeding. We are denied a True Accurate record in Any/ALL 60 day A/s Review Committee Proceedings.

Request tape recorder for factual evidence and/or corroborating information, records kept as proof, NOT talk to the Warden who the Grievance is on.

On 8/21/02, Harmon responds to MX02-2803, even though Grievance clearly marked (ON 8 WARDEN HARMON), stating, "Mr. Brewer, Classification Administrator, has advised me that Classification Hearings are not DUE PROCESS Hearings. Therefore, they do not require a tape recorder. Any decision made by the Classification Committee stand.

On 8/24/02, plaintiff appeals MX02-2803, NOTICE: Request a Grievance Statement from Mr. Brewer, Classification Admin. to verify the SAID advise given to Warden Harmon. Mr. Brewer is mistaken because if Classification Hearings did not require Due Process then there would be no reason for the "FORMALITIES" such as the so-called votes nor would there be a need for the A/s Review records- The review must be meaningful and the only way to ensure they are is to place Tape Recorders BACK in the meetings.

On 12/17/02, DDD to MX02-2803, Refused to address need for tape recorder, suggest I contact George Brewer, Appeal Denied.     (Exibit 38.)

NOTE: Motion For Discovery required to obtain Statement from George Brewer stating Classification Committee are Not Due Process Hearings.

(53.) On 7/23/02, plaintiff wrote, Ms. Erwin, MSU Grievance Officer, requesting to Know [IF]: All requested Attachment V. Statements were sent with MX02-2402, when fowarded to Pine Bluff, All Classification board members statements and escort Officers Cobbs and Garland.     (Exibit 39.)

NOTE: Motion For Discovery required to obtain each and every requested witness statements to MX02-2402.

(54.) On 8/18/02, plaintiff sent Hobbs a letter and a FOIA, request to Know if all statements I requested of MX02-2402 were attached to Grievance and if not attached WHY the Grievance Staff here at MSU failed to obtain statements, PER RECORDS.     (Exibit 40.)

(55.) On 8/21/02, plaintiff meet 60 day review, Requesting to Know if I could have contact visit with family members, Not had contact visit in 16 years, Denied Contact Visit, Denied Population as threat to security,   (Exibit 41.)

(56.) On 8/21/02, plaintiff writes MX02-3373, states, "On 8/21/02, at 60 Day Review, I tried to request from Warden Harmon a CONTACT VISIT, and was CUT-OFF and DENIED by Harmon. Been denied Contact visit for 16 years. All my Visitors are from OUT-OF-STATE, Florida, Oklahoma and Missouri.

11.

I usually only get one (1) visit Per Year because of the Distance. My Dear Mother is 78 years old! This is a Extremely Unusual Situation in the FACT & told I can't EVER get off A/s by Harmon and the VAST amount of time (16 years) since my last contact visit allowed by the ADC, also the Advanced age of my Dear Mom. This is Deliberate Disregard in allowing me close family ties. Prisoners in AR. do have a liberty interest in remaining in Population, this is Just ONE Example.

Request Statements from Committee Members.

On 12/17/02 DDD, denies appeal, no contact visits on A/s.  (Exibit 42.)

(57.) On 8/27/02, plaintiff submits MX02-3442, states, "Reference MX02-0725, (names) Warden Harmon and Chief Deputy Director Hobbs routinely tell me one (1) of the reasons I'm considered a "Threat to Security" is my history of murder in prison. Surely both of you realize that you are holding a Two (2) Decade old murder conviction against me. That by my record You Know I was punished with Punitive and A/s Time in 1982-83, for my actions. Since then I have been in Population at Cummins and MSU with numerous trusted jobs. Numerous other inmates in population have a history of "[PAST] Murder Convictions In Prison." Reprisal on two counts, #1.) I did the Punishment, Punitive and A/s Time, at the time of my crime and after. #2.) The Inmates who assaulted me on my assigned job have BOTH been in Population for numerous years, they assault me and they are in Population and the VICTIM is continued punished. This is Double Punishment/Jeopardy.

NOTE & Motion For Discovery required for plaintiff's work history record.

On 12/16/02, DDD to MX02-3442, Boiler plate Response, does not address the "WHY" of Continued use of past murder as a Sound Penological Reason to Keep on A/s. No Action Warranted.

(58.) On 8/28/02, plaintiff write MX02-3428, requesting Harmon quit holding and responding to grievances clearly marked on him.    ( Exibit 43.)

On 1/17/03, DDD to MX02-3428, Denies Appeal.    ( Exibit 44.)

(59.) On 9/2/02, plaintiff submits MX02-3482, states, "Reference MX02-0725, Warden Harmon and Chief Deputy Director Hobbs continue to state as reason to keep me placed on A/s, "Due to length of sentence", as one (1) of the three (3) reasons to keep on A/s. This is not a valid reason to keep anyone on A/s indefinitely. There are HUNDREDS of inmates with life sentences in population, throughout the ADC. Furthermore, plaintiff has been in population most of the years incarcerated and without a extensive disciplinary jacket. Case in point, I WAS NOT the aggressor in 1995, nor was I the inmate at fault and written up. Your desire to use "Due to length of Sentence", is unjust.

This is reprisal and places extreme vexations upon my mental and physical health being confined in A/S cell year after year when I was the one who was Assaulted, I've already been told by Harmon I have No HOPE of release from A/S.

Wherefore, for the above stated reasons I'm being discriminated against and your reasoning of "Due to length of Sentence", that Hundreds of Similar Situated inmates with my length of time DO NOT face. I was not a Threat to Security working my Kitchen Job.

On 12/16/02, DDD to MX 02-3482, states, "Find no need to re-address this same issue again.

(Exibit 45.)

(60) On 9/3/02, plaintiff submits MX 02-3755, states, "Reference MX 02-0725, Warden Harmon and Chief Deputy Director Hobbs continue to state as reason to keep me placed on A/S, "Threat To Security," for "[PAST] Drug Dealing Activities". However, there were Absolutely no drug dealing or drug possession disciplinary in my Jacket to state a claim of "Past Drug Dealing Activities," Probably a snitch trying to beat a disciplinary, names me. "Past Drug Dealing Activities", was NOT a issue before my assault as I worked in Kitchen. Reprisal and places extreme vexation upon my mental and physical health being confined year after year when I was one assaulted.

I am addressing each of your reasons on a individual BASIS, so that the Court System sees this upcoming litigation, they will Know the ADC Grievance System Farce.

On 1/16/03, DDD to MX 02-3755, states, "According to your institutional file you were charged and received disciplinary action for rule(s) violations 9-3/Possession/Introduction of any drug, narcotic intoxicant, chemical, drug paraphernalia not prescribed by medical staff. On 2/15/90, 1/20/94, 12/29/94 and 7/21/01. Based on the above information and supporting documentation no action is warranted from this level. Appeal Denied.

(Exibit 46.)

NOTE: On 2/15/90, 1/20/94, 12/29/94, all were dirty urine test; this is my [PAST] Drug Dealing Activity which I was assigned and Kept on A/S, a user.

(61.) On 7/21/01, inmate Tim Gilbert admitted the contraband in [His Possession] was his and on a statement said, "D. Williams #78730, he have not gave me anything on 7/21/01."

(Exibit 47.)

NOTE: Plaintiff filed a Retaliation Case against Moka/Sanders who wrote a Falsified Disciplinary in Jefferson County Court, Case No CV 2002-336-1-5, plaintiff did not appeal to AR. Supreme Court, chances slim he would prevail over the "SOME EVIDENCE STANDARD".

(62.) On 9/12/02, plaintiff submits MX 02-3689, Stating, "A.D. #01-11, Subject A/S, reference A.R. 836, page 4, (D.) (3.) clearly states, "NO inmate SHALL remain in a Seg. Classification, for more than one year unless he has been personally interviewed by the Warden. Also at the end of the 2nd and Each Additional year he MUST BE

13.

personally interviewed by BoTH Warden and Deputy Director," I have been treated extremely unusual in the fact I've only meet one "Warden's Review," on 10/10/01, and after over 3 years since return from Utah I have NoT as POLICY DICTATES been afforded my Process Due me as in over 3 years I should have been personally interviewed "he must be"; by both Warden and Deputy Director at least twice, by now, by Deputy Director as I was brought back from Utah in June of 1999, not once seen Deputy Director. A possibility of Release denied me, NoT once, but at least twice.

On 10/11/02, Asst. Warden Tommy James responds to MX02-3689, state, "You will be scheduled for the next annual review, which is tentatively scheduled for Dec, 2002."

On 10/17/02, plaintiff appeals MX02-3689, Names James failure to address the issue, WHY I have been denied the process due me, as ALL OTHERS, in the fact not meet Director's Review and denied the possibility at least twice of release since I've been returned from Utah for over 3 years as Policy/Procedure clearly state, Denied Process Due Me and Equal Protection

\* On 3/4/02, DDD to MX02-3689, states, "Because you were sent to East AR. Max Unit you did MERIT a director's review. Your complaint premature and totally unfounded. Appeal Denied.          ( Exibit 48.)

NoTE: Refused to add all my A/S Time (cumulated), was still doing ADC Max A/S Confinement.

(63.) On 10/23/02, plaintiff meet 60 day review, denied population as threat to security, (Note: Now Warden Marvin Evans).          (Exibit 49.)

\*(64.) On 12/30/02, plaintiff meet Director's Review (Ray Hobbs), denied population as threat to security.          (Exibit 50.)

NoTE: This is the [ONLY] director's review meet in five (5) years and eight (8) months since return from Utah on 6/28/99.

(65.) On 2/26/03, plaintiff meet 60 day review, denied population as threat to security. (Exibit 51)

(66.) On 3/26/03, plaintiff meet 30 day review, denied population as threat to security. (Exibit 52)

(67.) On 4/24/03, plaintiff meet 30 day review, denied population as threat to security. (Exibit 53)

(68.) On 5/21/03, plaintiff meet 30 day review, denied population as threat to security. (Exibit 54)

(69.) On 6/25/03, plaintiff meet 30 day review, denied population as threat to security, (Exibit 55.) Also (NOW) indicates a chronic inability to adjust in population; and Disciplinary Pending.

(70.) On 7/3/03, plaintiff meet 30 day review, denied population as threat to security and inmate indicates a chronic inability to adjust to population.          (Exibit 56.)

NoTE: Plaintiff at this point over seven (7) years A/s counting Utah and not afforded opportunity to see if does have a chronic Inability to adjust to Population. Plaintiff was in population the majority of his sentence [BEFORE] being assaulted on his Population Kitchen Job.

Also, plaintiff unsure if meet 30 day review for August 2003, do not possess a Review Form.

14.

(71.) On 9/2/03, plaintiff sent to Varner Super Max ("VSM").

(72.) On 9/19/03, plaintiff meet A/s Review (Asst. Warden Tim Moncrief) denied population as class IV, disciplinary history and good order of institution (threat to security). (Exibit 57.)
 Note: Dateson form ( 9/16/03 and 9/28/03) are different from when I was seen.

(73.) On 11/4/03, plaintiff meet 60 day review, denied population as threat to security and regain class II.
 (Exibit 58.)

(74.) On 12/5/03, plaintiff writes Warden Toney requesting class status timely, Request to be treated EQUALLY as all other similar situated inmates throughout the ADC, who do NOT have to wait 60 days between CLASS STEPS, only 30 days between class steps. ADC Policy, Procedures and even the NEW VSM Handbook shows we are to be [ALL] treated EQUAL and not Discriminated Upon. I request (Exception) so I can get my class and go before Clemency Board.
 (Exibit 59.)

(75.) On 12/9/03, plaintiff submits mx03-6439, states" That I am Not treated as Similar Situated Inmates throughout the ADC, Inmates are told must do 60 days (VSM) between each promotion of Class Steps, Instead of ALL other inmates who only do 30 days between each promotion of class. This is Discrimination and Punishment only VSM enforces, Stop Retaliation and treat equal, Reprisal forced upon me for my litigation against ADC, because of assignment to VSM.

 On 1/13/04, Asst. Warden Tim ("Moncrief") respond to mx03-6439, states," Ms. Walker, Classification Officer, advised that inmates assigned to A/s are scheduled for 60 day reviews by the classification officer unless an exception is made by the Warden, Asst. Warden, or Unit Manager."

 On 1/14/04, plaintiff appeals mx03-6439, Failure to address the issue, WHY treated differently from other ADC inmates pertaining to class promotion?

 On 4/26/04, DDD to mx03-6439, Gives a TOTAL RUN-AROUND the issue Playing a "WORD GAME".
 ( Exibit 60.)

(76) On 1/6/04, Plaintiff meet 60 day review, denied population as treat to security (Exibit 61)
 Note: Moncrief hold almost all 60 day reviews for VSM.

(77.) On 2/12/04, plaintiff wrote Hobbs pertaining to the VSM "Taking A Yard Call LIST," deprived out of cell time and being short-changed on days do get yard.
 Also denied writing instruments for legal work, write family, friends, religious organizations as I would if allowed pens or pencils. Request Help!   (Exibit 62.)

(78.) On 2/12/04, plaintiff submits vsm 04-0943, showing short-change on out of cell time, 10, 20, even 30 minutes at times, desire my one (1) hour out of cell stop harassment. I called the Cameras as a witness to show Time leaving and Returning to Cell.

On 3/5/04, Warden Grant ("Harris") responds to VSM 04-0943, states, "All inmates on yard call are given an opportunity to stay on the yard for one hour, although most days the inmates do not stay long because of cold weather."

On 3/10/04, plaintiff appeals VSM 04-0943, states, "I request my five (5) days per week, and one (1) hour per day out of my cell. I stay out whether rain, snow, sleet or sun. I'm NOT other inmates I desire to be out of these SLAMMED DOWN CONSTANT CELLS AS MUCH and as often as possible! When Officers tell you, "Catch the Cuffs," I catch the cuffs! I do not ask to go in early, but forced constantly to do so. For the past three weeks we were only given three (3) days out of cell time, instead of 5, and get short-changed on Time even THEN!

On 7/20/04, DDD to VSM 04-0943, agrees with Unit Level Response.     (Exibit 63.)

NOTE: Motion For Discovery required for Camera Tape between 1/1/04 and 2/12/04, directly in front of cell VSM 338.

(79.) On 2/12/04, plaintiff submits VSM 04-0944, on 2/12/04, Denied my "Out of cell time", however Captain Patterson was in the BKS, and told them to take me out. Hobbs has already ruled "NO LIST", Stop Retaliation and Discrimination because of my litigation upon the ADC.

Call camera to show my "YES YARD CALL", sign in Door Window which I never move.

On 3/1/04, Harris responds to VSM 04-0944, He refused to check camera to show which Officer denied yard, (BY Inactions),

On 3/3/04, plaintiff appeals VSM 04-0944, Don't Know officers names, check the Camera I called as witness, it would be shown.

On 7/12/04, DDD to VSM 04-0944, Advises the Warden to instruct staff to ensure that yard call is given according to policy,     (Exibit 64.)

(80.) On 2/22/04, plaintiff writes Moncrief, for the 3rd time, request dates 1/15/04, 2/5/04 and 2/22/04; 1.) Fix T.V.; 2.) Be allowed to watch stations we wish, As other units do; 3.) Forced to use the same (soiled/dirty) Jumpsuit for forty (40) days, written VSM laundry, time and time again, to no avail,     (Exibit 65.)

(81.) On 2/22/04, plaintiff writes VSM 04-1132, Concerning VSM forces inmates to place all clothes in [P]ersonal laundry bag. No other Unit Forces inmates to place outer wear (Jumpsuit and/or Pants & Shirts) in laundry bag. Not properly washed and dried, chemicals remain causing burning and rashes, No other unit forces this discrimination.

On 3/19/04, Harris responds to VSM 04-1132, Denies request,

On 3/22/04, plaintiff appeals VSM 04-1132, I request they test what I say for themselves. Please toss just one (1) sheet, 2 Boxers, 2 pair socks, towel and a jumpsuit in bag and see for yourself. Turned in same Jumpsuit three (3) times and not properly cleaned, much less dried.

On 7/24/04 DDD to VSM 04-1132, Agrees with Unit level, Appeal Denied. (Exibit 66.)

(82.) On 2/22/04, plaintiff writes VSM 04-1133, concerning forced to use same one Jumpsuit for 1½ months, denied clean clothing, Deliberate Indifference.

On 3/17/04, Harris respond to VSM 04-1133, All laundry must be placed in laundry bag. Jumpsuit replaced on 2/28/04.

On 3/18/04, plaintiff appeals VSM 04-1133, We [ALL] had been turning in our Jumpsuits [N]ot inside our [P]ersonal laundry bag. Took 1½ months to replace Jumpsuit.

On 7/24/04, DDD to VSM 04-1133, agrees with Unit level response. (Exibit 67.)

(83.) CO II T. Courtney's 1/4/04, letter makes [NO MENTION] we are now to start for the first time ever to place Jumpsuits in laundry bag, Jumpsuits as all outer clothes at [ALL] other units were not washed in laundry bag. (Exibit 68.)

(84.) On 3/9/04, plaintiff's sister (Cheryl Smith) uses computer to contact George Brewer, stating, "How come David was in population for years with a clean record before he was attacked an almost killed. He was the one nearly Killed and Continued Punished."
Brewer gives her same Boilerplate Response, Agrees A/s. (Exibit 69.)

(85.) On 3/9/04, plaintiff meets 60 day review, denied population as threat to security. (Exibit 70.)

(86.) On 3/22/04, plaintiff's sister again uses computer to send a letter to Brewer about plaintiff being buried on A/s and the Extremely Atypical Situation her brother subjected. Also discloses all the numerous Jobs/Functions plaintiff held for numerous years in population. Letter also sent to numerous politicians.
Brewer did not respond to 2nd letter, requesting Equal Treatment.   (Exibit 71.)

(87.) On 4/13/04, plaintiff meet 60 day review, denied population as threat to security. (Exibit 72.)

(88.) On 4/30/04, plaintiff submits VSM 04-1438, stating, " My Situation is Atypical as I am not given a opportunity for Population or Transfer, from VSM. What privileges are in place for a VSM A/s inmate? I am class I, highest I can earn, All other units chose the T.V. Station.

On 5/17/04, Harris responds to VSM 04-1438, stating, "Inmates that are assigned to A/s are [generally a behavior problem], denied request.

On 5/20/04, plaintiff appeals VSM 04-1438, I have been buried at VSM regardless of Class Status. Week in, week out I watch others go to population, transfer, go home, yet I'm told "No", I request this privilege.

On 9/20/04, DDD to VSM 04-1438, Denies Unequal Treatment, denies appeal. (Exibit 73.)

(89.) On 4/30/04, plaintiff submits VSM 04-1485, Request what policy and/or procedure is in place that I may be released to population or transfer to another ADC Unit? Considering I am Class One. What work program established so a inmate may go to population or transfer from VSM?

On 5/19/04, Harris responds to VSM 04-1438, No Policy/Procedure for a work program.

On 5/21/04, plaintiff appeals VSM 04-1438, Request EQUAL TREATMENT, VSM is hardship and punishment Unit! I want to know Precisely what it takes to be released from VSM? THUS, since the VSM Program BKS, have "Guidelines," in place for release, so should VSM A/S, esp. considering program BKS, are Supposedly Major Problems.

On 9/20/04, DDD to VSM 04-1438, Denied Appeal.   (Exibit 74.)

(90.) On 5/12/04, plaintiff submits VSM 04-1553, Complains of health and well being concern passing a COMPLETELY UNSANITARY scrub pad from cell to cell, inmates bragging on tier about filth they place on pad then hand to cop.

On 7/13/04, Warden responds to VSM 04-1553, NOW safe and sanitary measures are being taken to resolve problem.

On 7/15/04, plaintiff appeals to VSM 04-1553, For months DENIED ACCESS to toilet brush, then start passing same scrub pad cell to cell, now we are issued a TINY 2" x 2" piece of scrub pad, its ridicules!

On 10/25/04, DDD to VSM 04-1553, finds Merit to Grievance and corrective action taken to resolve problem.   (Exibit 75.)

(91.) On 5/13/04, plaintiff writes Captain Patterson about the practice of yard call [LIST] taking and his officers refusal to give yard until Ms. Conrad asked them to take me out. All know I always go out, request to be placed on a "Permanent List."   (Exibit 76.)

(92.) On 6/6/04, plaintiff submits VSM 04-1690, [Supposedly] I was ONLY shipped to VSM A/S (RE8 VSM 03-4137), to fill available bed space AND NOT as a Punishment means. When leave cell MUST BE SHACKLED at this A/S Unit! No other ADC A/S required me shackled and certainly NO OTHER A/S UNIT required me to be strapped down in a chair to be transported down the hall way! I have NOT MERITED BY ACTIONS more restraints. This is Reprisal Punishment Tool for my litigation actions.

On 7/6/04, Harris responds to VSM 04-1690, state, "Restraint chair is only used as a precaution against assaultive disruptive, self-injuries behavior

safety acts of sexual misconduct. The restraint chair is a devise used to safeguard inmates by reducing their potential to inflict physical harm to themselves, other inmates or facility staff. [FOR YOUR OWN SAFETY] you will continue to be shackled and escorted to and from VSM unit in the restraint chair.

On 7/7/04, plaintiff appeals VSM04-1690, The [Precautions] Mentioned Do Not Pertain to my Conduct/Actions. Have I been assaultive disruptive? No! Have I shown any behavior to Self Injury? No! Have I had acts of sexual misconduct? No! My behavior has EVERYTHING TO DO with Invoking the useage of shackles and restrain chair! Shackles and then add to that placed in chair we/I am a sitting duck with Zero opportunity to defend myself as I'm well aware Police will "Catch a hat when something major goes down!" Well Known Fact! Never has the hallway been cleared totally when I went down it. FACT! Regardless, what have I personally done to NOW MERIT SHACKLES? What have I done personally to MERIT restraint chair? This is Mental Anguish [TORMENT] and yes Retaliation and Punishment.

On 10/5/04, DDD to MX04-1690, Denies Appeal.      (Exibit 77.)
NOTE: Plaintiff's was Blindsided/Sneak Attack on his Population Job, [IF] I HAD NOT BEEN ABLE TO DEFEND MYSELF, I WOULD BE DEAD. So this ISSUE is Extremely Personal!

(93), On 6/6/04, plaintiff submits VSM 04-1691, why are VSM A/s inmates forced to remain shackled on visitation? No other A/s forced to visit shackled I got bad feet, ankles, knees and legs, Ankles swollen and all Know I got these problems.

On 6/30/04, Moncrief responds to VSM 04-1691, Steps taken to correct problem.

On 7/2/04, plaintiff appeals VSM04-1691, I+ sure seems a coincidence this Policy started, "Only After," my visit [NOW] you wish to stop this PRACTICE! Totally Amazing Coincidence, Only get visit once a year, maybe twice if X-TRA Blessed. These Acts were Cruel and Unusual, Retaliatory and Discrimination.

On 10/4/04, DDD to VSM 04-1691, Agrees with Unit level response. (Exibit 78.)

(94,) On 6/16/04, plaintiff meet 60 day review, denied population, threat to security. (Exibit 79.)

(95,) On 7/4/04, plaintiff submits VSM 04-1892, THE ISSUE: WHY ARE VSM A/S TREATED VASTLY DIFFERENT FROM ALL OTHER ADC MAX A/S? [Supposedly] I was ONLY shipped to VSM A/s (refer to Grievance VSM 09-4137), to fill available bed space AND NOT as a [PUNISHMENT MEANS!] YET there remains VAST differences in Max A/s, the following is a list of these

19.

differences inforced only upon VSM A/s which I consider as discrimination and retaliation upon me as denied Population, Transfer, Etc., regardless of Class One and Good Behavior. Please Explain "THE WHY", of this inforced on VSM A/s? #1.) Shackles and strap to cuff for BKS, movement and use of Restraint Chair for movement down the hallway. #2.) Forced to submit Telephone Approval Forms to use Phone, 2 call per week limit. #3.) ONLY ONE (1) Phone for BKS, of 78 inmates, yet all other similar situated MAX A/s have three (3) Phones for ONLY a BKS, of 54 Inmates. #4.) Denied writing instruments from Chaplain, School and law library "As Needed", Nor issued Pen "ONCE" a month from store (NOTE: The Ink Pen Issue[MAY] Be Resolved after 1½ years of Grievances.) #5.) Only allowed store once per week; limited to spending $25.00 per week instead of $55.00. #6.) Class Promotion 60 Days instead of 30 days, A/s 60 Day Review instead of 30 DAY REVIEW. #7.) No Pictures for A/s Visits. #8.) Forced to place outer clothes in Laundry Bag and issued Bulky Jump-Suit Instead of Pants and Shirt. #9.) Not allowed to Vote on T.V. Channels. #10.) Shown same institutional movies over and over AGAIN, Same Movies.   These are the VAST Living Condition Differences Inforced ONLY UPON VSM A/s, No other A/s!   WHY? NOT Punishment? Reprisal for litigation, Discrimination as VSM invokes measures No Other A/s inforces!

On 7/27/04, Harris responds to VSM 04-1892, Under A.R. 835 and A.D. 97-08 Inmates are allowed to present one issue at a time and not multiple issues. If you wish to present more than one issue, you must do so on separate forms.

   NOTE: #1.) Harris refused to address my Clearly Presented ISSUE, the numbered items were EXAMPLES of the Fact.
   #2.) Nor did Harris pick one (1) Example and address.
   #3.) When filing Medical Grievances we can file "Multiple Different Issues", per grievance. Plaintiff gave opportunity to address ISSUE.

On 7/28/04, plaintiff appeals VSM 04-1892, I was Specific in listing the [ISSUE] Single issue! WHY are we treated VASTLY Different from all other ADC Max A/s? Listed are the EXAMPLES inforced at this Unit that are not invoked at any other unit. This A/s is set up for punishment means and EXAMPLES bring to LIGHT The ISSUE, this is a Punishment ADC A/s Unit. The [ISSUE] Is this A/s is a Punishment Means!

On 10/21/04, DDD to VSM 04-1892, Agrees with Unit Level. (Exibit 80.)

(96.) On 8/17/04, plaintiff writes a Affidavit to Hobbs. I have PRO-CLAIMED Numerous Times I NEED OUT THIS CELL AS MUCH AS POSSIBLE! Emotionally and Physically! On 8/4/04, I was told I have Hepatitis C which shall Kill me as CMS refuses to treat. My Knowing this is a horrible way to die is a EXTREME TORMENT, esp. in LIGHT it could be treated!

On Friday, 8/13/04, Denied Yard. On Monday, 8/17/04, again denied YARD CALL by the Practice of YARD CALL LIST taking. On Friday, 8/20/04, Check Camera, approx. 7:25 A.M., Yard Ran, brought in at 7:50 A.M., then they Just sit at the table laughing and talking! Makes No Sense, except for MALICE! Only afforded 25 minutes,                    (Exibit 81.)

(97.) On 8/18/04, plaintiff meet 60 day review, denied Population, threat to security (Exibit 82.)

(98.) On 9/13/04, plaintiff wrote a Notarized Affidavit to Director Larry Norris and sent a "Carbon Copy," to all named Defendants. This is to make shown and Known the Ongoing Constitutional Violations. The ADC assigned me to A/S Dec. 1995. I was shipped to Utah in Jan. 96, A/S in Utah, brought back to AR. in June, 1999. Placed and Kept on A/S, Had/Have meaningless A/S Reviews, been back from Utah 5 years and 3 months and only seen ONE(1) Director's Review! Yes, I was sent to Brickey Unit for 2 weeks, Returned to MSU, then sent to VSM over a year ago. Courts have held "CUMULATIVE TIME MUST BE FACTORED!" My Situation is Highly Atypical, well over the 305 day Sandin v. Conner Standard! These Actions are Cruel and Unusual Punishment, Due Process Violations and Retaliatory, Arbitrary, Capricious and Malice Intent for my years of litigation. The reasoning holding me on A/S is a FARCE! And this is MENTAL TORMENT, NO SUN in Over A YEAR, People need Sun! Kept in CONFINED CELL 23 hours a day, Year after Year, ON & ON! And now Know I Got HCV! And Refused Treatment, on my mind all Day L___ONG! (Exibit 83.)

(99.) On 9/20/04, plaintiff submit grievance VSM 04-2519, "Request Addressed by Director Norris," and NAME ALL DEFENDANTS and JOB TITLES. This is a Verbatim Grievance of (Number 98) Notarized Affidavit dated, 9/13/04 to Director Larry Norris (Exibit 83).

On 10/15/04, Harris responds to VSM 04-2519, again refuses to address the issue,

On 10/19/04, plaintiff appeals VSM 04-2519, I clearly Requested that Addressed by Director Norris. I clearly state, "This issue has already been Addressed Unit Level and Deputy Director Ray Hobbs. The Single Issue CLEARLY ADDRESSED: The ADC is in Violation of Const. Rights to Meaningful reviews and the ATYPICAL STANDARD inforced upon me by Keeping me on A/s For YEARS ON END! These Acts are Retaliatory for my LITIGATIONS! Cruel & Unusual. THUS, this be addressed by Director Larry Norris.

On 1/6/05, DDD to VSM 04-2519, states, "After my review of all documents submitted to this office, I find no evidence to substantiate your allegations of retaliation in your assignment to A/s, due to filing litigation.

Therefore, this grievance is found to be without Merit and no further action will be taken. Appeal Denied.                    (Exibit 84.)

(100.) On 10/20/04, plaintiff meet 60 day review denied transfer or Release to Population as threat to security.
                                                    (Exibit 85.)

(101.) On 11/1/04, plaintiff again writes Hobbs about the Arbitrary taking of "Out of Cell Time", on 11/1/04, because of Yard "LIST,"    (Exibit 86.)

(102.) On 11/23/04 plaintiff meet 60 day review denied transfer or Release to Population as threat to Security.
                                                    (Exibit 87.)

(103.) On 1/26/05, plaintiff meet 60 day review denied transfer or Release to Population as [P]robably Threat to Security, held by Warden Harris, (Not received Review Form).

(104.) Plaintiff claims: (1.) There is no valid rational connection to government interest to subject plaintiff to Indefinite A/s Confinement with meaningless classification reviews, the Denial of Yearly Warden's Review, the Denial of Yearly Director's Review after being assigned to A/s over 2 years in violation of mandatory language, ADC Directives referenced to A.R. 836 which is part of the substantive law of the State of AR. Violating liberty interest to remain in population and free from Indefinite A/s Confinement; Violation of the Due Process Clause of 14TH Amendment; Violation of the Equal Protection Clause of the 14TH Amendment as other Similar situated Max A/s inmates are afforded the opportunity to meaningful 60/30 day reviews, Warden's Review and Director's Review.

(2.) Plaintiff has no other option if desire my Const. Rights remain open to me, in fact Two (2) of named defendants "Claim" they have tried to help plaintiff obtain relief and both stated EXACT SAME THING, "Pine Bluff (ADC Central

office) has you held on lockdown", which discloses the farce of "Meaningful Reviews"

(3.) There is nothing to impact other inmates or guards or the allocation of prison resources. The ADC has Approx. eighteen (18) male prisons and in fact George Brewer states, "Brought back from Utah after East AR Regional Unit was opened." The ADC could easily have moved those who supposedly fear plaintiff will retaliate. Branscomb who assaulted plaintiff is at EARU. The inmate plaintiff assaulted is housed at same Unit (VSM) as plaintiff. Transfers occur several times daily, throughout the week.

(4) Finally, the Pre-Existence of easy, rather than hard alternative, does demostrate the procedure as a exaggerated response. Brewer admits brought back to AR, after EARU opened and the FACT there are 18 male prisons in AR, readily available alternative(s) which would accommodate prisoner's needs. Transfers happen numerous times daily, business as regular.

(105.) Plaintiff claims EVEN IF TRUE of [PAST] Drug Dealing Activities the VAST MAJORITY of these Drug Dealers are not subjected to INDEFINITE A/s Confinement, many are not subjected to any A/s Confinement.

(106.) Plaintiff claims there are hundreds if not over a thousand inmates serving life sentences in population, who are not subjected to Indefinite A/s Confinement.

(107.) Plaintiff claims that the reasoning of holding on A/s Indefinitely for [PAST] (Jan. 1982) murder conviction is a complete FARCE. Indeed, plaintiff was working on assigned population kitchen Clerk Job when Security allowed Branscomb to sneak in kitchen and with the help of Dixon assaulted Plaintiff. Plaintiff has held numerous population jobs (many trusted Jobs) at Cummins and MSU since the Jan. 1982 Incident. Plaintiff did his Punishment for this crime in 1982-83, Punitive and A/s Assignment Sentences. Plaintiff believes he does not have [ANY] violent acts (Fights) in his Prison Record beyond 1982. There are numerous inmates in Population with Past Prison Murders and Prison Assaults, who are NOT subjected to Indefinite A/s Confinement.

(108.) Plaintiff claims that Officials/Supervisors Knew, but continued to ignore with reckless disregard the violations of Const. Rights to Due Process and Equal Protection of the 14TH Amendment, that the law was clearly established, Cumulative Confinement Must Be Aggregated and Indefinite A/s Confinement is unconstitutional.

23.

(109.) Plaintiff claims: (1.) A liberty interest by the state of AR. to remain in population and be free from indefinite A/s Confinement and by the Due Process clause of the 14th Amendment;

(2.) That this indefinite A/s Confinement with meaningless 60/30 day reviews, the lack of Yearly Warden's and Director's Reviews shows the defendants) deprived him of that interest as a result of insufficient process, that the restraint at issue imposes Atypical and Significant Hardship on the plaintiff in relation to the ordinary incidents of prison life.

(110.) Plaintiff claims that whether the Court cumulates the indefinite A/s confinement from: (1.) December 1995, when plaintiff assaulted and placed on A/s; (2.) When plaintiff placed on A/s in Utah, in 1996; (3.) OR from return to ADC on 6/28/99, Regardless what ADC Max A/s still confined to cell 23 plus hours each day. Well over the 305 DAYS Standard set by the Courts as imposes Atypical and Significant Hardship.

(111.) Plaintiff claims denied Equal Protection both Branscomb and Dixon involved in assaulting plaintiff have been in population for [NUMEROUS] years, [THE SAME INCIDENT] VICTIM Punished, Attackers Rewarded, all three of us were in population.

(112.) Plaintiff claims denied Equal Protection as all other A/s inmates are not confined indefinitely without meaningful 60/30 day reviews, Warden's and Director's Yearly Reviews; Indefinite A/s Confinement for [S]upposedly drug dealing activities and/or actually caught dealing or in possession of drugs; That hundreds if not over a thousand lifers are in population not subjected to indefinite A/s Confinement; And that numerous inmates are in population (As plaintiff was before being assaulted) who had [PAST] murder convictions.

(113.) Plaintiff claims denied Equal Protection as VSM A/s is a Punishment Unit, All other Max A/s, A/s and Population are Not Subjected to the Tactics/ Harassment Employed on VSM A/s inmates, (plaintiff sent to VSM A/s [S]upposedly to only fill bed space, not punishment), (Numbers (33.) and (95.)).

(114.) Plaintiff claims that the facts in this case which are also related to Williams v. Bradley, et al., Case No. 5:05 CV 000 10, are used as Examples to show significant hardship and atypical situation. Plaintiff is hopefully clear he has no desire to bring a obviously repetitive litigation. This is a Suit Clearly Defined as, "Cumulative A/s Indefinite Confinement" and the denial to treat VSM A/s Similar to other Max A/s, A/s and population.

This second suit arises from significantly different facts with some factual overlap and plaintiff does not want to violate any "Res Judicata and/or Collateral Estoppel" doctrines,

(115.) Plaintiff Claims he has Exhausted all grievances through Administrative Remedies to their Final Ends.

(116.) Supervisors are responsible for acts of employees they failed to train, supervise, direct or control their employees amounts to Deliberate Indifference.

## STATEMENT OF CLAIMS

(117.)  The Actions/Inactions of Harmon, James, Evans, Harris and Moncrief who denied meaningful periodic evaluations of plaintiff's case by reference to appropriate standards/criteria, by which good behavior plaintiff Afforded A Opportunity for release to population shows the A/s 60/30 day reviews are mere SHAMS with no practical value.

The Actions/Inactions of Harmon, James, Evans, Harris and Moncrief to ensure/schedule the mandatory Yearly Warden's and Director's Review are held to Afford plaintiff these opportunities for release to population.

These Actions/Inactions show Deliberate Indifference to plaintiff's rights to be free from Due Process and Equal Protection Clause Violations of the 14TH Amendment, Indifinite A/s Confinement, Refusal to Cumulate all A/s Confinement Time. Harmon, James, Evans, Harris and Moncrief are sued in their individual and official capacities.

(118.) The Actions/Inactions of Norris, Hobbs and Brewer to properly train, supervise or interven and take appropriate corrective measures by ensuring meaningful periodic evaluations of plaintiff's case by reference to appropriate standards/ criteria, by good behavior plaintiff afforded a opportunity to release to population with 60/30 day reviews which are not mere SHAMS with no practical value.

The Actions/Inactions of Norris, Hobbs and Brewer to ensure the mandatory Yearly Warden's and Director's Reviews are scheduled/held to afford plaintiff these opportunities for release, to population.

These Actions/Inactions shows Deliberate Indifference to plaintiff's rights to be free from Due Process and Equal Protection Clause violations of the 14TH Amendment, Indifinite A/s Confinement, Refusal to cumulate all A/s Confinement Time. Norris, Hobbs and Brewer are sued in their individual and official capacities.

(119.) The Actions/Inactions of Harris, Moncrief, Norris, Hobbs and Brewer to Ensure VSM A/s inmates are treated Equally to all other Max A/s, A/s and population and their use of VSM A/s as a Punishment Unit with Harassment and Deprival

of privileges all other similar situated ADC inmates are afforded. Plaintiff and indeed all VSM inmates on A/s are Denied Equal Protection in Violation of the Equal Protection Clause of the 14TH Amendment. (See: Numbers (33.) and (95.) )( (77.), (78.), (79.) ) Harris, Moncrief, Norris, Hobbs and Brewer Sued in their Official Capacity.

## REQUESTED RELIEF:

(120.) ISSUE A DECLARATORY JUDGMENT STATING THAT:

(1.) Declare the individual and collective actions/inactions of each defendant unconstitutional and in violation of plaintiff's rights.

(2.) Declare that the ADC Cease the "CONSTANT" Consti. Right Violations as plaintiff is only one (1) person and cannot Keep up with all the endless violations he continues to face, But For seeking Rights and Redress of wrongs.

(3.) Declare the Indefinite A/s Confinement Cease and plaintiff is placed in population in one of the ADC 18 male prisons.

(4.) Declare the discriminatory class promotion practice inforced only on VSM A/s inmates cease. That VSM A/s inmates be allowed class promotions every 30 days between step classes (class 3 to 2 and 2 to 1) instead of the Arbitrary 60 days between step classes [ONLY] Invoked on VSM A/s.

(5.) Declare VSM A/s be afforded 30 day A/s Review as all other Max A/s do. Instead of the Arbitrary 60 day review.

(6.) Declare VSM/A/s inmates the same privileges all other Max A/s, A/s inmates, (See: Numbers (33.) and (95.) ( (77.), (78.), (79.)

(7.) Declare plaintiff not to again be transferred to another state until this case has run its course in the Judicial System and is resolved.

(8.) Declare Tape Recorder "Replaced" in any/all Classification Committee Meetings as Proof of meaningful reviews and due process rights.

(9.) Declare the ADC immediately set Standard/Criteria for A/s limits on time for Rule Violations and NO Rule Violations, Cease Arbitrary A/s Indefinite Confinement Practice.

(10.) Declare lifers on A/s are to be afforded the SAME opportunity to take Anger Management and SATP, the same as parole eligible inmates on A/s.

(11.) Declare meaningful mental health assessments every 90 days, for all A/s.

(121.) MOTION/ISSUE FOR A PRELIMINARY INJUNCTION:

(1.) PROHIBIT plaintiff not to again be transferred to another state until this case has run its course in the Judicial System and is resolved.

(2.) Order ADC to Immediately cease Indefinite A/s Confinement and place Plaintiff in one of the ADC's 18 male Prison Populations.

26.

(3.) Order ADC to Immediately cease Violating plaintiff's rights.

(4.) Order ADC to Immediately cease the discriminatory class promotion practice at VSM.

(5.) Order ADC to Immediately begin 30 day review for A/s, as all other Max A/s.

(6.) Order ADC to Immediately begin allowing VSM A/s the same privileges and the harassment/punishment tactics cease, no other Max A/s faces, (see: (33.) and (95.) (77-79)

(7.) Order ADC to Immediately "Replace" Tape Recorder in any/all Classification Committee Meetings as proof of meaningful reviews and DUE PROCESS RIGHTS, the same as Due Process for Disciplinary Hearings.

(8.) Order ADC to Immediately set Standard/Criteria for A/s limits on time for rule Violations and NO Rule Violations, Cease Arbitrary A/s Indefinite Confinement Practice.

(9.) Order ADC to Immediately allow lifers on A/s Anger Management and SATP programs.

(10.) Order ADC to Immediately begin meaningful mental health assessments, every 90 days, for all A/s.

(11.) It is always in PUBLIC Interest that Government official obey const.

(12.) Plaintiff will suffer more than officials if injunction not granted.

(122.) <u>AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:</u>
Order Jointly and severally defendants Harmon, James, Evans, Harris, Moncrief, Norris, Hobbs and Brewer to PAY Compensatory damages by the IDENTIFYING STANDARD OF REVIEW AND CITING CASES SUGGESTING AN APPROPRIATE DAMAGE RANGE FOR LOCKUP TIME IS BETWEEN $25.00 and $129.00 PER DAY.

(123.) <u>AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:</u>
Order each defendant to pay punitive damages in the Amount of $10,000.00 EACH, So that each named defendant might learn to RESPECT the Constitutional Rights of others and that an EXAMPLE be made that others operating under color of state law will be forced to think about the consequences of their ACTIONS.

(124.) Award any Nominal Fees, Reasonable Attorney Fees, Any/All Just Relief which Plaintiff may be entitled.    It is so prayed!

(125.) That on 1/28/05, Sgt. Birchfield arbitrary denied "Out of Cell Time," by the Practice of "LIST" taking before the BKS. lights come in A.M. and Plaintiff's sign in door and yelling "YARD CALL", TO NO AVAIL, Yard ran approx. 3 hours later for BKS. (see: (77-79.)

Pursuant to 28 U.S.C. §1746, I declare under Penalty of Perjury that the foregoing is TRUE and CORRECT.

Executed this 1ST day of February, 2005, by Prison Mail

*David Williams*
David Williams #78730
P.O. Box 400, VSM
Grady, AR. 71644-0400

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

David Williams                                                    Plaintiff

Case No._____
V.

Larry Norris, Ray Hobbs, George Brewer, Greg Harmon,     Defendants
Tommy James, Marvin Evans, Grant Harris and Tim Moncrief

## DECLARATION IN SUPPORT OF REQUESTED MOTION/ISSUE FOR A PRELIMINARY INJUNCTION

Comes, David Williams, being duly sworn, deposes and states:

1. I am the plaintiff in this case. I make this Declaration in Support of requested Motion/Issue For a Preliminary Injunction.

2. The only Adequate Remedy to Protect plaintiff is Injunctive Relief and I will continue to suffer irreparable harm by the violation(s) of his Constitutional Rights.

3. That the ADC may again invoke the use of a Interstate Compact Transfer to Deprive and Punish plaintiff of close family ties and the need to PROHIBIT the ADC from this course of action until this case has run its course in the Judicial System and is resolved.

4. That the ADC immediately cease Indefinite A/s Confinement and place plaintiff in one of the ADC's 18 male Prison General Populations.

5. That the ADC immediately cease violating plaintiff's Constitutional Rights.

6. That the ADC immediately cease the discriminatory class promotion at VSM by Forcing VSM inmates on A/s to do a extra thirty (30) days between class promotion steps not invoked on Max A/s, A/s or Population, follow policy.

7. That VSM A/s begin A/s 30 day review, as all other Max A/s, instead of 60 Days.

8. That VSM A/s allowed the same privileges and the harassment/Punishment Tactics Cease which NO OTHER Max A/s are subjected to and as I was told "Only Sent To VSM A/s to fill available bed space and not to Punish," (See: Numbers (33.), (95.), (77-79)).

9. That the ADC [REPLACE TAPE RECORDER] in any/all Classification Committee Meetings as Proof of meaningful reviews (NOT SHAMS) and DUE PROCESS RIGHTS ARE MEET and IRREFUTABLE RECORDS ARE KEPT, the same as Due Process for Disciplinary Hearings.

1.

11. On 10/27/99, I meet A/s ("60 day review") committee, denied Population as T. to S.   Ex. 8

12. On 12/29/99, I meet 60 day review, denied population as T. to S.   Ex. 9

13. On 2/23/00, I meet 60 day review, denied population as T. to S.   Ex. 10

14. On 4/26/00, I meet 60 day review, denied population as T. to S.   Ex. 11

15. On 6/22/00, I meet 60 day review, denied population as T. to S.   Ex. 12

16. On 8/23/00, I meet 60 day review, denied population as T. to S.   Ex. 13

17. On 9/29/00, I was transferred to EARU-Max A/s, served a Classification Notice for A/s Review, the reason being a T. to S.   Ex. 14

NOTE: I was kept at EARU-Max, A/s, for approx. 18 days, denied yearly Warden's Review as assigned to MSU A/s on 6/30/99, did not meet Warden's Review until 10/10/01.

18. On 10/16/00, I was returned to MSU and Classification Committee placed me back on A/s, as T. to S. (Note: Never left A/s Status.)   Ex. 15

19. On 12/20/00, I meet 60 day review, denied population as T. to S.   Ex. 16

20. On 2/14/01, I meet 60 day review, denied population as T. to S. and history of assault on other inmates,   Ex. 17

21. On 4/18/01, I meet 60 day review, denied population as T. to S. and history of assault on other inmates,   Ex. 18

22. On 6/13/01, I meet 60 day review, denied population as T. to S. and history of assault on other inmates, held by Asst. Warden James. I requested older inmates be placed in cells next to me that young inmates were always rapping and talking about homosexuality. Denied Request.   Ex. 19

23. On 8/15/01 I refused to meet 60 day review, denied population as T. to S,   Ex. 20

*24. On 10/10/01, I meet Warden's Review, denied population as T. to S.   Ex. 21

25. On 12/12/01, I meet 60 day review, denied population as T. to S.   Ex. 22

26. On 2/8/02, I wrote Mental Health Engstrom requesting 'Anger Management',   Ex. 23

27. On 2/8/02, I wrote Mr. Guirl, SATP, requesting to take SATP,   Ex. 24

28. On 2/13/02, I meet 60 day review, denied population, held by James, T. to S.   Ex. 25

29. On 2/17/02, I wrote Grievance ("MX") 02-0689, requesting tape recorder in Classification so that records are kept as 'Proof of Professional Conduct and Periodic Review every 60 days is meaningful as layed down ordered under the Due Process Clause, Warden Harmon's refusal to discuss reason(s) for continued A/s and no programs or rehab opportunities, 60 day review held 2/13/02. Was respectfully requesting when Warden ("Harmon") cuts me off and starts yelling, "Get him out of here, Get him out of here." So Job performance may be evaluated: Place tape recorder in classification committee so accurate records of review are available; On 6/25/02, Deputy Director's Decision ("DDD")

to MX02-0689, Please be advised Harmon denies your allegations and you provide no factual evidence and/or corroborating information in this grievance to indicate that your 60 day reviews are not being conducted in accordance with proper policy and procedure. No merit, no action taken.                    Ex. 26

30. On 2/20/02, I submitted MX02-0725, Requesting guidelines for continued A/s, that the Boilerplate Response of "T. to S.", Justification for continued A/s. #1) Request Policy & Procedure, Standards set concerning A/s limits on-time for Rule Violations and No Rule Violations. #2) Request program began so inmates Harmon states, "A unanimous decision was made by Unit Classification Committee, based on your institutional record for you to remain on A/s; On 3/26/02 I appeal, "Over 6½ years straight on A/s, nearly 3 years since returned from Utah A/s and No CRITERIA setforth by Continued Good BEHAVIOR for release; On 7/5/02 DDD No Policy or Procedure to work way off A/s, Criteria. Appeal Denied.
                                                                              Ex. 27
31. On 3/1/02, I submit MX02-0894, Wrote Mental Health Engstrom and SATP Guirl neither responded to my request to take Courses. Policy states suppose to be seen by Mental Health every 90 days, seen once in close to 3 years, Request EQUAL PROTECTION take Courses and psychological assessments every 90 days; On 4/1/02 Harmon says, Engstrom said, I am on wait list for Anger Management; On 4/7/02, I appeal, Engstrom states PAROLE people have top priority, told him I only get to go up for Clemency every 4 years, just as important to me as parole people, Harmon did not address SATP, want completed programs in my jacket for Clemency; On 7/19/02 DDD states, Engstrom states on AMP list being observed by naturalistic evaluations by Mental Health at 60 day review. Appeal Denied.
                                                                              Ex. 28
32. On 4/8/02 I mail a Freedom of Information Act ("FOIA") to George Brewer requesting and A.R., A.D., Policy, memorandum for A/s Criteria.
                                                                              Ex. 29
33. On 4/10/02, Brewer responds stating No Criteria to work way off A/s.          Ex. 30

34. On 4/17/02, I submit MX02-1543, Names Warden James, my requesting Criteria/ Standard for release from A/s to population how many days, months, years, programs, etc.; On 5/14/02 Harmon states Brim gave you form, Resolved; On 5/18/02 I appeal, not received correct copy; On 9/3/02 DDD, The Classification Committee Review is the only standard for possible A/s Release. Appeal Denied.
                                                                              Ex. 31
35. On 5/7/02, I send a letter to "High Security Housing Counselor," request interview, Ex. 32
36. On 5/7/02, I send a FOIA to Harmon requesting name of High Security Housing Counselor and regular hours.
                                                                              Ex. 33

37. On 6/9/02, I submit mxo2-2254, requesting who is High Security Housing Counselor and want to know Any/All Bible Study Certificates in my Jacket, Chaplain Shaw says they are in my Jacket; On 6/21/02, Harmon says Chaplain Shaw & Mental Health are Qualified Counselors and no Bible Study Certificates in Institutional File; On 6/26/02 I appeal, did not ask who was Qualified I asked Who is assigned to High Security Housing Counselor, Also someone is lying Chaplain says Certificates in Jacket, Harmon states NO; On 10/16/02 DDD gives me run-a-round on both issues, appeal denied.                  Ex. 34

38. On 6/13/02, I request mandatory psychiatrist review 30 days before I apply for clemency and again request Anger Management Course.                  Ex. 35

39. On 6/19/02, I meet 60 day review, denied population as T. to S.                  Ex. 36

40. On 6/19/02, I submit MX02-2402, Harmon states as long as he is Warden I'll never get off A/S, No Meaningful Reviews, called all employees present at 60 day review to write grievance witness statements concerning Harmon's TYRANNIC RESPONSE, Also RENEW request for Tape Recorder in Classification; On 10/28/02, DDD Boilerplate Response, makes no mention of what my REQUESTED WITNESSES STATE, Nor ADDRESS NEED for TAPE RECORDER.                  Ex. 37

41. On 7/16/02, I submit MX02-2803, I received response to mxo2-0689, on DDD he states, "You provide no factual evidence and/or corroborating information," #1.) There is no stenographer, #2.) There is no tape recorder. Not afforded same Due Process as Disciplinary Court Proceedings; On 8/21/02 Harmon responds to grievance clearly marked on him, stating Brewer states, "Classification Hearings are not Due Process Hearings," no need for tape recorder; On 8/24/02, I appeal, request statement taken from Brewer he actually said not Due Process Hearing, if no Due Process there would be no need for "FORMALITIES", such as so called votes; On 12/17/02 DDD Does not address need for tape recorder, suggest I contact Brewer.        Ex. 38

42. On 7/23/02, I wrote, MSU Grievance Officer Erwin requesting to know [IF] & ALL requested Attachment V. Statements were sent with MX02-2402, when forwarded to Pine Bluff, All Classification board members statements, escorts Cobbs & Garland.        Ex. 39

43. On 8/18/02, I sent Hobbs a letter and a FOIA, request to know if all requested statements attached to MXO2-2402 & if Not, Why not.                  Ex. 40

44. On 8/21/02 I meet 60 day review, requesting to know if I could have contact visit with family, not had contact visit in 16 years, Denied contact visit and Population as T. to S. Ex. 41

45. On 8/21/02 I write MX02-3373 Requested contacted visit today at 60 day review denied Contact Visit for 16 years, usu. one visit per year, Mom is 78 years old, Harmon already stated I can not get off A/S, Extreme Unusual Situation, AR, Prisoners have a liberty interest to remain in population this is one Example; On 12/17/02, DDD denies Contact visits on A/S,                  Ex. 42

46. On 8/27/02 I submit MX02-3442 request a Sound Penological Reason why holding a [PAST] murder conviction (2 decades old) against me as reason for continued A/s; on 12/16/02 DDD denies appeal.                                                   Ex. 43

47. On 8/28/02 I write MX02-3428 requesting Harmon quit holding & responding to grievances clearly marked on him; On 1/17/03 DDD Denies Appeal.                        Ex. 44

48. On 9/2/02, I submit MX02-3482 request reason why holding length of sentence against me as reason to remain on A/s, hundreds in population with life sentences as I was in Population before being assaulted; On 12/16/02 DDD finds no reason to readdress issue.  Ex. 45

49. On 9/3/02, I submit MX02-3755 request reason why holding a [PAST] drug dealing activity against me as reason to remain on A/s there were absolutely no drug dealing or drug possession disciplinary in my Jacket to state claim of "Past Drug Dealing Activities," and was NOT a issue when I was working on my Kitchen job; On 1/16/03, DDD brings up 3 Dirty Urine Test (user) and a event on 7/21/01 (which does Not pertain to assignment reason of [PAST] drug dealing activities and the Contraband found on another inmate & he admitted I had nothing to do with Contraband.

50. On 7/4/01 admitted contraband was not mine by Tim Gibert.                      Ex. 46

51. On 9/2/02 I submit MX02-3689 Policies state "NO inmate SHALL remain in a Seg. Class for more than a year unless he has been personally interviewed by the Warden. Also at the end of the 2nd year and each additional year he MUST BE personally Interviewed by BOTH Warden and Deputy Director." I have been treated extremely unusual in the fact I've only meet one "Warden's Review", on 10/10/01, and after over 3 years since return from Utah I have not as POLICY DICTATES been afforded the Process Due me as in over 3 years not seen a Director's Review; On 10/11/02 James states I will be scheduled for Dec. 2002; On 10/17/02 I appeal, James does not address why I have Not been seen already violating Due Process & EQUAL Protection; On

* 3/4/02 DDD Because you were sent to East AR. Max. Unit you DID NOT MERIT a director's review. Your Complaint premature & totally unfounded.              Ex. 48

* Note: I have listed WRONG on Number (62) of 1983 Complaint I show "Did Merit", but suppose to be "Did Not Merit."
            Also, still ADC Max A/s Confinement, Refuse to cumulate A/s time.

52. On 10/23/02, I meet 60 day review (Now Warden Evans) denied population as T. to S.

*53. On 12/30/02, I meet Director's Review (Ray Hobbs) denied population as T. to S.     Ex. 49
                                                                                         Ex. 50
      NOTE: This is the only Director's Review meet in five (5) years and eight (8) months
            Since return from Utah, on 6/28/99

54. On 2/26/03, I meet 60 day review, denied population as T. to S.                Ex. 51

55. On 3/26/03, I meet 30 day review, denied population as T. to S.                Ex. 52

56. On 4/24/03, I meet 30 day review, denied population as T. to S.                Ex. 53

57. On 5/21/03, I meet 30 day review, denied population as T. to S.                Ex 54

58. On 6/25/03, I meet 30 day review, denied population as T. to S. and indicates a chronic inability to adjust to Population, and Disciplinary Pending.          Ex. 55

59. On 7/3/03, I meet 30 day review, denied population as T. to S. and inmate indicates a chronic inability to adjust to population.                                                    Ex. 56

   Note: Unsure if meet 30 day review for August, 2003, do not possess review form.
   On 9/2/03, I was transferred to Varner Super Max ("VSM").

60. On 9/19/03, I meet A/S Review (Asst. Warden Tim ("Moncrief") denied population as Class 4, disciplinary history and good order of institution (T. to S.).                    Ex. 57

61. On 11/4/03, I meet 60 day review, denied population as T. to S. and regain class 2.   Ex. 58

62. On 12/5/03, I wrote Warden Toney requesting Class Status Timely, Request to be treated Equally as all other similar situated inmates throughout the ADC, 30 days between class promotion and not 60 days, request his "Exception" Policy.                                 Ex. 59

63. On 12/9/03, I submit VSM 03-6439 That I am not treated as Similar Situated Inmates throughout the ADC, Inmates are told must do 60 days (vsm), between each promotion of Class Steps, Instead of ALL other inmates who do 30 days between each promotion of Class. This is Discrimination and Punishment only VSM enforces, Stop Retaliation and treat equal, Reprisal forced upon me for my litigation against ADC, because of assignment to VSM; On 1/13/04 Moncrief denied Exception as he states Warden, Asst. Warden and Unit Manager can make Exception; As I appeal, Failure to address WHY treated differently from other ADC inmates, pertaining to class promotion?; On 4/26/04 DDD Gives a TOTAL RUN-A-ROUND playing a "Word Game"                                                                Ex. 60

64. On 1/6/04, I meet 60 day review, denied population as T. to S.                           Ex. 61

65. On 2/2/04, I wrote Hobbs pertaining to VSM, "Taking A Yard Call LIST," deprived out of cell time and short change on days do go out, Also denied writing instruments for legal work, write family, friends, religious organizations as I would if allowed pens/pencils.  Ex. 62

66. On 2/12/04, I submit VSM 04-0943 showing short change on out of cell time, 10, 20, even 30 minutes at times, desire my one(1) hour out of cell stop harassment, called Camera as a witness to show TIME, leaving & returning to cell; On 3/5/04 Warden Grant ("Harris") All inmates on yard call are given an opportunity to stay on yard for one hour, although most days the inmates do not stay long because of cold weather; On 3/10/04 I appeal, I am NOT other inmates I desire to be out of these SLAMMED DOWN CONSTANTLY CELLS AS MUCH and as often as possible; On 7/20/04 DDD agrees with Unit Level Response.                                                             Ex. 63

67. On 2/12/04 I submit VSM 04-0944 On 2/12/04 Denied Out of Cell Time, however Captain Patterson was in the BKS, and told them to take me out, Hobbs has already ruled "NO LIST". Stop Retaliation and Discrimination because of my litigation against the ADC. Call Camera as Exibit as "YES YARD CALL" sign in door window which I never move; On 3/1/04 Harris refused to check Camera to see who denied Yard; On 3/3/04 I appeal, Check Camera don't know Officer's name; On 7/12/04 DDD Advises Warden to run yard by Policy.   Ex. 64

6,

68. On 2/22/04 I wrote Moncrief, for 3rd time, request dates 1/15/04, 2/5/04, 2/22/04, 1.) Fix T.V., 2.) Be allowed to watch stations we wish, as all other units do, 3.) Forced to use the same (soiled/dirty) Jumpsuit for fourty (40) days, written VSM laundry numerous times, Ex. 65

69. On 2/22/04 I write VSM 04-1132 Forced to place outer clothes in [P]ersonal laundry Bag (Jumpsuits) No other unit forces you to do, chemicals left in clothes and burning, clothes not properly cleaned or dried; On 3/19/04 clothes causes rashes On 3/22/04 I appeal, request they test, load up bag and try it; On 7/24/04 DDD agrees with Unit Level Response                                                    Ex. 66

70. On 2/22/04, I write vsm 04-1133, Concerning forced to use the same Jumpsuit for 1½ months, denied clean clothing, Deliberate Indifference; On 3/17/04 Harris states All laundry must be placed in laundry bag, Jumpsuit replaced on 2/8/04.; On 3/18/04, I appeal, We [ALL] had not been turning in our Jumpsuits [N]ot inside our [P]ersonal laundry bag. Took 1½ months to replace; On 7/24/04 DDD agrees with the Unit Level Response.                                                    Ex 67

71. On letter dated 1/4/04 from CO II T. Courtney makes no mention we are NOW suppose to place Jumpsuits (for the first time ever) in [P]ersonal laundry bag,   Ex. 68

72. On 3/9/04 my sister (Cheryl Smith) uses computer to contact Brewer, "How come David was in Population for years with a clean record before he was attacked an almost Killed. He was the one nearly Killed & Continued Punished." Brewer gives her the same Boilerplate Response, Agrees A/s.                                      Ex. 69

73. On 3/9/04 I meet 60 day review, denied population as T. to S,             Ex. 70

74. On 3/22/04 my sister again contacts Brewer about my being housed/buried on A/s and the Extremely Atypical Situation her brother is subjected. Also discloses numerous Jobs/Functions I held for numerous years in population, letter also sent to numerous politicians; Brewer did not respond.

75. On 4/13/04, I meet 60 day review, denied population as T. to S,           Ex. 71

76. On 4/30/04 I submit VSM 04-1438 My situation is Atypical as I am not given a opportunity for Population or Transfer, from VSM. What privileges are in place for a VSM A/s inmate? I am class I, highest I can earn, All other units chose the T.V. Station; On 5/17/04 Harris states, Inmates that are assigned to A/s are [generally a behavior problem], denied request; On 5/20/04, I appeal, Continue Petition for Privileges; On 9/20/04 DDD, Denies Unequal Treatment, denies appeal.                                                      Ex. 72

77. On 4/30/04, I submit VSM 04-1485, Request what Policy is in place that I may be released to population or transfer to another ADC Unit? What work program?; On 5/19/04 Harris states, No Policy or Work Program; On 5/21/04 I appeal, request Equal Treatment, VSM Program has guidelines (Major Problem Inmates); On 9/20/04 DDD denies Appeal.                                      Ex. 74

7.

Note: On Number (89.) VSM 04-1485, under 5/19/04, 5/21/04 and 9/20/04 I have listed as VSM 04-1438, which is wrong should be VSM 04-1485, on "1983 Complaint."

78. On 5/12/04 I submit VSM 04-1553, health and well being concern passing a completely unsanitary scrub pad cell to cell, inmates bragging on tier about filth they place on pad and hand to cop; On 7/13/04 Warden states, NOW safe and sanitary measures are being taken to resolve the problem; On 7/15/04 I appeal, for months DENIED ACCESS to toilet brush, then start passing same scrub pad cell to cell, now we are issued a TINY 2"X 2" piece of scrub pad, its ridicules!; On 10/25/04 DDD, finds Merit to Grievance and Corrective action taken to resolve problem       Ex. 75

79. On 5/13/04 I write Captain Patterson about the Practice of Yard Call [LIST] taking and his officers refusal to give yard, request placed on Permanent List. Ex. 76

* 80. On 6/6/04 I submit VSM 04-1690, [Supposedly] I was ONLY shipped to VSM A/S (RE: VSM 03-4137), to fill available bed space AND NOT as a Punishment means. When leave cell MUST BE SHACKLED at this A/S Unit! No other ADC A/S required me shackled and certainly NO OTHER A/S UNIT required me to be strapped down in a chair to be transported down the hallway! I have NOT MERITED BY ACTIONS more restraints, This is Reprisal Punishment Tool for my litigation actions; On 7/6/04 Harris states [FOR YOUR OWN SAFETY] you will continue to be shackled and placed in restraint chair when escorted from VSM; On 7/7/04, I appeal, What did I personally do to MERIT shackles and restraint chair; On 10/5/04 DDD, denies appeal.       Ex. 77

81. On 6/6/04 I submit VSM 04-1691 Why are VSM A/S inmates forced to remain shackled on visitation? No other A/S forced to visit shackled I got bad feet, ankles, knees and legs, Ankles swollen and all Know I got these problems; On 6/30/04 Moncrief states, steps taken to Correct Problem; On 7/2/04 I appeal, It sure seems a coincidence this policy started "Only After", my visit [NOW] you stop this practice! Totally Amazing Coincidence. Only get visit once a year, maybe twice if X-Tra Blessed. These Acts were Cruel and Unusual, Retaliatory and Discrimination; On 10/4/04, DDD, Agrees with Unit Level Response.

82. On 6/16/04, I meet 60 day review, denied population as T. to S.       Ex. 78

* 83. On 7/4/04 I submit VSM 04-1892, THE ISSUE: WHY ARE VSM A/S TREATED   Ex. 79
VASTLY DIFFERENT FROM ALL OTHER ADC MAX A/S?  [Supposedly] I was ONLY shipped to VSM A/S (refer to VSM 03-4137), to fill available bed space AND Not as a [PUNISHMENT MEANS!] YET there remains VAST differences in forced only upon VSM Max A/S, the following is a list of these differences inforced only upon VSM A/S which I consider as discrimination and retaliation upon me as denied Population, Transfer, Etc., regardless of Class One and Good Behavior.

Please Explain "THE WHY", of this inforced on VSM A/s: #1.) Shackles and strap to cuff for BKS. movement and use of Restraint Chair for movement down the hallway. #2.) Forced to submit Telephone Approval Forms to use phone, 2 calls per week limit. #3.) ONLY ONE (1) Phone for BKS, of 78 inmates, yet all other similar situated MAX A/s have three (3) Phones for ONLY a BKS. of 54 inmates. #4.) Denied writing instruments from Chaplain, School and law library "As Needed," Nor issued Pen "ONCE" a month from store (NOTE: The Ink Pen Issue [MAY] Be Resolved after 1½ years of Grievances.) #5.) Only allowed store once per week and limited to spending $25.00 per week instead of $55.00. #6.) Class Promotion 60 Days instead of 30 days and A/s 60 Day Review instead of 30 DAY REVIEW. #7.) No Pictures for A/s Visits. #8.) Forced to place outer clothes in Laundry Bag and issued Bulky Jumpsuit instead of pants and shirt. #9.) Not allowed to Vote on T.V. Channels. #10.) Shown same institutional movies over and over AGAIN, Same Movies. These are the VAST Living Conditions Differences Inforced ONLY UPON VSM A/s, No other A/s! WHY? Not Punishment? Reprisal for litigation, Discrimination as VSM invokes measures No Other A/s inforces!? On 7/27/04, Harris states, Under A.R. 835 and A.D. 97-08 Inmates are allowed to present one issue at a time and not multiple issues. If you wish to present more than one issue you must do so on separate forms. ; On 7/28/04, I appeal, I was specific in listing the [ISSUE] Single Issue! WHY are we treated VASTLY Different from all other ADC Max A/s? Listed are the EXAMPLES inforced at this Unit that are not invoked at any other unit, This A/s is set up for punishment means and EXAMPLES bring to LIGHT THE ISSUE, this is a Punishment ADC A/s Unit; On 10/21/04 DDD to VSM 04-1892, Agrees with Unit Level Response.                    Ex 80

84. On 8/17/04 I write Hobbs a Affidavit. I have PROCLAIMED Numerous Times I NEED OUT THIS CELL AS MUCH AS POSSIBLE! Emotionally and Physically! On 8/4/04, I was told I have Hepatitis C which shall kill me as CMS refuses to treat. My Knowing this is a horrible way to die is a EXTREME TORMENT, esp. in LIGHT it could be treated! On Friday, 8/13/04, Denied Yard. On Monday, 8/17/04, again denied YARD CALL by the Practice of YARD CALL LIST Taking, On Friday, 8/20/04, Check Camera, approx. 7:25 A.m. Yard Ran, brought in at 7:50 A.m., then they just sit at the table laughing and talking! Makes no sense, except for MALICE! Only afforded 25 minutes.                    Ex. 81

85. On 8/18/04 I meet 60 day review, denied population as T. to S.   Ex. 82

86. On 9/13/04 I wrote a Notarized Affidavit to Director Larry Norris and sent a "Carbon Copy", to all named Defendants. This is to make shown and Known the Ongoing Constitutional Violations. The ADC assigned me to A/S Dec., 1995, I was shipped to Utah in Jan. 96, A/s in Utah, brought back to AR. in June, 1999. Placed and Kept on A/s. Had/Have meaningless A/s Reviews, been back from Utah 5 years and 3 months and only seen ONE (1) Director's Review! Yes, I was sent to Brickey Unit for 2 weeks, Returned to MSU, then sent to VSM over a year ago. Courts have held "CUMULATIVE TIME MUST BE FACTORED!" My situation is Highly Atypical, well over the 305 day Sandin V. Conner Standard! These Actions are Cruel and Unusual Punishment, Due Process Violations and Retaliatory, Arbitrary, Capricious and Malice Intent for my years of litigation. The reasoning holding me on A/s is a FARCE! And this is MENTAL TORMENT, No Sun in over A YEAR, People need Sun! Kept in CONFINED CELL 23 hours a day, Year after Year, ON & ON! And now Know I Got HCV! And Refused Treatment, on my mind all Day LONG!   Ex. 83

87. On 9/20/04, I submit Grievance VSM 04-2519, Because the "Named" individuals are in violation of Clearly Established Known Constitutional Rights. EXHIBIT "A" - DECLARATION, Dated 9/13/04, to Director Larry Norris. (This Is A Ongoing Issue)! Director Larry Norris, Deputy Director Ray Hobbs, Classification Administrator George Brewer, Warden Greg Harmon, Assistant Warden Tommy James, Warden Marvin Evans, Warden Grant Harris, and Assistant Warden Tim Moncrief, have all been shown & made Known their Constitutional Violations by Exhibit "A" and this ONGOING ISSUE! The ADC assigned me to A/s in Dec. 95, Ship me to Utah in Jan. 96 (A/s in Utah), brought back to AR. in June 99. Placed and Kept on A/s, Had Meaningless A/s Reviews, been back from Utah 5 years & 3 months! only seen One (1) Director's Review. Yes, I was sent to Brickey Unit for 2 weeks, returned to Tucker Max, then sent to VSM over a Year ago. Courts have HELD, "CUMULATIVE TIME MUST BE FACTORED!" My situation is HIGHLY ATYPICAL, well over the 305 day Sandin V. Conner, Standard! These Actions are Arbitrary, Capricious & Malice Intent (Retaliation) For my Years of litigation. The reasoning holding me on A/s is a FARCE! And this is Mental Torture! Can't Get No Sun in over a Year! People need sunlight! Kept in Confined Cell 23 hours a day, Year after Year, On & On!! 17 Years No Contact Visits, Privileges, Schooling/Courses, etc. And Now told I have HCV and Denied Treatment on my mind all day LONG.

**\* NOTE:** IMPORTANT CORRECTION, on 1983 Complaint (Number (99.)), I state this VSM 04-2519 is a [Verbatim] Grievance of "1983 Complaint; number (98.)" Notarized Affidavit dated, 9/13/04 to Norris (Exibit-83).

THIS GRIEVANCE IS MOST CERTAINLY NOT Verbatim, As I List on VSM 04-2519, "17 years No Contact Visits, Privileges, Schooling/Courses, etc."

On 10/15/04, Harris states, Under AR 835 and AD 04-01, Inmates are allowed to present one issue at a time and not multiple issues, If you wish to present more than one issue, you must do so on Separate Forms,

On 10/19/04 I appeal, #1.) I clearly Requested that Addressed by Director Norris (Note: This does Not Show on Top of Grievance Copies) #2.) I clearly state, "This Issue has already been addressed Unit Level and Mr. Hobbs, Deputy Director, #3.) The Single Issue CLEARLY Addressed: The ADC is in Violation of Constitutional Right to meaningful reviews and the ATYPICAL STANDARD inforced upon me by keeping me on A/S FOR YEARS ON END! #4.) These acts are Retaliatory for my litigations. Cruel & Unusual! Thus, this be addressed by Director Larry Norris,

On 1/6/05, DDD to VSM04-2519, "After my review of all documentation submitted to this office, I find no evidence to substantiate your allegations of retaliation in your assignment to A/s, due to filing litigation.

Therefore, this grievance is found to be without merit and no further action will be taken. Appeal Denied.

88. On 10/20/04 I meet 60 day review, denied transfer or population as T. to S.    Ex. 84

89. On 11/1/04 I again write Hobbs about the Arbitrary taking of "Out of Cell Time", on 11/1/04, because of Yard "LIST!"    Ex. 85

90. On 11/23/04, I meet 60 day review, denied transfer or population as T. to S.   Ex. 86   Ex. 87

This concludes this "Declaration In Support of 1983 Civil Rights Action's Exibits,"

Pursuant to 28 U.S.C. §1746, I declare under Penalty of Perjury that the foregoing is TRUE and CORRECT.

Executed this 4TH day of February, 2005,

BY PRISON MAIL

*David Williams*
David Williams # 78730
P.O. Box 400, VSM
Grady, AR. 71644



Jim D. Williams # 75x730 after
Assault by Sgt. R. Benson
# 97273 in Mailroom w/7th
Dough Rodd L. APPROX 1:50 PM
12-6-95.

Used 3 different bath towels to soak blood
so they were able to take a picture of face.

( Exibit 1.)



Jim D. Williams # 75730 after
Assault by Sgt. R. Benson # 97273
in Mailroom with Dough
Rodd L. APPROX 1:50 PM
12-6-95.



Attempted Murder Weapon
Branson Nor Dixon were ever
charged for crime.
Twenty-Five (25) pound industrial
dough hook used.
Knife not cause of injuries, nor
found by security.

(Exibit 2)



**INMATE'S CURRENT HOUSING ASSIGNMENT:** Uinta 4

# UTAH STATE DEPARTMENT OF CORRECTIONS
## DIVISION OF INSTITUTIONAL OPERATIONS
### OFFENDER REASSESSMENT FORM

CUCF ☐   DRAPER ☑
SCHEDULED ☑   TRO ☐

Aborted   Jane

**INMATE NAME** Williams David H.   **OBSCIS #** 0000057   **PRISON #** 24680
(OBSCIS # must be on form)

**COMPLETED BY** D. Williamson   **DATE** 8/6/97   **CURRENT CLASSIFICATION CODE** | C | 2 | K |

## SECTION A - SECURITY SCORE

| | SCORE |
|---|---|
| 1. Severity of current crime | |
| Crime: Capital Murder Life w/o Parole | |
| 1st Battery etc... | |
| Life | ⑦ |
| First Degree (5 - Life) | 6 |
| Second Degree (1 - 15) | 4 |
| Third Degree (0 - 5) | 2 |
| Class A Misdemeanor | 1 |
| | **7** (1) |

2. Expected Length of Incarceration *   Life w/o Parole

Expected Release Date

Commitment Date 1 /16 /94   Difference (Months) Life No Parole
Arr 10/81

| | |
|---|---|
| Over 120 Month | ⑦ |
| 85-119 Months | 6 |
| 37-84 Months | 5 |
| 19-36 Months   C3K 3 -16 -76 | 3 |
| 0-18 Months | 1 |
| | **7** (2) |

3. Criminal Violence History (Not Including Present Offense)   no entries in file

| | |
|---|---|
| Recent (Within 5 years) | 7 |
| Past (Over 5 years) | 3 |
| None | ⓪ **0** (3) |

4. Escape History

## SECTION B - CUSTODY LEVEL ADJUSTMENT SCORE

| | SCORE |
|---|---|
| a. Percentage of Time Served * | |
| 0 - 25% | ⑪ |
| 26 - 50% | 5 |
| 51 - 75% | 4 |
| 76% or more | 3 |
| | **11** (a) |

b. Most Serious Major Disciplinary Convictions Past 12 months.
(This incarceration only)

| | | |
|---|---|---|
| Greatest severity | (B-1) | 7 |
| High Severity | (B-2) | 5 |
| Moderate severity | (B-3) | 3 |
| Low severity | (B-4) | 2 |
| None | ⓪ | **0** (b) |

c. Number of Major Disciplinary Convictions Past 12 Months.
(This incarceration only)

| | |
|---|---|
| 4 or more reports | 5 |
| 2 - 3 reports | 3 |
| 1 report | 1 |
| No reports | ⓪ **0** |

Classification Review Officer Signature _____ Date _____

Approved Classification Code [ | | | ]   Complex Assignment _____

INMATE'S CURRENT HOUSING ASSIGNMENT: [illegible]

**UTAH STATE DEPARTMENT OF CORRECTIONS**
**DIVISION OF INSTITUTIONAL OPERATIONS**
**OFFENDER REASSESSMENT FORM**

CUCF ☐ DRAPER ☐
SCHEDULED ☑ TRO ☐

INMATE NAME [illegible] OBSCIS # [illegible] (OBSCIS # must be on form) PRISON # [illegible]

COMPLETED BY [illegible] DATE [illegible] CURRENT CLASSIFICATION CODE [illegible]

## SECTION A - SECURITY SCORE

1. Severity of current crime
   Crime: [illegible]

| | | SCORE |
|---|---|---|
| Life | (7) | |
| First Degree (5 - Life) | 6 | |
| Second Degree (1 - 15) | 4 | |
| Third Degree (0 - 5) | 2 | |
| Class A Misdemeanor | 1 | 7 (1) |

2. Expected Length of Incarceration *

   Expected Release Date ___/___/___

   Commitment Date ___/___/___ Difference (Months) [illegible]

| | | SCORE |
|---|---|---|
| Over 120 Month | (7) | |
| 85-119 Months | 6 | |
| 37-84 Months | 5 | |
| 19-36 Months | 3 | |
| 0-18 Months | 1 | 7 (2) |

3. Criminal Violence History (Not Including Present Offense)

| | | SCORE |
|---|---|---|
| Recent (Within 5 years) | 7 | |
| Past (Over 5 years) | 3 | |
| None | (0) | 0 (3) |

4. Escape History

| | | SCORE |
|---|---|---|
| Recent (Within 5 years) | 7 | |
| Past (Over 5 years) | 3 | |
| None | (0) | 0 (4) |

## SECTION B - CUSTODY LEVEL ADJUSTMENT SCORE

a. Percentage of Time Served *

| | | SCORE |
|---|---|---|
| 0 - 25% | (11) | |
| 26 - 50% | 5 | |
| 51 - 75% | 4 | |
| 76% or more | 3 | 4 (a) |

b. Most Serious Major Disciplinary Convictions Past 12 months.
(This incarceration only)

| | | | SCORE |
|---|---|---|---|
| Greatest severity | (B-1) | 7 | |
| High Severity | (B-2) | 5 | |
| Moderate severity | (B-3) | 3 | |
| Low severity | (B-4) | 2 | |
| None | | (0) | 0 (b) |

c. Number of Major Disciplinary Convictions Past 12 Months.
(This incarceration only)

| | | SCORE |
|---|---|---|
| 4 or more reports | 5 | |
| 2 - 3 reports | 3 | |
| 1 report | 1 | |
| No reports | (0) | 0 (c) |

d. Substance Abuse History Past 12 Months (Alcohol and/or Drugs)
(Not restricted to just this incarceration)

| | | SCORE |
|---|---|---|
| History of abuse | 3 | 0 |

12/93

Classification Review Officer Signature ______ Date ______

Approved Classification Code ______ Complex Assignment ______

ARKANSAS
DEPARTMENT OF CORRECTION
MAXIMUM SECURITY UNIT
2501 State Farm Road
Tucker, Arkansas 72168-9503
Phone: (501) 842-3800   FAX (501) 842-1977

TO:       INMATE  Williams, David                           ADC#      078730

FROM:   MR. C. MCINTOSH / CLASSIFICATION OFFICER

RE:      NOTICE OF CLASSIFICATION HEARING

DATE:   June 28, 1999

A HEARING WILL BE HELD ON   June 30                         ,    1999      BY THE UNIT
CLASSIFICATION COMMITTEE FOR THE PURPOSE OF CONSIDERING POSSIBLE ASSIGNMENT TO
ADMINISTRATIVE SEGREGATION, DUE TO THE FOLLOWING REASON(S):

( ) SERIOUSNESS OF OFFENSE RESULTING IN PLACEMENT ON MAXIMUM SECURITY STATUS.

(X) THREAT TO THE SECURITY AND GOOD ORDER OF THE INSTITUTION.

( ) REQUIRES MAXIMUM PROTECTION FROM THEMSELVES OR OTHERS REQUIRE MAXIMUM
PROTECTION FROM THEM.

YOU HAVE THE RIGHT TO PRESENT DOCUMENTS AND WITNESS STATEMENTS AT THE HEARING AS
TO WHY YOU SHOULD NOT BE PLACED ON ADMINISTRATIVE SEGREGATION.

WITNESS STATEMENTS:              ( ) NO              ( ) YES

LIST:_____

I HAVE BEEN NOTIFIED ON THIS **28** DAY OF **JUNE**              **1999** THAT I
WILL BE REVIEWED BY THE UNIT CLASSIFICATION COMMITTEE FOR POSSIBLE ASSIGNMENT TO
ADMINISTRATIVE SEGREGATION.

INMATE SIGNATURE:  *REFUSED*               DATE: 6-28-99  TIME: 12:08P

WITNESS SIGNATURE:  *Sgt. Willer*          DATE: 6-28-99  TIME: 12:08P

cc:   STATE FILE
       INMATE                                    (Exibit 5.)



P. O. Box 8707
Pine Bluff, Arkansas 71611-8707
Phone: (870) 247-1800
Fax: (870) 247-3700
www.state.ar.us/doc

**Arkansas Department of Correction**

July 30, 1999

Cheryl Smith
1175 19th Ave. S.W.
Largo, Florida  33778

RE:   David Williams,  ADC #78730

Dear Ms. Smith,

Your brother was transferred to Utah as a direct result of the incident in which he was attacked in 1995.  The attack was precipitated by David's drug dealing activities. He was returned last month after the Arkansas Dept. of Correction opened some new maximum security beds at the East Arkansas Regional Unit, and we were able to separate a number of maximum custody inmates.  David was not sent to the East Arkansas Regional Unit at Brickeys because one of his enemies (an inmate that David attempted to murder in 1982) is housed there.  Due to David's sentence, his history of murder in the prison, and his past drug dealing activities, he is considered a threat to the security of the institution, and an administrative segregation assignment is appropriate until such time as the unit classification committee feels comfortable in releasing him to general population.

Sincerely,

*G. David Guntharp*

G. David Guntharp
Chief Deputy Director

GDG/mc

Cc:  Inmate File

(Exibit 6.)



**Arkansas Department of Correction**

*honor and integrity in public service*

P. O. Box 8707
Pine Bluff, Arkansas 71611-8707
Phone: (870) 247-1800
Fax: (870) 247-3700
www.state.ar.us/doc

August 5, 1999

Mavis Williams-Henson
9420 State Hwy. A
Bragg City, MO  63827-9221

RE:   David Williams,  ADC 78730

Dear Ms. Williams-Henson,

Your son was transferred to Utah as a direct result of the incident in which he was attacked in 1995.  The attack was precipitated by David's drug dealing activities.  He was returned last month after the Arkansas Dept. of Correction opened some new maximum security beds at the East Arkansas Regional Unit, and we were able to separate a number of maximum custody inmates.  David was not sent to the East Arkansas Regional Unit at Brickeys, because one of his enemies (an inmate that David attempted to murder in 1982) is housed there.  Due to David's sentence, his history of murder in the prison, and his past drug dealing activities, he is considered a threat to the security of the institution, and an administrative segregation assignment is appropriate until such time as the unit classification committee feels comfortable in releasing him to general population.

Sincerely,

George Brewer
Classification Administrator

GB/mc

Cc:  Inmate File

(Exibit 7.)

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

6-29

| | | | |
|---|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review | ☒ | Special Consideration ☐ |
| Inmate's Name __Williams, David__ | Warden's Review | ☐ | Date of Initial |
| ADC# __078730__ | Director's Review | ☐ | Assignment __06/30/1999__ |
| DATE __10/27/1999__ | | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themselves or others require maximum protection from them

## COMMITTEE MEMBERS

VOTE

| | | |
|---|---|---|
| Mr. G. Harmon, Warden | REMAIN ( ) | RELEASE ( ) |
| Mr. S. Outlaw, Asst. Warden | REMAIN (✓) | RELEASE ( ) |
| Major R. Wimberly, C.S.O. | REMAIN (✓) | RELEASE ( ) |
| Mr. C. McIntosh, Classification Officer | REMAIN ( ) | RELEASE (✓) |
| Mr. E. Engstrom, Mental Health | REMAIN ( ) | RELEASE (✓) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

He states he wanted to he be release to population

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation
　☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
　☐ Inmate has a history of assault on other inmates
　☐ Inmate has a history of assault on staff personnel
　☑ Inmate is a threat to the security and good order of the institution
　☐ Inmate has been a disciplinary problem since assignment
　☐ Inmate must regain Class II before being considered for release
　☐ Inmate has history of threatening other inmates and/or staff personnel
　☐ Inmate indicates a chronic inability to adjust in the general population
　☐ Other _____

☐ Release from segregation
　☐ Inmate is not a threat to the security and good order of the institution
　☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
　☐ Inmate no longer indicates a chronic inability to adjust in the general population.
　☐ Other _____
_____
_____
_____
_____
_____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

5098

_____　　10/27/99　(Exhibit 8.)
WARDEN'S SIGNATURE　　　　　DATE

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

6-29

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | |
|---|---|---|
| Institution **Maximum Security Unit** | 60 Day Review ☒☒ | Special Consideration ☐ |
| Inmate's Name **Williams, David** | Warden's Review ☐ | Date of Initial |
| ADC# **078730** | Director's Review ☐ | Assignment **06/30/1999** |
| DATE **12/29/1999** | | |

## REASON FOR INITIAL ASSIGNMENT

- ☐ Seriousness of offense resulting in placement in maximum security
- ☒☒ Threat to security and good order of institution
- ☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS          VOTE

| | | |
|---|---|---|
| Mr. S. Outlaw, Assistant Warden | REMAIN (✓) | RELEASE ( ) |
| Major R. Wimberly, C.S.O. | REMAIN (✓) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN (✓) | RELEASE ( ) |
| Mr. C. McIntosh, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN (✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*Inmate wanted to know if he could get on TV and a phone.*

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
- ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
- ☐ Inmate has a history of assault on other inmates
- ☐ Inmate has a history of assault on staff personnel
- ☒ Inmate is a threat to the security and good order of the institution
- ☐ Inmate has been a disciplinary problem since assignment
- ☐ Inmate must regain Class II before being considered for release
- ☐ Inmate has history of threatening other inmates and/or staff personnel
- ☐ Inmate indicates a chronic inability to adjust in the general population
- ☐ Other _____

☐ Release from segregation
- ☐ Inmate is not a threat to the security and good order of the institution
- ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
- ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
- ☐ Other _____
  _____
  _____
  _____
  _____
  _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

5098

WARDEN'S SIGNATURE                    DATE  12/29/99       (Exhibit 8.)

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review ☒ | Special Consideration ☐ | |
| Inmate's Name __Williams, David__ | Warden's Review ☐ | Date of Initial | |
| ADC# __078730__ | Director's Review ☐ | Assignment __06/30/1999__ | |
| DATE __02/23/2000__ | | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | |
|---|---|---|
| Mr. S. Outlaw, Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN (—) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN ( ) | RELEASE ( ) |
| Mr. C. McIntosh, Classification Officer | REMAIN (X) | RELEASE ( ) |
| Mental Health | REMAIN (—) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☒ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☒ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other _____

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

(Exibit 10.)

_____ WARDEN'S SIGNATURE          __2/23/00__ DATE

Original — Records;  Pink Copy — Inmate;  Blue Copy — Classification Office

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | |
|---|---|---|
| Institution **Maximum Security Unit** | 60 Day Review ☒ | Special Consideration ☐ |
| Inmate's Name **Williams, David** | Warden's Review ☐ | Date of Initial |
| ADC# **078730** | Director's Review ☐ | Assignment **06/30/1999** |
| DATE **04/26/2000** | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                              VOTE

| | | |
|---|---|---|
| **Mr. S. Outlaw, Assistant Warden** | REMAIN ( ) | RELEASE ( ) |
| **Major R. Wimberly, C. S. O.** | REMAIN ( ✓ ) | RELEASE ( ) |
| **Major J. Kleiner, Field Security** | REMAIN ( X ) | RELEASE ( ) |
| **Mr. C. McIntosh, Classification Officer** | REMAIN ( X ) | RELEASE ( ) |
| **Mental Health** | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

_Inmate wanted to know when he would be released from ad seg_

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
   ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
   ☐ Inmate has a history of assault on other inmates
   ☐ Inmate has a history of assault on staff personnel
   ☒ Inmate is a threat to the security and good order of the institution
   ☐ Inmate has been a disciplinary problem since assignment
   ☐ Inmate must regain Class II before being considered for release
   ☐ Inmate has history of threatening other inmates and/or staff personnel
   ☐ Inmate indicates a chronic inability to adjust in the general population
   ☐ Other _____

☐ Release from segregation
   ☐ Inmate is not a threat to the security and good order of the institution
   ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
   ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
   ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

_____ WARDEN'S SIGNATURE        DATE **4/26/00**

Original — Records;   Pink Copy -- Inmate;   Blue Copy -- Classification Office

(Exhibit II.)       5098

6-29

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | |
|---|---|---|
| Institution **Maximum Security Unit** | 60 Day Review ☐ | Special Consideration ☐ |
| Inmate's Name **Williams, David** | Warden's Review ☒ | Date of Initial |
| ADC# **078730** | Director's Review ☐ | Assignment **06/30/1999** |
| DATE **06/22/2000** | | |

## REASON FOR INITIAL ASSIGNMENT

- ☐ Seriousness of offense resulting in placement in maximum security
- ☒ Threat to security and good order of institution
- ☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                               VOTE

| | | |
|---|---|---|
| Mr. S. Outlaw, Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN (X) | RELEASE ( ) |
| Ms. H. Boyd, Classification | REMAIN (X) | RELEASE ( ) |
| Mental Health | REMAIN (X) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
- ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
- ☐ Inmate has a history of assault on other inmates
- ☐ Inmate has a history of assault on staff personnel
- ☒ Inmate is a threat to the security and good order of the institution
- ☐ Inmate has been a disciplinary problem since assignment
- ☐ Inmate must regain Class II before being considered for release
- ☐ Inmate has history of threatening other inmates and/or staff personnel
- ☐ Inmate indicates a chronic inability to adjust in the general population
- ☐ Other _____

☐ Release from segregation
- ☐ Inmate is not a threat to the security and good order of the institution
- ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
- ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
- ☐ Other _____

## WARDEN'S REVIEW

- ☒ I have reviewed the above and agree with the Committee's decision
- ☐ I have reviewed the above and am referring this back to the Committee

(Exibit 12.)   ▲ 5098

WARDEN'S SIGNATURE _____          DATE 6/22/00

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review | XXX |
| Inmate's Name | **Williams, David** | Warden's Review | ☐ |
| ADC# | **078730** | Director's Review | ☐ |
| DATE | **08/23/2000** | | |

Special Consideration ☐
Date of Initial
Assignment **06/30/1999**

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
XXX Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS — VOTE

| | | | |
|---|---|---|---|
| Mr. S. Outlaw, Assistant Warden | | REMAIN (✓) | RELEASE ( ) |
| Major R. Wimberly, C.S.O. | | REMAIN (✓) | RELEASE ( ) |
| Major J. Kleiner, Field Security | | REMAIN (X) | RELEASE ( ) |
| Ms. H. Boyd, Classification | | REMAIN (✓) | RELEASE ( ) |
| Mental Health | | REMAIN (✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

Inmate wanted to know when he would be released from ad seg. Stated he had been class I for 5 yrs.

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation
- ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
- ☐ Inmate has a history of assault on other inmates
- ☐ Inmate has a history of assault on staff personnel
- ☐ Inmate is a threat to the security and good order of the institution
- ☐ Inmate has been a disciplinary problem since assignment
- ☐ Inmate must regain Class II before being considered for release
- ☐ Inmate has history of threatening other inmates and/or staff personnel
- ☐ Inmate indicates a chronic inability to adjust in the general population
- ☐ Other _____

☐ Release from segregation
- ☐ Inmate is not a threat to the security and good order of the institution
- ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
- ☐ Inmate no longer indicates a chronic inability to adjust in the general population
- ☐ Other _____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

(Exibit-13.)   A 5098

_____     8/23/00
WARDEN'S SIGNATURE              DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office



**Arkansas**
**Department of Correction**
*East Arkansas Regional Unit*
**P.O. Box 180**
**Brickeys, Arkansas 72320-0180**

M7–37     **Phone: (870) 295-4700     FAX (870) 295-6564**

**To:**     Inmate   WILLIAMS, D          78730

**From:**   **Classification Officer**

**Date:**   10-09-00

**Re:**     Notice of Classification Hearing

This is to notify you that you have been placed on **Administrative Review** status pending a hearing before the Unit Classification Committee due to the following reason(s).

( ) Seriousness of Offense resulting in your placement in Isolation.
(x) Threat to the security and good order of the Institution.
( ) Requires maximum protection and or segregation.

A hearing will be conducted by the Classification Committee on the 12 day of ___OCT___ 2000 . At that time the Committee will determine if you should be returned to the general population or if you should be transferred to a unit euipped with an appropiate segregation housing facility to best serve your current needs.

You have the right to present documents and witness statements at the hearing as to why you should not be considered for possible transfer to an appropriate unit/facility.

Witness statements:     ( ) No          ( ) Yes   List:

I have been notified on this _____ day of ___OCT___ 2000, that I will be reviewed by the unit Classification Committee.

Signature of: Inmate _David Wilkow_ Date _10/9/00_

              Witnesb nm _____ Date_____

CC:   Warden
      Assistant Warden
      Building Major
      Inmate
      Inmate File
      File

(Exibit 14.)

*An Equal Opportunity Employer*

*Arkansas*

# Department of Correction

*Maximum Security Unit*
**2501 State Farm Road**
**Tucker, Arkansas 72168-9503**
**Phone:  (501) 842-3800 FAX:  (501) 842-1977**

---

To:         Inmate: Williams, David   ADC# 078730

From:       Unit Classification Committee

Re:         Administrative Segregation Classification Hearing Results

Date:       October 18, 2000

You were given a hearing by the Maximum Security Unit Classification Committee on the date of <u>October 18, 2000</u> at <u>9:47am</u> regarding Assignment to Administrative Segregation.   You presented the following statement(s), document(s), and/or witness statement(s) in your behalf: (Document(s) and/or witness statement(s) are attached to State File Copy.

_____

_____


It was the decision of the Unit Classification Committee to ☒ Assign ☐ Not Assign you to Administrative Segregation for the following reason(s):


☐       Seriousness of offense resulting in placement on Maximum Security Status.

☒       Threat to the Security and Good Order of the Institution.

☐       Requires protection from themselves and/or others require Maximum protection from them.


Factual Basis for Decision: <u>Inmate was assigned to Admin. Seg. when he was transferred to East Arkansas</u>
<u>Regional Unit.</u>

_____


Inmates on Administrative Segregation are reviewed every (60) sixty days.   Inmates may also request a Classification Hearing after they have been in the Segregation Classification for (30) thirty days, if their request includes information not previously made available to the Unit Classification Committee.


Xc:    Institutional File
       Inmate                                    (Exibit 15.)

6-28

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | | |
|---|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review | XXX | Special Consideration ☐ |
| Inmate's Name | **Williams, David** | Warden's Review ☐ | | Date of Initial |
| ADC# | 078730 | Director's Review ☐ | | Assignment 10/18/2000 |
| DATE | 12/20/2000 | | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

☒ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                     VOTE

| | | |
|---|---|---|
| Mr. S. Outlaw, Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN ( ) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*[handwritten, illegible]*

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation

☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

☒ Inmate has a history of assault on other inmates

☐ Inmate has a history of assault on staff personnel

☒ Inmate is a threat to the security and good order of the institution

☐ Inmate has been a disciplinary problem since assignment

☐ Inmate must regain Class II before being considered for release

☐ Inmate has history of threatening other inmates and/or staff personnel

☐ Inmate indicates a chronic inability to adjust in the general population

☐ Other _____

☐ Release from segregation

☐ Inmate is not a threat to the security and good order of the institution

☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

☐ Inmate no longer indicates a chronic inability to adjust in the general population.

☐ Other _____

## WARDEN'S REVIEW

5098

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

_____     12/20/00     (Exibit 16.)

WARDEN'S SIGNATURE              DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

6-28

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review | ☒ |
| Inmate's Name | **Williams, David** | Warden's Review | ☐ |
| ADC# | **078730** | Director's Review | ☐ |
| DATE | **02/07/2001** | | |

Special Consideration ☐
Date of Initial
Assignment **10/18/2000**

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                                    VOTE

| | | |
|---|---|---|
| Mr. S. Outlaw, Assistant Warden | REMAIN (✓) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN (✗) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN (✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

_Inmate wanted to know the reason why he was continually being held in ad seg if two members of the committee voted to release him._

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☒ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☒ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other

## WARDEN'S REVIEW

5098

☒ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

_B. Harmon_                                    2/14/01    ( Exibit 17.)
WARDEN'S SIGNATURE                             DATE

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

6-28

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | | |
|---|---|---|---|---|
| Institution **Maximum Security Unit** | 60 Day Review | XXX | Special Consideration | ☐ |
| Inmate's Name **Williams, David** | Warden's Review | ☐ | Date of Initial | |
| ADC# **078730** | Director's Review | ☐ | Assignment **10-18-2000** | |
| DATE **04-18-2001** | | | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

XXX Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | |
|---|---|---|
| Mr. S. Outlaw, Assistant Warden | REMAIN ( ✓ ) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN ( ✓ ) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

The ask if we were holding 1982 murder charge against him

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation

   ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

   ☒ Inmate has a history of assault on other inmates

   ☐ Inmate has a history of assault on staff personnel

   ☒ Inmate is a threat to the security and good order of the institution

   ☐ Inmate has been a disciplinary problem since assignment

   ☐ Inmate must regain Class II before being considered for release

   ☐ Inmate has history of threatening other inmates and/or staff personnel

   ☐ Inmate indicates a chronic inability to adjust in the general population

   ☐ Other _____

☐ Release from segregation

   ☐ Inmate is not a threat to the security and good order of the institution

   ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

   ☐ Inmate no longer indicates a chronic inability to adjust in the general population.

   ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

5098

(Exibit 18.)

WARDEN'S SIGNATURE _____     DATE 4/18/?1

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

6-28

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | |
|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review **XXX**   Special Consideration ☐ |
| Inmate's Name __Williams, David__ | Warden's Review ☐   Date of Initial |
| ADC# __078730__ | Director's Review ☐   Assignment __10/18/2000__ |
| DATE __06/13/2001__ | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
**XXX** Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | |
|---|---|---|
| Mr. T. James, Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN (X) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health  _Reid R. Mell Ph)_ | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

_Inmate requested that an older inmate be placed in the cell next to him. Stated younger inmates are always wrapping + talking about their sexuality._

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation

  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☑ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☑ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other _____

☐ Release from segregation

  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____

## WARDEN'S REVIEW

5098

☑ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

_B. Hermo_                          6/13/01         (Exibit 19.)
WARDEN'S SIGNATURE                    DATE

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

W-30

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | |
|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review ☒ | Special Consideration ☐ |
| Inmate's Name __Williams, David__ | Warden's Review ☐ | Date of Initial |
| ADC# __078730__ | Director's Review ☐ | Assignment __10/18/2000__ |
| DATE __08/15/2001__ | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | |
|---|---|---|
| Mr. T. James, Assistant Warden | REMAIN (✓) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN (X) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN (X) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN ( ✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*Refused to appear*

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
　☒ Inmate has a rebellious and aggressive conduct, behavior and attitude
　☐ Inmate has a history of assault on other inmates
　☐ Inmate has a history of assault on staff personnel
　☒ Inmate is a threat to the security and good order of the institution
　☐ Inmate has been a disciplinary problem since assignment
　☐ Inmate must regain Class II before being considered for release
　☐ Inmate has history of threatening other inmates and/or staff personnel
　☐ Inmate indicates a chronic inability to adjust in the general population
　☐ Other _____

☐ Release from segregation
　☐ Inmate is not a threat to the security and good order of the institution
　☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
　☐ Inmate no longer indicates a chronic inability to adjust in the general population.
　☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

5098

(Exhibit 20.)

WARDEN'S SIGNATURE _____        DATE __8/15/01__

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

5-14

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review ☐ | Special Consideration ☐ | |
| Inmate's Name __Williams, David__ | Warden's Review ☒ | Date of Initial | |
| ADC# __078730__ | Director's Review ☐ | Assignment __10/18/2000__ | |
| DATE __10/10/2001__ | | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

☒ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | |
|---|---|---|
| Mr. T. James, Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Major R. Wimberly, C.S.O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN (X) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

_Inmate stated he needed a new blanket. Major Wimberly was advised to replace old one._

## PSYCHOLOGICAL EVALUATION RESULTS:  (See Attached)

## ACTION/REASON

☒ Continued Segregation

   ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

   ☐ Inmate has a history of assault on other inmates

   ☐ Inmate has a history of assault on staff personnel

   ☒ Inmate is a threat to the security and good order of the institution

   ☐ Inmate has been a disciplinary problem since assignment

   ☐ Inmate must regain Class II before being considered for release

   ☐ Inmate has history of threatening other inmates and/or staff personnel

   ☐ Inmate indicates a chronic inability to adjust in the general population

   ☐ Other _____

☐ Release from segregation

   ☐ Inmate is not a threat to the security and good order of the institution

   ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

   ☐ Inmate no longer indicates a chronic inability to adjust in the general population

   ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

A 5098

_____          __10/10/01__

WARDEN'S SIGNATURE                      DATE

(Exibit 21.)

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

S-14

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review ☒XXX | Special Consideration ☐ |
| Inmate's Name | **Williams, David** | Warden's Review ☐ | Date of Initial |
| ADC# | 078730 | Director's Review ☐ | Assignment 10/18/2000 |
| DATE | 12/12/2001 | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒XXX Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                                      VOTE

| | | |
|---|---|---|
| Mr. T. James, Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Major R. Wimberly, C. S. O. | REMAIN ( ) | RELEASE ( ) |
| Major J. Kleiner, Field Security | REMAIN ( ) | RELEASE ( ) |
| Ms. T. Goodwin, Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☐ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☑ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other _____

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

5098

(Exibit 22.)

_____           12/12/01
WARDEN'S SIGNATURE                   DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

*Your Copy*

## TUCKER MAXIMUM SECURITY UNIT
### REQUEST

TO: MR. ENGSTROM / MENTAL HEALTH          08 FEB. '02

FROM: DAVID HUGH WILLIAMS
#78730   BKS: 5-14

RE:   ANGER MANAGEMENT

     MR. ENGSTROM:
     I AM WRITING TO REQUEST THAT I BE ALLOWED TO
TAKE ANGER MANAGEMENT.
     THANK YOU FOR YOUR TIME AND ASSISTANCE.

                              SINCERELY,
                    /S/ David Hugh Williams #78730
                         DAVID HUGH WILLIAMS #78730

STATE OF ARKANSAS      :
COUNTY OF Jefferson    :

     SUBSCRIBED AND SWORN TO BEFORE ME, A NOTARY
ON THIS ___8___ DAY OF ___Feb.___ 2002.
MY COMM. EX NOV 30, 2004.  /S/ Sgt. V. Ahemad
                              NOTARY PUBLIC

CC: FILE

                              ( Exibit 29. )

TO: MR. Guirl / S. A. T. P.
From: David Williams #78730 / Cell #5-14
Re: S A T P
Date: 2/8/02


MR. Guirl,

Requesting that I be allowed SATP.
Thank You for Assistance.

Sincerely
David Williams 78730

David Williams

David Williams #78730
Max. Sec. Unit
2501 State Farm Rd.
Tucker, AR.   72168


State of Arkansas :
County of Jefferson :

Subscribed and sworn to before me, a notary on this
__8__ day of _Feb_ 2002.
My comm. Ex. NOV 30, 2004      /s/ Sgt. V. Thomas
                                 Notary Public

(Exibit 24.)


CC: File

5-14

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | | |
|---|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review | ☒ | Special Consideration ☐ |
| Inmate's Name | **Williams, David** | Warden's Review ☐ | | Date of Initial |
| ADC# | **078730** | Director's Review ☐ | | Assignment **10/18/2000** |
| DATE | **02/13/2002** | | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

☒ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | |
|---|---|---|
| Assistant Warden | | REMAIN (✓)   RELEASE ( ) |
| Chief Security Officer | | REMAIN ( )   RELEASE ( ) |
| Field Security | | REMAIN (X)   RELEASE ( ) |
| Classification Officer | | REMAIN (X)   RELEASE ( ) |
| Mental Health | | REMAIN ( )   RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*Inmate wanted to know of the reason why he was still being held down was because of the written Disc. Response in 1982.*

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation

  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

  ☐ Inmate has a history of assault on other inmates

  ☐ Inmate has a history of assault on staff personnel

  ☒ Inmate is a threat to the security and good order of the institution

  ☐ Inmate has been a disciplinary problem since assignment

  ☐ Inmate must regain Class II before being considered for release

  ☐ Inmate has history of threatening other inmates and/or staff personnel

  ☐ Inmate indicates a chronic inability to adjust in the general population

  ☐ Other _____

☐ Release from segregation

  ☐ Inmate is not a threat to the security and good order of the institution

  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.

  ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

5098

WARDEN'S SIGNATURE                    DATE   2/13/02

(Exibit 25.)

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

C-800-5

ATTACHMENT I

### GRIEVANCE FORM

For Office Use Only

UNIT/CENTER _Max, Sec_

**RECEIVED**

FEB 19 2002

Grievance Officer
Maximum Security Unit

# _MX020089_

Date Received

(403)

NAME (Please Print) _David Williams_    ADC # _78730_

BARRACKS _5-14_    JOB ASSIGNMENT _A/S_

Have you discussed this problem with your immediate supervisor? YES _X_ NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: _Request tape recorder in classification_
_so that records are kept as proof of professional_
_conduct and periodical review every sixty (60)_
_days is meaningful as layed down ordered under_
_due process clause. Warden's Harmon's refusal to discuss reason(s),_
WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? _for continued Ad. Seg. and no programs_
_or Rehab opportunities (2/13/02)_
_(60 Day Review)_
_So Job Performance May Be Evaluated &_
_Place tape recorder in classification committee so_
_accurate records of review are available._

Inmate Signature _David Williams_    Date _2/17/02_

IS THIS AN EMERGENCY SITUATION? YES ___ NO _X_ If so, why? (Provide Explanation) _____

_Was requesting respectfully when Warden Harmon cuts me_
_off and starts yelling "Get Him Out Of Here, Get Him_
_Out of Here.)_

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.    **RECEIVED**

FEB 28 2002

(To be filled out by Receiving Officer)

### RECEIPT FOR EMERGENCY SITUATIONS

INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

OFFICER (Please Print) _A A Lewis SP_

FROM WHICH INMATE? _Williams, D_    ADC # _78730_

DATE _2/15/2002_    TIME _Approx 7:05p_

_A Lewis SP_    (Exhibit 27b, P. 1 of 2)

Signature of Receiving Officer

David H. Williams                 78730         **Back of Attachment II**
                                                MX-02-0689

INMATE NAME _____ ADC #_____ GRIEVANCE #_____

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed this grievance dated 2/17/2002 in which you state, "Request tape recorder in classification so that records are kept as proof of professional conduct and periodical review every sixty (60) days is meaningful as layed down ordered under due process clause. Warden's Harmon's refusal to discuss reason(s), for continued Ad.Seg. and no programs or Rehab opportunities (2/13/02), 60 Day Review." I have also reviewed a statement from Warden Harmon in regards to your complaint as well as your institutional records.

Please be advised Inmate Williams, Warden Harmon denies your allegations and you provide no factual evidence and/or corroborating information in this grievance to indicate that your 60 Day Reviews are not being conducted in accordance with proper policies and procedures.

I find no merit to your complaint and no action appears warranted from my office at this time.

**Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/ Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.**

_____              6-25-02
**Signature**                         **Date**  ( Exibit 2b, P. 2 of 2 )

C-800-6

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**

UNIT/CENTER _Max. Sec_ **RECEIVED**

For Office Use Only

\# _MY020725_

**FEB 2 1 2002**

Grievance Officer
Maximum Security Unit

Date Received

(207)

NAME (Please Print) _David Williams_   ADC # _78730_

BARRACKS _5-14_   JOB ASSIGNMENT _A/S_

Have you discussed this problem with your immediate supervisor? YES _X_ NO ___ NATURE OR DESCRIPTION OF THE PROBLEM:

_Request guidlines for continued Ad. Seg. Review that the Boiler Plate Excuse of "Threat To Security", be clearly defined, detail explanations to questions. Boiler Plate Langauge is Not sufficient Justification, for Continued Ad. Seg._

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

_#1. Request Policy & Standards set concerning Ad. Seg. limits on time for Rule Violations or No Rule Violations. #2 Request Program began so inmates may "BY GOOD BEHAVIOR" work to be released to Population (criteria)_

Inmate Signature _David Williams_   Date _2/20/02_

IS THIS AN EMERGENCY SITUATION? YES ___ NO _X_ If so, why? (Provide Explanation) _ _____

_____

_____

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_____

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) _CO-I Wilburn_   APR 8 2002

FROM WHICH INMATE? _D. Williams_   ADC # _78730_

DATE _02-20-02_   TIME _6:46 pm_

_CO-I W. (brew_   (Exibit 27, P. 1 of 3)

Signature of Receiving Officer

C-800-6

Attachment II

INMATE NAME ___Williams, D.___ ADC # __078730__ GRIEVANCE # __MX#02-00725__

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated 02/20/2002.  A unanimous decision was made by the
Unit Classification Committee, based on your institutional record for you to remain in
Administrative Segregation.

If you are not satisfied with my response, you may appeal my decision to Mr. R. Hobbs,
Chief Deputy director, within (10) days.

_B. Harmon_     WARDEN     _3/3/02_
Signature of ARO or Warden's/Supervisor's Designee    Title     Date

## INMATE'S APPEAL   APR 8 2002

If you are not satisfied with this response, you may appeal this decision within five days by filling in the
information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you
are appealing the decision to the original complaint.  Do not list additional issues which are not a part of your
complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? *Once again I receive standard
BOILERPLATE RESPONSE THAT HAS ABSOLUTELY NO BEARING UPON
WHAT I REQUESTED. Over 6½ year straight on Ad. Seg, nearly 3 years
since returned from Utah Ad. Seg, and NO CRITERIA set forth
by continued GOOD BEHAVIOR to be released back to population.
A workable timetable attainable for population and a policy/standard
A.R. that states certain charge, certain amount of Ad. Seg. time.*

_David Williams_     _78730_     _3/26/02_
Inmate Signature     ADC #     Date

(Exibit 5, P. 2 of 3)
27

David H. Williams                    78730                    MX-02-0725

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed this grievance dated 2/20/02 in which you state, "Request guidelines for continued Ad. Seg. Review that the Boiler Plate Excuse of Threat To Security, be <u>clearly</u> defined. Detail explanations to questions. Boiler Plate Langauge is not sufficient Justification, for continued Ad. Seg."  You state to resolve, "Request Policy & Standards set concerning Ad. Seg. limits on time for Rule Violations or No Rule Violations.  Request Program began so inmates may BY GOOD BEHAVIOR, work to be released to population (criteria)."  I have also reviewed Warden Harmon's response, your appeal to my office and your institutional records.

Please be advised Inmate Williams, according to policy, inmates may be confined to segregation for, but not limited to, the following reason:

    1.  The offender is potentially dangerous to himself or others;

    2.  The offender poses a serious escape risk;

    3.  The offender requests protection or is deemed by staff to require protection;

    4.  The offender requires immediate mental health evaluation and cannot be in contact with general population offenders;

    5.  The offender requires medical isolation and medical housing is not otherwise available;

    6.  Any other circumstances where, in the judgment of staff, the offender may pose a threat to the security of the facility; or

    7.   The offender is in transfer status to a higher security institution.

    The Administrative Regulation and Directive on Administrative Segregation provides for periodic review of inmates so assigned.  The decision on whether to continue Ad. Seg. or release from Ad. Seg. is made by the Classification Committee.  Policy does not provide criteria by which an inmate may work their way off Ad. Seg.

The Policy and Standards concerning Ad. Seg.  which is AR 836 and AD 01-11 should be available to you through your Unit Law Library.

Furthermore, as I stated to you back on 6-17-00, records show that you were transferred to Utah as a direct result of the incident in which you were attacked in 1995.  The attack was precipitated by your drug dealing activities.  You were returned from the Utah State Prison on the date of 06/28/99 from Inter-State Compact after the Arkansas Department of Correction had opened some new maximum security beds at the East Arkansas Regional Unit and the ADC was able to separate a number of the maximum custody inmates.  You were housed at the Maximum Security Unit prior to transferring to Utah on Inter-State Compact and was involved in an incident prior to your departure.  Due to your sentence, your history of murder in the prison, your past drug dealing activities, you are considered a threat to the security of the institution and an Administrative Segregation assignment is appropriate until such time as the Unit Classification Committee feels comfortable in releasing you to general population.

Based upon the above stated information, I find that your assignment to Administrative Segregation is appropriate at this time as well as in accordance with proper policies and procedures.

I find no merit to this grievance and no action appears warranted from my office.

Appeal denied.

(Exibit 27, P.3of3)

7-5-02

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**
UNIT/CENTER Max. Sec.

RECEIVED

MAR 0 4 2002

Greivance Officer
Maximum Security Unit

For Office Use Only
# MX020894
Date Received

NAME (Please Print) David Williams                     ADC # 78730

BARRACKS 5-14                     JOB ASSIGNMENT A/S

Have you discussed this problem with your immediate supervisor? YES ✗ NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: On this date of 2/2/02, I wrote Mr. Engstrom ~~Engstrom~~
Mental Health and Mr. Gurl, S.A.T.P. wrote Mr. Gurl to take S.A.T.P course &
wrote Mr. Engstrom concerning ANGER MANAGEMENT course. Neither
person has even shown the curtesy to respond to my desire to improve
myself, which I find offensive and sadly odd since they were hired to be
professionals. Correct? Also, policy states we are to see mental health every 90
days. Only seen once in close to 3 years.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?
Equal Protection: Desire/Need to take both these courses to
improve MYSELF. Order mental health to evaluate inmates (ALL),
as A.D. 96-08, Subject Ad Seg. MUST REVIEW, Psychological assessment AT LEAST
every 90 days.

Inmate Signature David Williams                     Date 3/1/02

IS THIS AN EMERGENCY SITUATION? YES ___ NO ✗ If so, why? (Provide Explanation) _____

Only way for mental health to review/assess is call inmates to
office and probe each man's brain. Thank you!

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

APR 1 5 2002

INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) C2  . McBryde

FROM WHICH INMATE? David Williams            ADC # 78730

DATE 3-4-0?                     TIME 5¹⁰ pm

M. McBrid
Signature of Receiving Officer   (Exibit 28., P. 1 of 3)

C-800-6

Attachment II

INMATE NAME ___Williams, D.___ ADC # ___078730___ GRIEVANCE # ___MX#02-00894___

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated 03/01/2002.  Mr. Engstrom, Mental Health, has advised that your name is on the waiting list for Anger Management.

If you are not satisified with my response, you may appeal my decision to Mr. R. Hobbs, Chief Deputy director, within (10) days.

_____Signature of ARO or Warden's/Supervisor's Designee_____   WARDEN   Title   RECEIVED 4/1/02 Date

APR 15 2002
INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you are appealing the decision to the original complaint.  Do not list additional issues which are not a part of your complaint.   (Received on 4/8/02)

### WHY DO YOU NOT AGREE WITH THE RESPONSE?

#1.) Mr Engstrom in the infirmary told me PAROLE people have top priority, I told him I can only go up for Clemency every (4) four years and they get special treatment consideration when they go up every year! I only go up every four yrs, and I go up August 2002, this year, and just as important to me or more so than a parole inmate.

#2.) Mr Harmon didn't answer why mental health is not following Ad.Dir.96-08 assessed at least every 90 dys.

#3.) Mr Harmon didn't address why I'm denied S,A,T,P, I meet clemency board this year and would like to present a completed S,A,T,P, & Anger Management programs in my JACKET!

_____David Williams_____ Inmate Signature   78730 ADC #   4/8/02 Date

(Exibit 28., P. 2 of 3)

NAME: Public or Government body, board, bureau, commission, State Agency, political subdivision of the State, organization, corporation, entity, municipality, county, law enforcement department, Prosecuting Attorney, Court, etc. as defined by ARKANSAS FREEDOM OF INFORMATION ACT – Ark. Code Ann. Secs. 25-19-101 – 25-19-107.

DAVID HUGH WILLIAMS #78730          APPLICANT/ CITIZEN

GEORGE BREWER / CLASSIFICATION ADMINISTRATOR   OFFICER/ CUSTODIAN

<div align="center">

REQUEST UNDER THE
ARKANSAS FREEDOM OF INFORMATION ACT
*(Ark. Code Ann. Sections 25-19-101 – 25-19-107)*

</div>

This is a request for copies of documents and access, provided by mailing, pursuant to the provisions of the Arkansas Freedom of Information Act, of the following: *(IDENIFY THE RECORDS CLEARLY)*

**1.** ANY ADMINISTRATIVE REGULATION, Directive, POLICY, MEMORANDUM AND/OR INTER-OFFICE COMMUNICATION, which List the Criteria FOR AN INMATE TO WORK THEIR WAY OFF ADMINISTRATIVE SEGREGATION.

NOTE: I Do (NOT) wish to OBTAIN ANY COPIES (AT This Time) I merely Seek ACCESS TO THE ABOVE CITED Documents FOR The EXERCISE OF MY RIGHT TO INSPECT SAME under this ACT.

THANK-YOU FOR YOUR TIME AND ASSISTANCE IN this MATTER.

~~Applicant/ Citizen is an indigent prisoner incarcerated in the Arkansas Department of Correction. (*Attached is an Affidavit verifying indigency pursuant to Ark. Code Ann. Sections 25-19-101, 25-19-107, and 16-58-133.*)~~

Section 25-19-105 provides:

Reasonable access to these records and reasonable comforts and facilities for the full exercise of the right to inspect and copy such records shall not be denied to any citizen.

Section 25-19-105 provides further:

Exibit 29, P. 1 of 3)

If the record is in active use or in storage and, therefore, not available, at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) days at which time the record will be available for the exercise of the right given by this Act. (*Acts 1967, No. 93 SS 4, p. 208.*)

Section 25-19-104 provides:

Penalty – Any person who willfully and knowingly violates any of the provisions of this Act (*Sections 25-19-101 – 25-19-107*) shall be guilty of a misdemeanor and shall be punished by a fine of not more than $200, or 30 days in jail, or both. (*Acts 1967, No. 93, Section 7, p. 208.*)

If all or any part of this request, or the manner in which compliance is requested, is denied, please specify the denial, the reasons, and cite the specific exemption(s) which you think justifies or supports your refusal(s) to provide these documents as requested.

Your prompt and expeditious handling of this request will be appreciated.

/S/ *David Hugh Williams*
Applicant/Citizen

ADC # 78730

Arkansas Department of Corrections

*Maximum Security* Unit

*Jefferson* County

*Tucker*, AR 72168

STATE OF ARKANSAS          )
                           ) SS
COUNTY OF *Jefferson*      )

SUBSCRIBED AND SWORN BEFORE ME, A NOTARY PUBLIC, ON THIS 4th DAY OF *April*, 2002.

*Jackie L. Davis*
NOTARY PUBLIC

My Commission Expires: *April 27, 2005*

(Exibit 29, P. 2 of 3)

Pg. 2 of 3

## CERTIFICATE OF SERVICE

On _April 4th_, 20_02_, a copy of the foregoing

REQUEST UNDER THE ARKANSAS FREEDOM OF INFORMATION ACT was

mailed to _Mr. George Brewer_, _Classification Administrator_

        *(Officer)*                           *(Title)*

_A.D.C./central/office_, at _P.O. Box 8707_,

               *(Government Agency or Public Body)*

_Pine Bluff_, Arkansas, _71611-8707_.

/s/ _David Hugh Williams_

Applicant, ADC # _78730_

( Exibit 29, P. 3 of 3 )

## ARKANSAS DEPARTMENT OF CORRECTION

### Inter-Office Communication

TO:      David Williams, ADC #78730, MSU

FROM:   George Brewer, Classification Administrator

RE:      Your Letter

DATE:   April 10, 2002

    The Administrative Regulation and Directive on Administrative Segregation provides for periodic review of inmates so assigned.  The decision on whether to continue Ad. Seg. or release from Ad. Seg. is made by the classification committee.  Policy does not provide criteria by which an inmate may work their way off Ad. Seg.

    AR 836 and AD 01-11 should be available through the unit law library.

GB/mc

Cc:  Warden Harmon
     File

(Exibit 30)

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**
UNIT/CENTER ___Max, Sec___ RECEIVED

For Office Use Only
# MY02-1543

APR 1 8 2002

Date Received

NAME (Please Print) __David Williams__   Grievance ~~Office~~ Maximum Security U. ADC # __78730__

BARRACKS __5-14__   JOB ASSIGNMENT __A/S__

Have you discussed this problem with your immediate supervisor? YES _X_ NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: On 4/15/02, I sent Classification Office
Ms. Brim a notarized affidavit concerning not receiving my "Pink Slip"
Copy of 60 day review. Warden James ask me in 60 dy. rev., "Know you have numerous
questions, so lets get to it." Told him, "Only have one question, "What is the Criteria/Standard
for release from Ad. Seg. to Population." He states, "this rev. committee." Then, I state, "No
I mean with Good Behavior, how many days, months, years, programs, etc., to work way to Pop.
Ms. Brim send 60 dy. rev. stating the following, "Wants to know how long he can stay on
(Pink slip Signed by W. Harmon on 4/15/02)   Ad. Seg., is there a certain number of days, months?
WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?"
They way Ms. Brim wrote this is like I'm on a fun time vacation and
want to stay as long as possible!! Send me A 60 day review form
"Pink Slip", with MY question set forth in classification committee's affidavit to Ms. Brim.

Inmate Signature __David Williams__   Date __4/17/02__

IS THIS AN EMERGENCY SITUATION? YES ___ NO _X_ If so, why? (Provide Explanation) _____
I want what transpired? The question, "What is the Criteria/
Standard for release from Ad. Seg. to Population, on my "Pink Slip",
60 day review Ad. Seg., Issue me a Correct Copy of EVENT.
(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

RECEIVED
MAY 2 4 2002
INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) __CO' Daniel   CO' Daniels__

FROM WHICH INMATE? __5-14 David Williams__ ADC # __78730__

DATE __4-17-02__   TIME __10:07 Am__

__CO' Daniel__   (Exibit 31 , P. 1 of 3)
Signature of Receiving Officer

This IS A PRIME EXAMPLE OF WHY A TAPE RECORDER NEEDS
TO BE PUT BACK IN CLASSIFICATION!

C-800-6

Grievance I Filed MX#00689 on Warden Harmon    Attachment II

INMATE NAME ___Williams, D.___  ADC # ___078730___  GRIEVANCE # ___MX#02-01543___

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated 04/17/2002. Ms. Brim, Classification Officer, has
advised that you were issued the item you requested. This should have resolved your
complaint.

If you are not satisified with my response, you may appeal my decision to Mr. R. Hobbs,
Chief Deputy director, within (10) days.

_____     WARDEN _____  5/1/02
Signature of ARO or Warden's/Supervisor's Designee    Title          RECEIVED Date

MAY 24 2002
INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five days by filling in the
information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you
are appealing the decision to the original complaint. Do not list additional issues which are not a part of your
complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? On 4/15/02, I sent Ms. Brim
a Affidavit, with my One(1) question and Assistant Warden T. James
response. On 4/15/02 Warden Harmon signed "Ad. Seg. Review" form, with
A CRAZY RESPONSE! On 4/17/02, I received A/s Review and
immediately filed this grievance. I ask ONLY One(1) simple question
in 60day review and given stated response in this grievance by Mr. James
Want my question as transpired on A/s Review form: WHAT IS THE
CRITERIA/STANDARD FOR RELEASE FROM Ad. Seg. to Population?

__David Williams__      __78730__      __5/18/02__    ┌─────────┐
Inmate Signature        ADC #           Date          │Exbit 31,│
                                                       │P. 2 of 3│
                                                       └─────────┘

All I Requested Was A Correct Copy And As Yet Not Received.

If Ms. Brim on Amendment IV grievance statement, states I was issued
what I requested THEN She FALSIFIED DOCUMENT ON OFFICIAL
STATE INVESTGATION.

TO: High Security Housing Counselor
From: David Williams # 78730/Cell #5-14
Date: 5/7/02


Greetings & Good Cheer,

Unsure who exactly is our Counselor for H.S.H., yet I know there must be one, as policy 10.1.01 states.

Request a INTERVIEW, so I may receive the counsel I need, as I've numerous questions

Respectfully Submitted,
David Williams #7873

(Exibit 32.)

file

*my copy*

NAME:  Public or Government body, board, bureau, commission, State Agency, political subdivision of the State, organization, corporation, entity, municipality, county, law enforcement department, Prosecuting Attorney, Court, etc. as defined by ARKANSAS FREEDOM OF INFORMATION ACT – Ark. Code Ann. Secs. 25-19-101 – 25-19-107.

David Williams #78730/cell #5-35                    APPLICANT/ CITIZEN

Greg Harmon / Warden, Max.Sec.Unit                    OFFICER/ CUSTODIAN

REQUEST UNDER THE
ARKANSAS FREEDOM OF INFORMATION ACT
*(Ark. Code Ann. Sections 25-19-101 – 25-19-107)*

This is a request for copies of documents and access, provided by mailing,

pursuant to the provisions of the Arkansas Freedom of Information Act, of the following:

*(IDENIFY THE RECORDS CLEARLY)*

On 5/7/02, I sent a letter addressed to: High Security Housing Counselor. Requested INTERVIEW as I've numerous questions that I require the EXPERTISE of this trained and qualified official to COUNSEL my Needs, Problems & Desires for Future. Several other inmates also requested interview with our Counselor, None of us heard from Counselor.

SO, this Request Under F.O.I.A. is Simple: Per Your Own Max Policy #10.1.01, I request Name and what regular hours our Counselor is present for Interviews? On Record Who Is Our COUNSELOR? Thank you!

Applicant/ Citizen is an indigent prisoner incarcerated in the Arkansas

Department of Correction. (*Attached is an Affidavit verifying indigency pursuant to Ark. Code Ann. Sections 25-19-101, 25-19-107, and 16-58-133.*)

Section 25-19-105 provides:

Reasonable access to these records and reasonable comforts and facilities for the

full exercise of the right to inspect and copy such records shall not be denied to any

citizen.

Section 25-19-105 provides further:

(Exibit 33?., P. 1 of 3)

If the record is in active use or in storage and, therefore, not available, at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) days at which time the record will be available for the exercise of the right given by this Act. (*Acts 1967, No. 93 SS 4, p. 208.*)

Section 25-19-104 provides:

Penalty – Any person who willfully and knowingly violates any of the provisions of this Act (*Sections 25-19-101 – 25-19-107*) shall be guilty of a misdemeanor and shall be punished by a fine of not more than $200, or 30 days in jail, or both. (*Acts 1967, No. 93, Section 7, p. 208.*)

If all or any part of this request, or the manner in which compliance is requested, is denied, please specify the denial, the reasons, and cite the specific exemption(s) which you think justifies or supports your refusal(s) to provide these documents as requested.

Your prompt and expeditious handling of this request will be appreciated.

*David Williams*
_____
Applicant/Citizen

ADC # __78730__

Arkansas Department of Corrections

__Max. Sec.__ Unit
__2501 State Farm Road__
__Tucker__ AR __72168__

STATE OF ARKANSAS                     )
                                      ) SS
COUNTY OF __Jefferson__ )

SUBSCRIBED AND SWORN BEFORE ME, A NOTARY PUBLIC, ON THIS __21st__ DAY OF __May__ , 20 __02__ .

*Jackie R. Davis*
_____
NOTARY PUBLIC

My Commission Expires: __April 27, 2005__

(Exibit 33, P. 2 of 3)

<u>CERTIFICATE OF SERVICE</u>

On _5/21/02_____, 20 _02_, a copy of the foregoing

REQUEST UNDER THE ARKANSAS FREEDOM OF INFORMATION ACT was

mailed to _Greg Harmon_____, _Warden, M.S.U._

   *(Officer)*                              *(Title)*

_A.D.C._, _M.S.U_____,

   *(Government Agency or Public Body)*

at _Tucker_____, Arkansas, _72168_.

~~David~~ Williams
Applicant,   ADC # _78730_

(Exhibit 3B, P. 3 of 3)

**ATTACHMENT I**

C-800-5

### GRIEVANCE FORM

For Office Use Only

UNIT/CENTER _MAX. SEG_ **RECEIVED**

# _MX022254_

**JUN 1 0 2002**

Date Received

Greivance Officer
Maximum Security Unit

NAME (Please Print) _DAVID WILLIAMS_ ADC # _78730_

BARRACKS _5-35_   JOB ASSIGNMENT _A/S_

Have you discussed this problem with your immediate supervisor? YES _X_ NO ____ NATURE OR DESCRIPTION OF THE PROBLEM: On 5/21/02, sent a "Freedom of Information Act" to Warden Harmon, Requesting clearly, on Max. Sec. Records who is assigned to High security Housing as Counselor and what regular hours our Counselor is present for Interviews? Per: Warden Harmon's own policy MX#10.1.01, On Record Who is our Counselor? On 5/20/02, I sent Warden Harmon a "Freedom of Information Act", Requesting to Know Any/ALL Bible Study Certificates Placed in my inmate jacket "from 1986 thru 1996," "from 1999 thru Current May 29 2002.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? Penalty Pursuant to provisions of this Act (Sec. 25-19-101 – 25-19-107) (Act 1967, NO. 93, Sec. 7, p. 208) be inforced upon Harmon for disregard of my rights and that my request be provided PROMPTLY. Thank You.

| Neither one of these "Freedom of Information Acts", have been answered in a timely, efficient and/or PROFESSIONAL MANNER over 2½ weeks and no response!

Inmate Signature _David Williams_   Date _6/9/02_

IS THIS AN EMERGENCY SITUATION? YES ____ (NO) _X_ If so, why? (Provide Explanation) _____

_____

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

(To be filled out by Receiving Officer)

### RECEIPT FOR EMERGENCY SITUATIONS

**RECEIVED**

**JUL 08 2002**

OFFICER (Please Print) _CC. Scott_

INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

FROM WHICH INMATE? _D. Williams_   ADC # _78730_

DATE _6/9/02_   TIME _6:37_

_T. Scott_

Signature of Receiving Officer

(Exibit 34, P. 1 of 4)



ADC **78730**
*INMATE* **Williams, David**
*BARRACKS* **05/14**

# *Message From The Chaplain*

*DATE* **05/08/02**

**Mr. Williams, David**

Your certificate have been placed in your jacket.

*Sincerly,*

**Larry B. Shaw, M.Div.**
**Chaplain MSU**

**RECEIVED**

JUL 08 2002

INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

LBS/jhcIII

**Maximum Security Unit Chape** 
**Tucker, Arkansas**

(Exhibit 3#, P. 2 of 4)

Exhibit "A"

C-800-6

Attachment II

INMATE NAME ___Williams, D.___   ADC # ___078730___   GRIEVANCE # ___MX#02-02254___

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated 06/09/2002. Chaplain Shaw, Unit Chaplain, is qualified as a counselor, as well as Mental Health staff. <u>Your institutional file does not contain any Bible Study Certificates.</u>

If you are not satisified with my response, you may appeal my decision to Mr. R. Hobbs, Chief Deputy director, within (10) days.

**RECEIVED**

JUL 0 8 2002

INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

_B. Harmon_ _____   WARDEN   _6/21/02_
Signature of ARO or Warden's/Supervisor's Designee   Title   Date

Question: When do officials here at M.S.U. get tired of lying to me or about me?

**INMATE'S APPEAL**   (RECEIVED 6-26-02)

FIVE DAYS TO REACH ME IN 3ARM UNIT

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues which are not a part of your complaint.

**WHY DO YOU NOT AGREE WITH THE RESPONSE?** BECAUSE I DID NOT REQUEST WHO WAS QUALIFIED TO BE A COUNSELOR — I SPECIFICALLY REQUESTED WHO IS ASSIGNED TO HIGH SECURITY HOUSING AS COUNSELOR AND WHAT ARE THE HOURS OF WHICH THIS "COUNSELOR" IS. BECAUSE PER **MS. #10.1.0** THERE IS SUPPOSED TO BE A COUNSELOR ASSIGNED TO ❸ THE HIGH SECURITY SECTION HOUSING (5 BKS) WHERE I AM ASSIGNED AND I HAVE NEVER ONCE SEEN SUCH A CREATOR.

MOREOVER, WARDEN HARMON TOTALLY DISREGARDED MY ARK. FREEDOM OF INFO. ACT REQUEST FAILING TO COMPLY WITH THE LAW AND RESPOND IN A TIMELY MANNER AND IN FACT, HAD I NOT FILED THIS GRIEVANCE IT'S VERY UNLIKELY HE WOULD HAVE RESPONDED. HE HAS NO RESPECT/REGARD FOR TH' LAW —

Inmate Signature   ADC #   Date

_David Hugh Williams_   78730   June 26

Exhibit 34,
P. 3 of 4

Please NOTICE EXHIBIT "A", now attached. Actually there should have been two (2) certificates for Bible Course Completed. Also I did numerous Bible Courses when Chaplain Pigman here and Volunteer Don Garrison's Bible Classes in Population. Harmon says I have no Bible Study Certificates and Chaplain Shaw says THERE IS! SOMEONE OBVIOUSLY IS LYING! I'm trying to do my Clemency Application, So I want my record to reflect correct certificates & copies

T08 Mental Health Services
Mr. Ed. Engstrom

800-4

**STATE OF ARKANSAS**          )
                              ) §
**COUNTY OF** Jefferson        )

### AFFIDAVIT

I, David Williams #78730, after first being duly sworn, do hereby swear, depose

and state that: After or on August 5th I'm eligible to turn

in my Clemency Application.

(#1.) Request to see the mandatory Psychiatrist Review

thirty (30) days before I apply for Clemency.

(#2.) My inmate Jacket having the Anger Management

Course Completed is just, or more so important to

me as someone meeting YEARLY PAROLE BOARD.

Clemency is ONLY every four (4) years! Want to improve

my inmate Jacket by completion of Anger Management Course. Thank You!

I further swear that the statements, matters and things contained herein are true and accurate to

the best of my knowledge, information and belief.

6/13/02
DATE

_David Williams_
AFFIANT

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
SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 16th day of

June, 2002.

_Barbara A. Musselwhite_
NOTARY PUBLIC

My Commission Expires: 10-8-2009

STATE OF ARKANSAS
BARBARA A. MUSSELWHITE
NOTARY PUBLIC
JEFFERSON COUNTY

(Exibit 35)

5-35

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

Institution ___Maximum Security Unit___

Inmate's Name ___Williams, David___

ADC# ___078730___

DATE ___06/19/2002___

60 Day Review ☒    Special Consideration ☐

Warden's Review ☐    Date of Initial

Director's Review ☐    Assignment ___10/18/2000___

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

☒ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

| COMMITTEE MEMBERS | | VOTE | |
|---|---|---|---|
| **Assistant Warden** | | REMAIN ( ) | RELEASE ( ) |
| **Chief Security Officer** | | REMAIN ( ) | RELEASE ( ) |
| **Field Security** | | REMAIN (X) | RELEASE ( ) |
| **Classification Officer** | | REMAIN ( ) | RELEASE ( ) |
| **Mental Health** | | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

Inmate wanted to know the criteria for being released from ad seg.

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
- ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
- ☒ Inmate has a history of assault on other inmates
- ☐ Inmate has a history of assault on staff personnel
- ☒ Inmate is a threat to the security and good order of the institution
- ☐ Inmate has been a disciplinary problem since assignment
- ☐ Inmate must regain Class II before being considered for release
- ☐ Inmate has history of threatening other inmates and/or staff personnel
- ☐ Inmate indicates a chronic inability to adjust in the general population
- ☐ Other

☐ Release from segregation
- ☐ Inmate is not a threat to the security and good order of the institution
- ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
- ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
- ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

( Exibit 36 )

A 5098

___B. Harmon___     ___6/19/02___

WARDEN'S SIGNATURE     DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

ON: WARDEN HARMON

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**
UNIT/CENTER  Max Unv  RECEIVED

For Office Use Only

# Mx02202

JUN 2 0 2002

Grievance Officer
Maximum Security Unit

Date Received

NAME (Please Print) DAVID WILLIAMS ADC # 78730

BARRACKS 5-35 JOB ASSIGNMENT

WARDEN HARMON

Have you discussed this problem with your immediate supervisor? YES X NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: On 60 day review, 6/19/02, I asked Warden Harmon,
"What is the criteria/standard that a inmate, by good behavior (may) work their way from Ad. Seg.
to Population?" He asked me to repeat my question, which I did at his request (VERBATIM).
Harmon refused to answer the question which I brought forth, instead stating, "Some people can
NEVER get off Ad. Seg. Which I responded, "We'll see." Harmon then stated "As long as
I'm Warden you ain't never getting off Ad. Seg. This is absolutely, NO WAY, that I'm afforded
a meaningful review with this DESPOTIC Abuse
of POWER. That there is no Criteria/Standards
in place at M.S.U. for all inmates to know
EXACTLY what they must do, to be released
back into population.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?
Request statements from each and every member of
60 day review and officers Cobbs and Garland be taken on (Escorts)
official grievance statements, As to the Correctness of
above events Concerning Harmon's refusal to address my
(1) question and his TYRANNIC RESPONSE and these
statements Attached to this grievance. That Warden Harmon be
Compelled to implant a Criteria/Standard for release to POP.!
Inmate Signature David Williams Date 6/19/02
Those present: Ms. Brim, Maj. Cliner, Ms. Sarah Speer, Cpt. Adams and a Mental Health Representative, (Unknown),
officers Cobbs and Garland escorted me to classification. Statement from ALL Attached to this
IS THIS AN EMERGENCY SITUATION? YES (NO) X If so, why? (Provide Explanation) Grievance.

The Super MAX at Varner under Policy (VU 27.4.0 Criteria and Guidelines) have a standard
for Reintegration to Population. Then a less restrictive unit M.S.U. must also have in place
a Criteria to be reintegrated to population.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

RECEIVED

JUL 2 4 2002

INMATE GRIEVANCE COORDINATOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATION**

OFFICER (Please Print) Debra Dove

FROM WHICH INMATE? David Williams ADC # 78730

DATE 6-19-02 TIME 2:45 PM

C. Dove / P. 1 of 2

Exibit 37.

Signature of Receiving Officer

For Due Process a TAPE RECORDER
MUST BE PUT BACK IN ANY/ALL Classification
Just As Disciplinary Court for proof of due process!

**NOTE:**
Please refer to Grievance # MX-00689, filed 2/17/02, that requested a TAPE
Recorder be placed back in ALL Classification Committees so a positive and
accurate (record) is available, for Professional Conduct and Meaningful Review.

Back of Attachment II

**David H. Williams**          **78730**          **MX-02-2402**

INMATE NAME _____ ADC # _____ GRIEVANCE # _____

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed this grievance dated 6/19/02 in which you state, "On 60 day review, 6/19/02 I asked Warden Harmon, what is the criteria/standard that a inmate, by good behavior may work their way from Ad.Seg. to Population?" he asked me to repeat my question, which I did at this request (VERBATISM).  NEVER get off Ad.Seg.  Which I responded, We'll see.  Harmon then stated, As long as I'm Warden you ain't never getting off Ad.Seg. This is absolutely NO WAY, that I'm afforded a meaningful review with this DESPOTIC abuse of power.  That there is no criteria/standards in place at M.S.U. for all inmates to know EXACTLY what they must do, to be released back into population."  I have also reviewed a statement from Warden Harmon, your institutional records, AR 836, AD 01-11 and other matters as they relate to this grievance.

In a written statement to this grievance Warden Harmon states, "This inmate appeared before the Unit's Classification Committee.  A joint unanimous decision was made that this inmate remain in Administrative Segregation according to policy and procedure."

Please be advised Inmate Williams, the decision on whether to continue Administrative Segregation or release from Administrative Segregation is made by the Classification Committee.  Policy does not provide criteria by which an inmate may work their way off Ad.Seg.

As it has been stated to you in your previous Grievances, policy allows for periodic reviews of inmates assigned to Administrative Segregation, however due to your sentence, your history of murder in the prison, your past drug dealing activities, you are considered a threat to the security of the institution and an Administrative Segregation assignment is appropriate until such time as the Unit Classification Committee feels comfortable in releasing you to general population.

Therefore, based upon the above stated information, I find your assignment to Administrative Segregation appropriate at this time, you have been reviewed in accordance with proper policies and procedures and no action is warranted from my office.

Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/ Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice.  You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.

_____          10-28-02
Signature                         Date
                                  (Exhibit 37, P. 2 of 2)

C-800-6

ADDRESS ISSUE BROUGHT FORTH, WHY NO TAPE
RECORDER IN Ad. Seg. Review Committee Proceedings,"

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**

UNIT/CENTER **Max. Sec.**     RECEIVED     For Office Use Only

*This Grievance is ON WARDEN HARMON and Deputy Director!*

JUL 17 2002     # **MX 02 2803**

Date Received

Grievance Unit e.g.
Maximum Security Unit

NAME (Please Print) **David Williams**     ADC # **78730**

BARRACKS **5-35**     JOB ASSIGNMENT **A/s**

Have you discussed this problem with your immediate supervisor? YES **X** NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: On 7/11/02, I received response to Grievance
mx-02-0689, on Deputy Director's Decision. In Response Deputy Director states "You
provide no factual evidence and/or corroborating information." Which is the
most Cock&Bull Response I've Yet To EVER RECEIVE From Any/ALL
Deputy Director Decision's in 22yrs. of prison! How do I obtain a TRUE Transcript
of 60day Review. #1. There Is NO Stenographer. #2. There is NO Tape Recorder,

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? So without the very same DUE PROCESS
That Deputy Director Respond to Grievance | We are Afforded as our RIGHT in Any/ALL
mx-02-0689, which IS/WAS I WANT TAPE | Disciplinary Court Proceeding. We are denied
Recorder in ANY/ALL Ad. Seg. Reviews SO I MAY | A True accurate record in Any/ALL
Have factual evidence and/or corroborating information. | 60 day Ad. Seg. Review Committee Proceedings,

Inmate Signature **David Williams**     Date **7/16/02 (C.)**

IS THIS AN EMERGENCY SITUATION? YES ___ ( NO **X** ) If so, why? (Provide Explanation) ___

I clearly stated "Request TAPE Recorder in classification so that records are
Kept AS PROOF," in Grievance mx-02-0689. I did NOT Ask you to Ask
Harmon Anything or for him to Justify. I Requested TAPE RECORDER, Plain and Simple

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

RECEIVED

SEP 09 2002

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) **J. L. DAVIS**

FROM WHICH INMATE? **D. Williams**     ADC # **78730**

DATE **7-16-02**     TIME **4:20 pm**

Signature of Receiving Officer **St. J. L. Davis**     (Exibit 38., P.1 of 3)

C-800-6

Attachment II

INMATE NAME _____ Williams, D. _____ ADC # _____ 078730 _____ GRIEVANCE # _____ MX#02-02803 _____

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated 07/16/2002. Mr. Brewer, Classification
Administrator, has advised that Classification Hearings are not Due Process hearings.
Therefore, they do not require tape recorders. Any decisions made by the Classification
Committee stand.

If you are not satisfied with my response, you may appeal my decision to Mr. R. Hobbs,
Chief Deputy director, within (10) days.

RECEIVED
SEP 09 2002
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING 8/21/02

_G. Harmon_                                    WARDEN
Signature of ARO or Warden's/Supervisor's Designee          Title _____          Date _____

**NOTICE:** Request a Grievance Statement from MR. BREWER, Class. Admin, to verify
the SAID advise given to WARDEN Harmon, Thank You!

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five days by filling in the
information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you
are appealing the decision to the original complaint. Do not list additional issues which are not a part of your
complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? Well, MR. Brewer is Mistaken
Because if Classification Hearings Did Not Require Due Process
Then There would Be No Reason For The "Formalities" Such
As The so-called votes Nor would there Be A Need For
Ad. seg. Review Records — The Reviews Must Be Meaningful
AND The only WAY to ~~place~~ insure they Are is to
Place TAPE Recorders Back in the Meetings — Plus, Since
AD. seg. Review Hearings Are ~~also~~ Considered Special Meetings — They Are
Also open to the Public AND FAll under the F.O.I.A. So A TAPE Recorder would
Preserve The Record.

Inmate Signature _____ David Hugh William _____ ADC # #78730
| Exhibit 38a), P.2 of 3 | Date 8/24/02 |

~~Also, ONCE AGAIN ANOTHER GRIEVANCE CLEARLY INDICATED
"ONE WARDEN HARMON", AREN'T grievances on Wardens BY POLICY suppose
To be issued a grievance number and forwarded to Central Office PROMPTLY?~~

TO: Ms. Erwin
From: David Williams #78730 / Cell #5-35
Date 7/23/02
Re: Grievance # MX 02-02402

Ms. Erwin,

Request to Know [IF]: all Requested Attachment V. statements were sent with Grievance # MX 02-02402, when forwarded to Pine Blaff. All classification board members statements and escort officers Cobbs and Garland

Thank You!

David Williams

(Exibit 39.)

cc: Legal file

TO: Chief Deputy Director Ray Hobbs
From: David Williams # 78730 / Max. Sec. Unit
Date: 8/18/02

Re: MX#02-02677 and MX#02-2402 (Both Currently in your office)

Greetings Mr. Hobbs,

Upon investigating myself, I found that at least two(2) different grievances I filed; statements were NOT taken by the Max. Sec. Unit Grievance Office. I requested OFFICER STATEMENTS AS PROOF,!!!

I filed a grievance on 8/14/02, and one for tomorrow 8/19/02, for the LACK of PROFESSIONAL J-O-B trained employees in the Grievance Office here at M.S.U.

These requested "Grievance Statements," on any/all grievances filed are extremely important concerning being afforded the process due me.

The disciplinary officer PROMPTLY, obtains any/all witness statements, So MUST Grievance Department so facts are NOT Forgot or Clouded!

Sir, I asked officers myself and they tell me they were NEVER asked to write a statement, NOR were they even so much as even talked with concerning grievances addressed in my Grievance Dept., grievances dated 8/14/02 and 8/19/02.        (Exibit 4D, P. 1 of 4)

I can only guess many other grievances that I requested officer statements in the PAST, were in fact not taken as PROOF!! This is a SERIOUS DUE PROCESS PROBLEM.

Sincerely,
David Williams

cc: Legal File

NAME:  Public or Government body, board, bureau, commission, State Agency, political subdivision of the State, organization, corporation, entity, municipality, county, law enforcement department, Prosecuting Attorney, Court, etc. as defined by ARKANSAS FREEDOM OF INFORMATION ACT -- Ark. Code Ann. Secs. 25-19-101 - 25-19-107.

_David Williams_                                          APPLICANT/ CITIZEN

_Chief Deputy Director Ray Hobbs_                         OFFICER/ CUSTODIAN

REQUEST UNDER THE
ARKANSAS FREEDOM OF INFORMATION ACT
(*Ark. Code Ann. Sections 25-19-101 – 25-19-107*)

This is a request for copies of documents and access, provided by mailing,

pursuant to the provisions of the Arkansas Freedom of Information Act, of the following:

(*IDENIFY THE RECORDS CLEARLY*)

On Grievance #MX-02-2402, I requested statements from each and every member of 60 day review and escorting officers Garland & Cobbs. Official Grievance Statements as to the correctness of events. I named those present in grievance.

SO NOW TO CLEALY IDENIFY PER RECORD MY REQUEST: NUMBER OF STATEMENTS ATTACHED TO GRIEVANCE# MX-02-2402. I am NOT asking for Copies of Statements, but I wish/require to know that ALL Requested Statements Are Attached to Grievance As Proof! AND IF NOT ATTACHED TO Grievance WHY the Grievance Staff here at M.S.U. failed to obtain state- ments, PER RECORDS.

Applicant/ Citizen is an indigent prisoner incarcerated in the Arkansas

Department of Correction. (*Attached is an Affidavit verifying indigency pursuant to Ark.*

*Code Ann. Sections 25-19-101, 25-19-107, and 16-58-133.*)

Section 25-19-105 provides:

Reasonable access to these records and reasonable comforts and facilities for the

full exercise of the right to inspect and copy such records shall not be denied to any

citizen.

Section 25-19-105 provides further:

(Exibit 40, P. 2 of 4)

If the record is in active use or in storage and, therefore, not available, at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) days at which time the record will be available for the exercise of the right given by this Act. (*Acts 1967, No. 93 SS 4, p. 208.*)

Section 25-19-104 provides:

Penalty – Any person who willfully and knowingly violates any of the provisions of this Act (*Sections 25-19-101 – 25-19-107*) shall be guilty of a misdemeanor and shall be punished by a fine of not more than $200, or 30 days in jail, or both. (*Acts 1967, No. 93, Section 7, p. 208.*)

If all or any part of this request, or the manner in which compliance is requested, is denied, please specify the denial, the reasons, and cite the specific exemption(s) which you think justifies or supports your refusal(s) to provide these documents as requested.

Your prompt and expeditious handling of this request will be appreciated.

*David Williams*
Applicant/Citizen
ADC # 78730

Arkansas Department of Corrections

*Max, Sec.* Unit
*2501 State Farm Road*
*Tucker* AR *72168*

STATE OF ARKANSAS          )
                          ) SS
COUNTY OF *Jefferson*      )

SUBSCRIBED AND SWORN BEFORE ME, A NOTARY PUBLIC, ON THIS _*19th*_ DAY OF _*August*_, 20*02*.

*C. Marsha*
NOTARY PUBLIC

My Commission Expires: _*9-30-2,007*_

(Exhibit 4D, P. 3 of 4)

## CERTIFICATE OF SERVICE

On _August D.W. 19th_, 20 _02_, a copy of the foregoing

REQUEST UNDER THE ARKANSAS FREEDOM OF INFORMATION ACT was

mailed to _Ray Hobbs_, _Chief Deputy Director_
   (Officer)                                    (Title)

_P.O. Box 8707_, _A.D.C. / Central Office_,
                 (Government Agency or Public Body)

at _Pine Bluff_, Arkansas, _71611_.

_David Williams_

Applicant,  ADC # _78730_

(Exibit 4D, P. 4 of 4)

3-35

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | |
|---|---|
| Institution | Maximum Security Unit |
| Inmate's Name | Williams, David |
| ADC# | 078730 |
| DATE | 08/21/2002 |

60 Day Review ☒ XX☒  Special Consideration ☐
Warden's Review ☐  Date of Initial
Director's Review ☐  Assignment 10/18/2000

## REASON FOR INITIAL ASSIGNMENT

XXX ☐ Seriousness of offense resulting in placement in maximum security
☐ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

### COMMITTEE MEMBERS                                VOTE

| | | |
|---|---|---|
| Assistant Warden | | REMAIN ☐   RELEASE ( ) |
| Chief Security Officer | | REMAIN ☒   RELEASE ( ) |
| Field Security | | REMAIN ☒   RELEASE ( ) |
| Classification Officer | | REMAIN ☒   RELEASE ( ) |
| Mental Health | | REMAIN ( )   RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

Inmate wanted to know if he could have contact with a family member he has not seen in 16 yrs.

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☐ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☐ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

(Exhibit 41)

A 5098

_____                     8/21/02
WARDEN'S SIGNATURE                              DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

ON: WARDEN HARMON

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**
UNIT/CENTER Max. Sec.

**RECEIVED**

AUG 2 3 2002

Grievance Officer
Maximum Security Unit

For Office Use Only

# MAX02 3373

Date Received

NAME (Please Print) DAVID WILLIAMS        ADC # 78730

BARRACKS 5-35        JOB ASSIGNMENT A/S

(CONTACT VISIT DENIED)

Have you discussed this problem with your immediate supervisor? YES X NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: On 8/21/02, at 60 Day Review, I tried to request
from Warden Harmon a CONTACT VISIT, and was CUT-OFF and DENIED by Harmon
before I even finished request. I HAVE BEEN DENIED a CONTACT VISIT for OVER
SIXTEEN (16) Calendar Years!! All my visitors are from OUT-OF-STATE, Florida, Oklahoma & Missouri
I usually only get one (1) visit per year because of the Distance. My Dear Mother is 78 years old!
This is a Extremely Unusual Situation in the FACT of: told I can't EVER get off AD. Seg by

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? Harmon and the VAST amount of time
Request Committee Member Grievance | Sixteen (16) Since my last Contact Visit allowed by
Statements by: Chaplain Shaw, Ms. Boyd, | YEARS / the A.D.C., also the Advanced age
Ms. Speer and Assistant Warden James, to | of my Dear Mom
the fact denied. Be allowed Contact Visit or Release ||
from Ad. Seg. so I may then have Contact Visit ||
Inmate Signature        David Williams        Date 8/21/02
This is Deliberate Disregard in allowing me to maintain CLOSE FAMILY TIES!

IS THIS AN EMERGENCY SITUATION? YES ___ NO X If so, why? (Provide Explanation) ___

Prisoners in Arkansas Prisons do have a LIBERTY INTEREST
in remaining in Population, This Is JUST ONE Example.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

**RECEIVED**

SEP 0 9 2002

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) K. Boch

FROM WHICH INMATE? D. Williams        ADC # 78730

DATE 8/22/02        TIME 8:20p

Signature of Receiving Officer (Exibit 42, P.1 of 2)

Back of Attachment II

INMATE NAME David H. Williams        ADC # 78730        GRIEVANCE #MX-02-3373

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed your grievance dated 8-21-02 in which you state, "On 8/21/02, at 60 Day Review, I tried to request from Warden Harmon a Contact Visit, and was cut-off and denied by Harmon before I even finished request. I have been denied a contact visit for over sixteen (16) Calandar Years!! All my visitors are form Out – of – State, Florida, Oklahoma & Missouri. I usually only get one (1) visit per year because of the Distance. My Dear Mother is 78 years old!  Harmon and the VAST amount time sixteen (16) years since my last contact visit allowed by the A.D.C., also the Advanced age of my Dear Mom?"  I have also reviewed Warden Harmon's statement and other documents as they relate to this matter.

Warden Harmon states, "Inmates assigned to Administrative Segregation are not allowed to have contact visits."

Inmate Williams, it is the policy of the Department of Correction to provide secure, safe housing to inmates who require a higher degree of physical control or who staff otherwise find necessary to remove for the general population of the facility.  Consistent with the security needs of the facility, contact visits may be restricted.  Your denial for contact visitation is in accord to the security of the Unit.

Appeal denied.

Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/ Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice.  You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.

_____                    12-17-02
Signature                                                    Date

(Exibit ,P.2 of 2)
42.)   C-800-6

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**

For Office Use Only

UNIT/CENTER __MAX. SEC.__    RECEIVED    MX0 23442

AUG 2 8 2002 Date Received

Grievance Officer
Maximum Security Unit

NAME (Please Print) __DAVID WILLIAMS__    #__78730__

BARRACKS __5-35__    JOB ASSIGNMENT __A/S__

Have you discussed this problem with your immediate supervisor? YES X / NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: Warden Harmon and Chief Deputy Director Hobbs routinely tell me one (1) of the reasons I'm considered a "Threat to Security", is "my history of murder in the prison." Surely you both are aware that you both are holding a Two (2) decade old murder conviction against me. And just as surely (knowingly) you know by my records that I was punished with Punitive Time and Ad. Seg. Time back then since I have/had been in General Population at Cummins & here at M.S.U. with many numerous trusted jobs. By holding this against me, you BOTH knowingly continue to punish me for the past which at the time of crime I was punished for with Isol. & Ad. Seg. Time.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

For Warden Harmon and Chief Deputy Director Hobbs to quit using "my history of murder in prison," for reason I'm considered "Threat to Security", and immediately release from Ad. Seg. Thank You!

Inmate Signature ~~D.W.~~ __David Williams__    Date __8/27/02__

Numerous other inmates in population have a history of "Past Murder Convictions In Prison."

IS THIS AN EMERGENCY SITUATION? YES X ~~NO~~ If so, why? (Provide Explanation) This is reprisal on two counts #1.) I did the punishment, Pun. & Ad. Seg. time, at time of my crime and after #2.) The inmates who assaulted me on my assigned job have BOTH been in population for numerous years, they assault me and, in population and the VICTIM is continued punished. (ME) they are!

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

RECEIVED

SEP 16 2002
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) __Anthony Brown__

FROM WHICH INMATE? __David Williams__ ADC # __78730__

DATE __8-27-02__    TIME __7:31 P.M.__    | Exibit 43,, P. 1 of 2 |

Signature of Receiving Officer __Anthony Brown__

Therefore, the above stated reasons and facts, you have and continue to have me punished for a incident(s) of numerous years past. That this is Double Punishment/Jeopardy. That I am now exhausting each of YOUR reasons on a Individual Basis, so that when I am forced to litigate, I have tried on Grievance Level.

Back of Attachment II

**David H. Williams**                    78730                    **MX-02-3442**

INMATE NAME _____ ADC #_____ GRIEVANCE #_____

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed this Grievance dated 8/27/02 in which you state, "Warden Harmon and Chief Deputy Director Hobbs routinely tell me one (1) of the reasons I'm considered a threat to security is my history of murder in the prison. Surely you both are aware that you both are holding a Two (2) decade old murder conviction against me. And just as surely knowingly, you know by my records that I was punished with Punitive Time and Ad.Seg Time back then. I have/had been in General Population at Cummins & here at M.S.U. with many numerous trusted jobs. By holding this against me, you Both knowingly continue to punish me for the past which is at the time of crime I was punished for with Isol & Ad.Seg." Etc. I have also reviewed a statement from Warden Harmon, your institutional records, AR 836, AD 01-11 and other matters as they relate to this Grievance.

Please be advised Inmate Williams, as it has been stated to you in previous Grievances. You appeared before the Unit Classification Committee and a joint unanimous decision was made by the Committee that you be assigned to Administrative Segregation.

The decision on whether to continue your assignment to Administrative Segregation or release your from Administrative Segregation is made by the Unit Classification Committee.

Policy allows for periodic reviews of inmates assigned to Administrative Segregation, I find your assignment to Administrative Segregation to be appropriate at this time until such time as the Unit Classification Committee feels comfortable in releasing you to general population.

Therefore, based upon the above stated information, no action appears warranted from my office.

Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/ Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.

_____          12-16-02
Signature                          Date

Exibit 43.)
P.2 of 2

C-800-6

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**

UNIT/CENTER __Max Sec.__   **RECEIVED**   For Office Use Only

\# MX 023428

**AUG 27 2002**

Date Received

Grievance
Maximum Security Unit

NAME (Please Print) __David Williams__   ADC # __78730__

BARRACKS __5-35__   JOB ASSIGNMENT __A/s__

Have you discussed this problem with your immediate supervisor? YES X / NO ___ NATURE OR

DESCRIPTION OF THE PROBLEM: On today's date of 8/28/02, I received Mr. Hobbs response to Grievance MX02-1582, which you state, "YOU ADVISED WARDEN HARMON NOT TO RESPOND to Grievances against himself," Mr. Hobbs the only reason Harmon REFUSES TO FOLLOW A.D.C. Policies is to harass & retaliate. Facts: MX02266 Clearly marked "ON: Warden Harmon," yet now only does he answer, he holds this grievance for two (2) months KNOWING full well that ANY/ALL grievances on him [BY A.D.C. POLICY] are to be PROMPTLY issued a grievance

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?   number and forwarded to Chief Deputy

#1, That You COMMAND STATE EMPLOYEE   Director in Pine Bluff. There are numerous

Harmon to abide & comply with A.D.C. Policy & Pro-   other examples of Non-PROFESSIONAL Conduct.

Cedures. #2. That Grievance officers be trained to   Harmon is responsible to train Grievance

issue grievance No. & PROMPTLY foward to Pine Bluff   officers to follow PROCEDURES.

when Clearly marked ON: WARDEN!!

Inmate Signature __David Williams__   Date __8/28/02__

You have [already] advised Harmon, TO NO AVAIL. Thank You!

IS THIS AN EMERGENCY SITUATION? YES ___ / NO X / If so, why? (Provide Explanation) ___

Numerous Grievances I have marked on Top Left Corner "ON: Warden Harmon, yet he orders grievance officer to hold up grievance process and puts his same old "YADA, YADA," responses. His OWN PRACTICES Continue.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

**RECEIVED**

(To be filled out by Receiving Officer)

**OCT 07 2002**

**RECEIPT FOR EMERGENCY SITUATIONS**

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

OFFICER (Please Print) __Anthony Brown__

FROM WHICH INMATE? __David Williams__   ADC # __78730__

DATE __8-26-02__   TIME __11:50 p.m.__   Exibit 44, P.1 of 2

Signature of Receiving Officer __Anthony Brown__

NOTE: Currently have only (3) three lawsuits & numerous grievances on Harmon to CONFIRM my Harassment & Retaliation CLAIMS.

Back of Attachment II

INMATE NAME David Williams          ADC # 78730      GRIEVANCE # MX-02-3428

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed your grievance dated 8-28-02 in which you state, "On today's date of 8/28/02, I received Mr. Hobbs response to Grievance MX 02-1582, which you state, "YOU ADVISED Warden Harmon NOT TO Respond to Grievances against himself." Mr. Hobs the only reason Harmon REFUSED TO FOLLOW A.D.C. Policies is to harsass & retaliate. Facts: Mx 027266 Clearly marked "ON: Warden Harmon", yet now only does he answer, he holds this grievance for two (2) months KNOWING full well are to be PROMPTLY issued a grievance number and forwarded to Chief Deputy Director in Pine Bluff. There are numerous other examples of Non-Professional Conduct. Harmon is responsible to train Grievance officers to follow PROCEDURES." I have also reviewed the Warden's Response, your appeal to this office and other documents as they relate to this matter.

Inmate Williams, the Inmate Grievance Procedure is a formal process for resolving complaint or problems that have merit. It is not meant to be used for posing questions, personal platforms, evaluation of staff job performances, rebuttals to past grievance responses, etc. These are examples of that which may be handle by other, easier means. As such, I will not respond further. Additionally, I find no merit to your allegations of non-professional conduct against Warden Harmon.

Appeal denied.

**Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/ Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.**

_____          _____1-17-03_____
Signature                          Date

Exibit 44,)
Pi 2 of 2

C-800-6

ON: Warden Harmon

Reference MX 02-0725

C-800-5

**GRIEVANCE FORM**
UNIT/CENTER  MAX. SEC

ATTACHMENT I

For Office Use Only

RECEIVED
SEP 03 2002
Grievance Officer
Maximum Security Unit

# MX023482

Date Received

NAME (Please Print)  DAVID WILLIAMS          ADC # 78730

BARRACKS  5-35          JOB ASSIGNMENT  A/S

Have you discussed this problem with your immediate supervisor? YES X  NO ___  NATURE OR
DESCRIPTION OF THE PROBLEM: Warden Harmon and Chief Deputy Director Hobbs continue to state as reason to keep me placed on Ad. Seg. "Due to length of sentence," as one (1) of three (3) reasons to keep me on Ad. Seg. This is NOT a valid reasons to keep me or anyone on Ad. Seg. indefinitely. There are HUNDREDS of inmates with life sentences in Population throughout the A.D.C. Futhermore, plaintiff has been in Population most of the years incarcerated and without a extensive disciplinary jacket. Case in point, I WAS NOT

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?
That the "Threat to Security," reason of "Due to length of sentence", be no longer used and that I'm immediately released to Population. It's not Valid as Hundred of inmate in Pop. have my type of time. Thank You!

the aggressor in 1995 nor was I the inmate at fault and written up. Yet your desire to use "Due to length of sentence", is unjust.

Inmate Signature          David Williams          Date 9/2/02

IS THIS AN EMERGENCY SITUATION? YES X  NO ___  If so, why? (Provide Explanation) This is reprisal and places extreme vexation upon my mental and physical health being confined in Ad. Seg. Cell Year after Year when I was the one who was Assaulted. I've already been told by Harmon I have NO HOPE of release from Ad. Seg.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

RECEIVED

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**          SEP 16 2002 2G

OFFICER (Please Print)  COII C. Cobb          INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

FROM WHICH INMATE?  D. Williams          ADC # 78730

DATE  9/2/02          TIME 1:45 PM

COII C. Cobb
Signature of Receiving Officer          Exibit 45,
P. 1 of 2

Wherefore, for the above stated reasons I'm being discriminated against and your reasoning of "Due To Length of Sentence", that Hundreds of similar situated inmates with my length of time DO Not face, I was not a Threat to Security working my Kitchen Job.

Back of Attachment II

INMATE NAME _David H. Williams_____   ADC # _78730_____   GRIEVANCE # _MX-02-3482_____

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

*Upon reviewing this Grievance dated 9/2/02, it is noted that the issue in which you are grieving in this Grievance, centers around the same issue that you have already grieved in your previous Grievance #MX-02-3442, #MX-02-2402 & #MX-02-0725. Since this issue has been addressed in those Grievances at this level, I find no need to re-address this same issue again. Therefore, I suggest that you refer back to Grievance #MX-02-3442, #MX-02-2402 & #MX-02-0725.*

Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.

_R. Dall_____
Signature

_12-16-02_____
Date

Exibit 45.)
P. 2 of 2

C-800-6

ATTACHMENT I

## GRIEVANCE FORM
### UNIT/CENTER Max. Sec. RECEIVED

For Office Use Only

# MY023755

SEP 17 2002

Greivance Officer
Maximum Security Unit

Date Received

NAME (Please Print) DAVID WILLIAMS    ADC # 78730

BARRACKS 5-35    JOB ASSIGNMENT A/s

Have you discussed this problem with your immediate supervisor? YES X  NO ___  NATURE OR

DESCRIPTION OF THE PROBLEM: Warden Harmon and Chief Deputy Director Hobbs continue to state as reason to keep me placed on Ad. Seg. "Threat to Security," for "Past Drug Dealing Activities". The reason first came to my Attention in 1999 by George Brewer and David Guntharp. And was also told at that time by Harmon. However, there were Absolutely no drug dealing or drug possession disciplinaries in my jacket to state a Claim of "Past Drug Dealing Activities". I'm quit sure this reason is based upon the A.D.C. Informant/Snitch System and most of those snitch notes more than likely coincide with a Snitch trying to beat a disciplinary they got into trouble & desire to worm out of.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? That the "Threat to Security," reason of "Past Drug Dealing Activities," be no longer used and that it was NOT a issue before my assault as I worked JOB in Kitchen. It is NOT VALID and request immediate release BACK to Population. Thank You!

Inmate Signature  David Williams  Date 9/3/02

IS THIS AN EMERGENCY SITUATION? YES X  NO ___  If so, why? (Provide Explanation) This is reprisal and places extreme vexation upon my mental and physical health being confined in Ad. Seg. Cell year after year when I was one assaulted. "Past drug dealing activities" were NOT a issue when I was working Job in Kitchen. I've been told by Harmon I have NO HOPE ~~at a~~ of release from Ad. Seg.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.)  If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

RECEIVED
OCT 07 2002
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATIVE REVIEW

(To be filled out by Receiving Officer)
### RECEIPT FOR EMERGENCY SITUATIONS

OFFICER (Please Print)  COI Durner

FROM WHICH INMATE?  Williams, D  ADC # 78730

DATE  9-3-02    TIME  8'45 PM    Exibit 46.1)  P. 1 of 2

COI Durner
Signature of Receiving Officer

WHEREFORE, for the above stated reasons, that the CLAIM of "Past Drug Dealing Activities," be no longer used as there were no drug dealing or drug possession disciplinaries in my Jacket. I am addressing each of your reasons on an individual BASIS, so that when the Court System sees this upcoming litigation, they will know the A.D.C. Grievance System

Back of Attachment II

INMATE NAME David Williams          ADC # 78730     GRIEVANCE #MX-02-3755

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

I have reviewed your grievance dated 9-3-02 in which your state, "Warden Harmon and Chief Deputy Director Hobbs continue to state as reason to keep me placed on Ad. Seg. "Threat to Security", for "Past Drug Dealing Activities." The reason first came to my attention in 1999 by George Brewer and David Guntharp. And was also told at that time by Harmon. However, there were Absolutely no drug dealing or drug possission disciplinaries in my jacket to state a Claim of "Past Drug Dealing Activities." I'm quit sure this reason is based upon the A.D.C. Informant /Snitch System and most of those snitch notes more than likely coincide with a Snitch trying to beat a disciplinary they got into trouble, & desire to worm out of." I have also reviewed Warden Harmon's statement, your appeal to this office and other documents as they relate to this matter.

Inmate Williams, according to your institutional file you were charged and received disciplinary action for rule (s) violations 9-3, (Possession/introduction of any drug, narcotic intoxicant, chemical, drug paraphernalia not prescribed by medical staff.) on 2-15-1990, 1-20-1994, 12-29-94 & 7-21-2001.

Based upon the above information and supporting documentation no action is warranted from this level.

Appeal denied.

**Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/ Assistant Director's Decision must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Reform Act of 1995.**

Ronald D Walt
Signature                                              Date  1-16-03

Exibit 46.)
P,2 of 2

C-800-6

E 15

# ARKANSAS DEPARTMENT OF CORRECTION
## STATEMENT OF WITNESS

Name _T. Gilbert_ Rank/Status/Number _78101_ Unit _7-25-01_

STATEMENT: _this is the turth I/m D. Williams_
_78730 he have not gave me_
_anything on 7-21-01 time 8:00 P.m_

I make this statement freely, under no duress, and without undue coercion exerted against me by any correctional officer or official of the Arkansas Department of Correction.

_Tinsta Gilbert_ _7-25-01_
Signature Date

Witness/Statement Taken By

Exibit 47.

ADC-CDC-348

ON: WARDEN HARMON

C-800-5

**ATTACHMENT I**

**GRIEVANCE FORM**

UNIT/CENTER Max. Sec.    **RECEIVED**

For Office Use Only

# WNX023689

SEP 13 2002    Date Received

Grievance Officer
Maximum Security Unit    (207)

NAME (Please Print) DAVID WILLIAMS    ADC # 78730

BARRACKS 5-35    JOB ASSIGNMENT A/3

Have you discussed this problem with your immediate supervisor? YES X  NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: A.D. # 01-11, Subject Ad. Seg., reference AR. 836, page 4
(D.)(3.) clearly states, "No inmate shall remain in a Seg. Class. for more than one year unless
he has been personally interviewed by the Warden. Also at the end of 2nd and each additional year he
MUST be personally interviewed by BOTH Warden's Deputy Director." I have been treated extremely unusual
in the fact I've only meet one "Warden's Review" on PW. date 10/10/01 and after over 3 years since
return from Utah I have NOT as POLICY DICTATES been afforded my Process Due me as in over

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?
#1, That clearly I have been denied the opportunity
of process due me and as such request immediate release
to population, as the Warden and A.D.C. have failed in
affording me the opportunity of Deputy Director Reviews (Release)
#2, That Deputy Director Review be provided as all receive.

3 years I should have been personally
interviewed "he MUST BE" by both Warden
and Deputy Director at least twice, by now
by Deputy Director as I was brought back from
Utah in June of 1999. Not once seen Deputy Director.

Inmate Signature ___David Williams___ Date 9/12/02

Thank You! A Possibility of Release denied me, Not once, but at least TWICE.
IS THIS AN EMERGENCY SITUATION? YES ___ NO X If so, why? (Provide Explanation) _____

That it is the unit Warden's responsibility to ensure policy & procedures are followed and
that I Must Be afforded the Process Due me which makes my case in point extremely
unusual as I have been and continue to be DENIED the Process Due Me.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be
declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) C/off W. Taylor

FROM WHICH INMATE? D. William    ADC # 78730

DATE 9/12/02    TIME 4:30 pm

Co2 W. Taylor    Exibit 48,
Signature of Receiving Officer    P. 1 of 3

This is precise & clear mandatory language used, "No inmate shall remain"
and "he MUST be".

C-800-6

Attachment II

INMATE NAME ___Williams, D.___ ADC # ___078730___ GRIEVANCE # ___MX#02-03689___

## WARDEN'S/CENTER SUPERVISOR'S DECISION

I have reviewed your grievance dated 09/12/2002. Unit records reflect that you appeared before the Unit's Classification Committee. A unanimous decision was made for you to remain in Administrative Segregation. You will be scheduled for the next annual review, which is tentatively scheduled for December 2002.

If you are not satisified with my response, you may appeal my decision to Mr. R. Hobbs, Chief Deputy Director, within (10) days.

_____         WARDEN _____        10/11/02
Signature of ARO or Warden's/Supervisor's Designee         Title                        Date

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues which are not a part of your complaint. Please note that Assistant Warden James responded and this Grievances is clearly marked (ON: WARDEN HARMON) and as I continue

WHY DO YOU NOT AGREE WITH THE RESPONSE? to request should have been fowarded to Pine Bluff.

Yes unit records SHALL reflect I have went to 60 day Reviews and one (1) Warden's Review. However, as this grievance clearly states & James Does NOT respond to is WHY I have been denied the process due me, as ALL OTHERS, in the fact I have not met any Director's Review and denied this possibility at least Twice since I've of Release, been returned from Utah for over 3 years, denied opportunity of Deputy Director's Review and as I state in grievance, A.D.#01-11 reference AR 836 "NO Inmate shall remain more than

___David Williams___          ___78730___          ___10/17/02___    Exibit 48., P.2of3
Inmate Signature                  ADC #                   Date

one year unless he has been personally interviewed by the Warden. Also at the end of 2nd and each additional year he MUST BE personally interviewed by Warden and Deputy Director. This Policy/Procedure is precise and clear mandatory language used " No inmate SHALL remain" and "he MUST be interviewed by BOTH at end of 2nd year and each additional year." Denied Process Due Me & Equal Protection.

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | |
|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review ☒☒☒ | Special Consideration ☐ |
| Inmate's Name __Williams, David__ | Warden's Review ☐ | Date of Initial |
| ADC# __078730__ | Director's Review ☐ | Assignment __10/18/2000__ |
| DATE __10/23/2002__ | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

☒☒☒ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

### COMMITTEE MEMBERS

| | | VOTE |
|---|---|---|
| Assistant Warden | | REMAIN ( ✓ ) RELEASE ( ) |
| Chief Security Officer | | REMAIN ( ) RELEASE ( ) |
| Field Security | | REMAIN ( ) RELEASE ( ) |
| Classification Officer | | REMAIN ( ) RELEASE ( ) |
| Mental Health | | REMAIN ( ) RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

Want to get out of A/S. . Lisa problem

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation

☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

☐ Inmate has a history of assault on other inmates

☐ Inmate has a history of assault on staff personnel

☒ Inmate is a threat to the security and good order of the institution

☐ Inmate has been a disciplinary problem since assignment

☐ Inmate must regain Class II before being considered for release

☐ Inmate has history of threatening other inmates and/or staff personnel

☐ Inmate indicates a chronic inability to adjust in the general population

☐ Other _____

☐ Release from segregation

☐ Inmate is not a threat to the security and good order of the institution

☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

☐ Inmate no longer indicates a chronic inability to adjust in the general population.

☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

5098

(Exibit 49.)

_____   X   __10/23/02__

WARDEN'S SIGNATURE        DATE

Original — Records;   Pink Copy — Inmate;   Blue Copy — Classification Office

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review ☐ | Special Consideration ☐ |
| Inmate's Name __Williams, David__ | Warden's Review ☐ | Date of Initial |
| ADC# __078730__ | Director's Review ☒ | Assignment __10/18/2000__ |
| DATE __12/30/2002__ | | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

☒ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

### COMMITTEE MEMBERS                                    VOTE

| | |
|---|---|
| Assistant Director | REMAIN ( )   RELEASE ( ) |
| Assistant Warden | REMAIN ( )   RELEASE ( ) |
| Chief Security Officer | REMAIN (X)   RELEASE ( ) |
| Classification Officer | REMAIN ( )   RELEASE ( ) |
| Mental Health | REMAIN (X)   RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

wants to be released from A/S

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation

  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

  ☐ Inmate has a history of assault on other inmates

  ☐ Inmate has a history of assault on staff personnel

  ☑ Inmate is a threat to the security and good order of the institution

  ☐ Inmate has been a disciplinary problem since assignment

  ☐ Inmate must regain Class II before being considered for release

  ☐ Inmate has history of threatening other inmates and/or staff personnel

  ☐ Inmate indicates a chronic inability to adjust in the general population

  ☐ Other

☐ Release from segregation

  ☐ Inmate is not a threat to the security and good order of the institution

  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.

  ☐ Other _____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision

☐ I have reviewed the above and am referring this back to the Committee

(Exibit 50)   5098

__WARDEN'S SIGNATURE__                          __12/30/02__
                                                      DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office



# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

Institution __Maximum Security Unit__          60 Day Review    XXⓍ          Special Consideration ☐
Inmate's Name __Williams, David__              Warden's Review  ☐            Date of Initial
ADC# __078730__                               Director's Review ☐            Assignment __10/18/2000__
DATE __02/26/2003__

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
XXX ☐ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

### COMMITTEE MEMBERS                                     VOTE

| Assistant Warden | | REMAIN ( ) | RELEASE ( ) |
| Chief Security Officer | | REMAIN ( ) | RELEASE ( ) |
| Field Security | | REMAIN ( ) | RELEASE ( ) |
| Classification Officer | | REMAIN ( ) | RELEASE ( ) |
| Mental Health | | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*wants to move to 6 or 8*

## PSYCHOLOGICAL EVALUATION RESULTS:  (See Attached)

## ACTION/REASON

☒ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☐ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☑ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision          ( Exibit 51.)
☐ I have reviewed the above and am referring this back to the Committee

_____                                    _____
WARDEN'S SIGNATURE                                              DATE

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

  5098

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | |
|---|---|
| Institution | Maximum Security Unit |
| Inmate's Name | Williams, David |
| ADC# | 078730 |
| DATE | 03/26/2003 |

**30** Day Review ☒☒X  
Warden's Review ☐  
Director's Review ☐

Special Consideration ☐  
Date of Initial  
Assignment  10/18/2000

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security  
☒☒X Threat to security and good order of institution  
☐ Requires maximum protection from themselves or others require maximum protection from them

## COMMITTEE MEMBERS                    VOTE

| | | | |
|---|---|---|---|
| Assistant Warden | | REMAIN ( ) | RELEASE ( ) |
| Chief Security Officer | | REMAIN ( ) | RELEASE ( ) |
| Field Security | | REMAIN ( ) | RELEASE ( ) |
| Classification Officer | | REMAIN ( ) | RELEASE ( ) |
| Mental Health | | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*Let me Out*

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation
- ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
- ☐ Inmate has a history of assault on other inmates
- ☐ Inmate has a history of assault on staff personnel
- ☑ Inmate is a threat to the security and good order of the institution
- ☐ Inmate has been a disciplinary problem since assignment
- ☐ Inmate must regain Class II before being considered for release
- ☐ Inmate has history of threatening other inmates and/or staff personnel
- ☑ Inmate indicates a chronic inability to adjust in the general population
- ☐ Other

☐ Release from segregation
- ☐ Inmate is not a threat to the security and good order of the institution
- ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
- ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
- ☐ Other _____

## WARDEN'S REVIEW

☐ I have reviewed the above and agree with the Committee's decision  
☐ I have reviewed the above and am referring this back to the Committee

(Exibit 52.)   5098

WARDEN'S SIGNATURE               DATE  3/26/03

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | | |
|---|---|---|---|---|
| Institution | Maximum Security Unit | 60 Day Review | ☐ | Special Consideration ☐ |
| Inmate's Name | Williams, David | Warden's Review | ☐ | Date of Initial |
| ADC# | 078730 | Director's Review | ☐ | Assignment __10/18/2000__ |
| DATE | 04/24/2003 | 30 Day Review | [X] | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themselves or others require maximum protection from them

## COMMITTEE MEMBERS                         VOTE

| | | |
|---|---|---|
| Assistant Warden | REMAIN ( ) | RELEASE ( ) |
| Chief Security Officer | REMAIN ( ) | RELEASE ( ) |
| Field Security | REMAIN (→) | RELEASE ( ) |
| Classification Officer | REMAIN ( ) | RELEASE ( ) |
| Mental Health  *remain* | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*let me go*

## PSYCHOLOGICAL EVALUATION RESULTS:    (See Attached)

## ACTION/REASON

☑ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☐ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☐ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other _____

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____
  _____
  _____
  _____

## WARDEN'S REVIEW

( Exibit 53.)   5098

☑ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

_____                    4/24/03
WARDEN'S SIGNATURE                        DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

5-41

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | |
|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review ☐ | Special Consideration ☐ |
| Inmate's Name | **Williams, David** | Warden's Review ☐ | Date of Initial |
| ADC# | **078730** | Director's Review ☐ | Assignment **10/18/2000** |
| DATE | **05/21/2003** | **30 Day Review** [X] | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security

XXX ☐ Threat to security and good order of institution

☐ Requires maximum protection from themself or others require maximum protection from them

### COMMITTEE MEMBERS                          VOTE

| | | |
|---|---|---|
| Assistant Warden | | REMAIN ( ) RELEASE |
| Chief Security Officer | Capt. | REMAIN ( ) RELEASE |
| Field Security | | REMAIN (X) RELEASE |
| Classification Officer | | REMAIN ( ) RELEASE |
| Mental Health | | REMAIN ( ) RELEASE |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

Wants to be released from A/S

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation

☐ Inmate has a rebellious and aggressive conduct, behavior and attitude

☐ Inmate has a history of assault on other inmates

☐ Inmate has a history of assault on staff personnel

☐ Inmate is a threat to the security and good order of the institution

☐ Inmate has been a disciplinary problem since assignment

☐ Inmate must regain Class II before being considered for release

☐ Inmate has history of threatening other inmates and/or staff personnel

☐ Inmate indicates a chronic inability to adjust in the general population

☐ Other _____

☐ Release from segregation

☐ Inmate is not a threat to the security and good order of the institution

☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation

☐ Inmate no longer indicates a chronic inability to adjust in the general population.

☐ Other _____

## WARDEN'S REVIEW

☑ I have reviewed the above and agree with the Committee's decision          ( Exibit 54.)

☐ I have reviewed the above and am referring this back to the Committee          5098

WARDEN'S SIGNATURE _____          DATE 5/21/05

Original — Records:  Pink Copy — Inmate:  Blue Copy — Classification Office

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION

| | | | | |
|---|---|---|---|---|
| Institution | **Maximum Security Unit** | 60 Day Review | ☐ | Special Consideration |
| Inmate's Name | **Williams, David** | Warden's Review | ☐ | Date of Initial |
| ADC# | **078730** | Director's Review | ☐ | Assignment _10/18/2000_ |
| DATE | **06/25/2003** | 30 Day Review | [X] | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                          VOTE

| | | |
|---|---|---|
| **Assistant Warden** | REMAIN ( ) | RELEASE ( ) |
| **Chief Security Officer** | REMAIN ( ) | RELEASE ( ) |
| **Field Security** | REMAIN ( ) | RELEASE ( ) |
| **Classification Officer** | REMAIN ( ) | RELEASE ( ) |
| **Mental Health** | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

_I would like to go to population aligned Sgt. Bradly to take a polygraph currently on DCR._

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☑ Continued Segregation
  ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
  ☐ Inmate has a history of assault on other inmates
  ☐ Inmate has a history of assault on staff personnel
  ☐ Inmate is a threat to the security and good order of the institution
  ☐ Inmate has been a disciplinary problem since assignment
  ☐ Inmate must regain Class II before being considered for release
  ☐ Inmate has history of threatening other inmates and/or staff personnel
  ☐ Inmate indicates a chronic inability to adjust in the general population
  ☐ Other _Discipline pending_

☐ Release from segregation
  ☐ Inmate is not a threat to the security and good order of the institution
  ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
  ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
  ☐ Other _____

## WARDEN'S REVIEW

(Exhibit 55.)   A 5098

☐ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

_____ WARDEN'S SIGNATURE          6/25/03 DATE

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

5-49

# ADMINISTRATIVE SEGREGATION REVIEW
## RECORD OF RELEASE CONSIDERATION



| | | |
|---|---|---|
| Institution __Maximum Security Unit__ | 60 Day Review ☐ | Special Consideration ☐ |
| Inmate's Name __Williams, David__ | Warden's Review ☐ | Date of Initial |
| ADC# __078730__ | Director's Review ☐ | Assignment __10/18/2000__ |
| DATE __07/30/2003__ | 30 Day Review [X] | |

## REASON FOR INITIAL ASSIGNMENT

☐ Seriousness of offense resulting in placement in maximum security
☒ XXX  Threat to security and good order of institution
☐ Requires maximum protection from themself or others require maximum protection from them

## COMMITTEE MEMBERS                                   VOTE

| Assistant Warden | _____ | REMAIN (✓) | RELEASE ( ) |
| Chief Security Officer | _____ | REMAIN ( ) | RELEASE ( ) |
| Field Security | _____ | REMAIN (✓) | RELEASE ( ) |
| Classification Officer | _____ | REMAIN ( ) | RELEASE ( ) |
| Mental Health | _____ | REMAIN (✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

No Statement

## PSYCHOLOGICAL EVALUATION RESULTS:   (See Attached)

## ACTION/REASON

☒ Continued Segregation
   ☐ Inmate has a rebellious and aggressive conduct, behavior and attitude
   ☐ Inmate has a history of assault on other inmates
   ☐ Inmate has a history of assault on staff personnel
   ☐ Inmate is a threat to the security and good order of the institution
   ☐ Inmate has been a disciplinary problem since assignment
   ☐ Inmate must regain Class II before being considered for release
   ☐ Inmate has history of threatening other inmates and/or staff personnel
   ☒ Inmate indicates a chronic inability to adjust in the general population
   ☐ Other _____

☐ Release from segregation
   ☐ Inmate is not a threat to the security and good order of the institution
   ☐ Inmate has shown improvement in conduct, attitude and behavior since being assigned to segregation
   ☐ Inmate no longer indicates a chronic inability to adjust in the general population.
   ☐ Other _____

## WARDEN'S REVIEW

☒ I have reviewed the above and agree with the Committee's decision
☐ I have reviewed the above and am referring this back to the Committee

_____                    7-30-03        (Exibit 56,)
WARDEN'S SIGNATURE                              DATE

🔏 5098

Original — Records:   Pink Copy — Inmate:   Blue Copy — Classification Office

*338*

## ARKANSAS DEPARTMENT OF CORRECTION
### SEGREGATION PLACEMENT / HOUSING

FORM TO BE COMPLETED IN DETAIL UPON PLACING INMATE IN SEGREGATION.

1. INMATE NAME: Williams, David          ADC NUMBER: 78730

2. BKS MOVED FROM: Ad Seg temp

3. JOB ASSIGNMENT: Ad Seg

4. DATE: 9-16-03          TIME: 1208pm

Investigative Status _____   Administrative Segregation (T) _____   DCR _____   MH _____ VSM

5. BRIEF SUMMARY OF REASONS FOR PLACEMENT:
   (e.g. Mental Health Inmate needs quiet room) or (rule violations #_____ )

assign due to being a class IV inmate with a disciplinary history and for good order & institution

6. ENEMY ALERT CHECK:     YES ☐     NO ☑     DATE: _____

X David Williams
Signature

CHARGING OFFICER: _____

SHIFT SUPERVISOR: _____

SEGREGATION SUPERVISOR: _____

NOTE: PERSONAL PROPERTY MUST BE SENT WITH THE INMATE.

        STORED          KEPT          NO PROPERTY

I DO [ ] DO NOT [ ] REQUIRE A **PORK FREE DIET.**

I HAVE [ ] HAVE NOT [ ✓ ] HAD ANY SERIOUS RACIAL PROBLEMS WITH OTHER INMATES.

IF SO, WHO _____ ADC # _____ WHEN _____

NATURE OF PROBLEM. BE SPECIFIC:

X David Williams                                    9/28/03
INMATE SIGNATURE                                   DATE
                                                   9.28.03
WITNESS                        ( Exibit 57 )       DATE

# ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

ᑌᗷ3-338

| INSTITUTION | Varner Supermax | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | 9/16/2003 |
|---|---|---|---|---|---|
| INMATE NAME | WILLIAMS, DAVID | 60 DAY REVIEW | | | |
| ADC NUMBER | 78730 | DIRECTOR'S REVIEW | | | |
| DATE | 11/04/2003 | APPEAL HEARING | | | |

## REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

## COMMITTEE MEMBERS                                        VOTE:

| | | REMAIN | RELEASE |
|---|---|---|---|
| ~~T. Moncrief~~ A. Bradberry | Assistant Warden/Security | REMAIN ( ✓ ) | RELEASE (   ) |
| R. Walker | Classification | REMAIN ( ✓ ) | RELEASE (   ) |
| W. Hampton | Mental Health | REMAIN ( ✓ ) | RELEASE (   ) |
| ~~T. Allen~~ | ~~School Teacher~~ | ~~REMAIN ( )~~ | ~~RELEASE ( )~~ |
| ~~C. Griswold~~ M. Rosso | Segregation Commander | REMAIN ( ✓ ) | RELEASE (   ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

### ACTION / REASON

| | Continued Segregation | | Release from Segregation |
|---|---|---|---|
| | Inmate has a rebellious and aggressive conduct, behavior and attitude | | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| | Inmate has a history of assault on other inmates | | Inmate has demonstrated improvement in conduct, attitude, and behavior since being assigned to segregation |
| | Inmate has a history of assault on staff personnel | | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| ✓ | Inmate is a threat to the security and good order of the institution | | |
| | Inmate has been a disciplinary problem since assignment | | Inmate has satisfactorily participated in work programs |
| ✓ | Inmate must regain Class II before being considered for release | | Inmate has satisfactorily participated in self improvement programs |
| | | | |
| | Inmate has history of threatening other inmates and / or staff personnel | | Other |
| | Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | | |
| | Other | | |

## WARDEN'S REVIEW

| | |
|---|---|
| | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |
| | |
| WARDEN'S SIGNATURE | DATE  11-5-0  (Exibit 58.) |

TO: Warden Rick Toney, Varner

From: David H. Williams #78730, VSM

Date: 12-5-03

RE: Denied Class II Status Timely, as all other similar
situated inmates throughout the A.D.C.

Greetings,

On 12-5-03, Mrs. P. Walker/VSM Classification sent me
the following: "Be advised, I am in receipt of your request concerning
the Classification Committee. You met the Committee on
11-4-03. Your next 60 day review will be on 1-6-04, unless
an exception is warranted by the warden or unit manager.
There is no need to submit further request to Classification Office."

I requested twice of VSM classification, to meet Classification
for Class II Status on 12-9-03, 30 days and NOT 60 days for Class Status.

I request to be treated EQUALLY as all other similar situated
inmates throughout the A.D.C., who Do Not have to wait 60 days
between Class Steps, only 30 days between Class Steps. ADC Policy,
Procedures and even the NEW VSM Handbook shows we are to
[ALL] be treated EQUAL and not Discriminated Upon.

Warden Toney, your memo dated 11-20-03, Does Not Comply
with [ALL Other] ADC Policy & Procedures where it forces
VSM-Ad.Seg. inmates to face hardships, Not faced by others.
This memo also states: (Exception). So, I now request
and Make KNOWN my desire to be placed before Classification
on 12-9-03, I Request this (Exception) by either yourself,
Warden Moncrief, Warden Bradberry or Unit Manager. I need my
Class Status back so my families attorney may place me
before Clemency Board. Thank You!

David H. Williams 78730

(Exibit 59., P.1 of 3)

cc: Warden Moncrief    Ms. Dixon, VSM
    Warden Bradberry
    VSM Unit Manager
    George Brewer
    File



*honor and integrity in public service*

**Arkansas Department of Correction**

**TO:**   **David Williams      ADC# 78730  Bks: CB3-338**

**RE:**   **REQUEST DATED 12/3/03**

**DATE:**   **12-05-03**

---

Be advised, I am in receipt of your request concerning the Classification Committee. You met with the committee on 11-4-03. Your next 60 day review will be on 1-6-04, unless an exception is warranted by the warden or unit manager. There is no need to submit further requests to the Classification Office.

*R. Walker*

**Mrs. R. Walker / VSM Classification**

( Exibit 59., P. 2 of 3 )



**Arkansas Department of Correction**

*honor and integrity in public service*

**VARNER UNIT**
**P.O. BOX 600**
**GRADY, ARKANSAS 71644-0600**
Phone: (870) 479-3030
Unit Fax: (870) 479-3080
Warden Fax: (870) 479-3803

From:  Rick Toney, Warden

To:  Isolation/ Segregation Inmates

The following procedures apply to all Isolation/ Segregation inmates going before the
Classification Committee for Review or Class Promotions.

1. Eligible for Class Promotion 30 days after initial 60-day assignment to Administrative
   Segregation.
2. Classification Status Review every 30-days after initial 60-day assignment to
   Administrative Segregation.
3. Classification Review/Promotion Committee Hearings are scheduled every 60-days.

4. Inmates are scheduled to appear before the Classification Committee 60-days from date
   of assignment to Administrative Segregation or every 60-days from last Classification
   Review/Promotion Committee Hearings.  **(Exception)**  The Warden, Asst. Wardens, or
   Unit Manager may approve/authorize an inmate to appear before the committee in
   30-days if the exception is warranted

5. The Classification Committee meets weekly, if the inmate's review date is after the
   committee review that week the inmate is scheduled for the committee review the next
   week.

Rick Toney, Warden _____          DATE 11-20-03

(Exibit 59., P. 3 of 3)

C-800-5

**ATTACHMENT I**

**GRIEVANCE FORM**

For Office Use Only

UNIT/CENTER _VSM_

# _VSM-03-6439_
_12-11-03_

Date Received _203_

NAME (Please Print) _David Williams_     ADC # _78730_

BARRACKS _VSM 3-38_   JOB ASSIGNMENT _A/S_

Have you discussed this problem with your immediate supervisor? YES _X_ NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: _That I am Not treated as Similar Situated Inmates throughout the ADC. Inmates are told must do 60 days (vsm) between each promotion of Class Steps, Instead of All other Inmates who only do 30 days between each promotion of Class. I requested twice of VSM Classification Officer Dixon to place me before Class. Comm. on 12-9-03, I was sent a memo dated 12-5-03_

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT
_#1.) That my Class II Status begin as of 12-9-03, when I was eligible as All other ADC inmates and Cl. IC within the next 30 days, Not 60 days._  | _by mrs. R. Walker, VSM Class., in which she denied me receiving Class II, told I must do 60 days for Class return. This is Discrimination a Punishment only VSM inforces_

_#2.) Stop Retaliation and treat EQUAL_

Inmate Signature _David Williams_     Date _12/9/03_

_Note: I wrote ALL 3 Wardens at Varner and VSM Unit Manager on 12-5-03, to No Avail in Going to Class. Comm. on 12-9-03._

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If so, why? (Provide Explanation)

_Reprisal forced upon me for my litigation against the ADC because of my assignment to VSM. I need Class Status to have good record to apply for Clemency._

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden. _This is in violation of A.R.'s, A.D.'s and the [NEW] VSM Ad, Seg. Prisoner's Handbook,_

_Exhibit 60.)_
_P. 1 of 3_

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) _Simmons_

FROM WHICH INMATE? _D Williams_     ADC # _78730_ RECEIVED

DATE _12/9/03_     TIME _7:40_

_Simmons_
Signature of Receiving Officer

JAN 23 2004
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

C-800-6

Attachment II

INMATE NAME __Williams, D__ ADC # __79730__ GRIEVANCE # __VSM-03-6439__

## WARDEN'S/CENTER SUPERVISOR'S DECISION

### YOUR GRIEVANCE WAS RECEIVED ON: 12-11-03.

Ms. Walker, Classification Officer, advised that inmates assigned to Ad Seg are scheduled for 60-day reviews by the classification Officer unless an exception is made by the Warden, Asst. Warden, or Unit Manager.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN TEN (10) WORKING DAYS

__R. Tony by T─Mony__ _____ __G.W.__ **RECEIVED** __1-17-04__
Signature of ARO or Warden's/Supervisor's Designee    Title               Date

JAN 23 2004

**INMATE'S APPEAL** INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you are appealing the decision to the original complaint.  Do not list additional issues which are not a part of your " " complaint.

#1.) The Warden does Not Address **WHY**

WHY DO YOU NOT AGREE WITH THE RESPONSE? I'm treated Differently from other A,D,C. Inmates Pertaining to Class Promotion? VSM -A/s Inmate Handbook (August 4, 2003), Page 6, #26, States "Inmates in A/s may earn class the [S]ame as inmates in general population". Unit Policy (VU 10.5.0) Page 6 of 7, #23, Restats verbatim #26 of A/s handbook, This Unit makes Known their Conscious Indifference to follow their [OWN] Policies and Policy of A.D.C.
#2.) Inmates' Class Promotion(s) is a Separate Classification Issue from 60-Day Review, regardless of what Ms Walker's above Response!!
#3.) Warden Moncrief or Toney ordered the discrimination and indeed ADC

__David Williams__ _____ __78730__ _____ __1/14/04__
Inmate Signature              ADC #                Date

Retaliation as I clearly informed them they are violating ADC and this unit's own Policy pertaining to Class Promotion, AND supposedly going on Advice of Ms. Walker.    (Exibit 60., P.2 of 3)

## ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

| INSTITUTION | Varner Supermax | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | |
|---|---|---|---|---|---|
| INMATE NAME | WILLIAMS, DAVID | 60 DAY REVIEW | xx | | 9/16/2003 |
| ADC NUMBER | 78730 | DIRECTOR'S REVIEW | | | |
| DATE | 01/06/2004 | APPEAL HEARING | | | |

### REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

### COMMITTEE MEMBERS — VOTE:

| | | | |
|---|---|---|---|
| T. Moncrief | Assistant Warden/Security | REMAIN (X) | RELEASE ( ) |
| R. Walker | Classification | REMAIN (X) | RELEASE ( ) |
| W. Hampton | Mental Health | REMAIN (X) | RELEASE ( ) |
| F. Allen | School Teacher | REMAIN (X) | RELEASE ( ) |
| C. Griswold | Segregation Commander | REMAIN (X) | RELEASE ( ) |

### INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

### ACTION / REASON

| | Continued Segregation | Release from Segregation |
|---|---|---|
| | Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| | Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, |
| | Inmate has a history of assault on staff personnel | and behavior since being assigned to segregation |
| ✓ | Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| | Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs |
| | Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs |
| | | |
| | | |
| | Inmate has history of threatening other inmates and / or staff personnel | Other |
| | Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | |
| | Other | |
| | | |

### WARDEN'S REVIEW

| | |
|---|---|
| | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |

| WARDEN'S SIGNATURE | | DATE | 1-6-04 | (Exibit 61.) |
|---|---|---|---|---|

To: Deputy Director Ray Hobbs
From: David Williams #78730, VSM
Date: 2-12-04
Re: Yard Call/Out of Cell Time

Greetings,

I now write to you concerning issues you have already ruled on pertaining to yard call/out of cell time, when housed at Tucker Max.

#1.) The problem revolves around officers "TAKING A YARD CALL LIST," then whenever they get around to running yard call [I]f your name is NOT on their list you don't get yard call when they come in barracks to run yard call hours later.

Your decision when I was at Tucker Max was that No LIST would be taken and that [w]hen officers came to bks. to run yard call everyone would be given the opportunity for out of cell time, Sir, this ruling of your's worked well at Tucker Max.

On 2-12-04, I was DENIED my "Out of Cell Time". These same the Squad Riders tried to refuse me yard call the day before on 2-11-04, however, Cpt. Patterson told them to take me out as I always DO SO. These same Officers declared they would honor a sign in door window stating, "YES YARD CALL," I have had a "YES YARD CALL," sign in my door window for over two (2) months and they [H]ad always honored. This sign never leaves my cell door window and I request both Cameras in front of my cell to verify this AS FACT. Also, these officers are well aware I DO SO to yard call regularly, they all KNOW this, I was dressed and ready to go to yard call when they ran yard, numerous of these Officers denied me out of cell time. These officers are starting to DO the exact same SAME that Sgt. Bradley did at Tucker Max, which is "Arbitrary Taking Yard Call.

#2.) Again, I request the two(2) cameras as witnesses, to verify that on a regular basis these same Officers SHORT-CHANGE us 10, 20 or even 30 minutes of yard call, when we are suppose to receive one(1) hour, five(5) days a week.

#3.) I am denied writing instruments from VSM Commissary (3 times in 6 months.), and Not allowed writing instruments for Legal Work (Indigent Status), I at present owe both my neighbors ink pens. I'm DENIED what I'm suppose to receive unable to write FAMILY, FRIENDS, Religious Organizations & COURTS, As I would [I]f allowed Pens or PENCILS, Request Help!

Respectfully Requested,
David Williams #7873, VSM

CC: Wardens Toney & Moncrief
    Director Norris
    Numerous Senators & Representatives
    Cpt. Patterson
    File

(Exhibit 62.)

C-800-5

**GRIEVANCE FORM**
UNIT/CENTER _VSM_

ATTACHMENT I
For Office Use Only
# _VSM-04-0943_
_02-17-04_
Date Received _51_

NAME (Please Print) _David Williams_          ADC # _78730_

BARRACKS _VSM-3-38_   JOB ASSIGNMENT _A/S_

Have you discussed this problem with your immediate supervisor? YES _X_ NO ___ NATURE OR
DESCRIPTION OF THE PROBLEM: Almost every single day I'm taken to
Yard Call I'm always SHORT-CHANGED on Out of Cell Time, we
are to be afforded One (1) Hour out of our cells by ADC
Policy. I call the Cameras in front of my cell as a Witness
for the TIME LEAVING & RETURNING TO MY CELL From
YARD CALL! These Officers Continue To Beat For Time out
of Cell 10, 20, even 30 minutes

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?
#1.) I Request these officers Regulated At Times. I desire my one (1)
more closely concerning their Actions. hour out of Cell and that
#2.) That I receive the one (1) hour I'm the harassment cease!
entitled to, and treated as Policy Dictates.

Inmate Signature _David Williams_          Date _2-12-04_

IS THIS AN EMERGENCY SITUATION?  YES ___  NO _X_ If so, why? (Provide Explanation) _____

_____

_____

(An emergency situation is one in which you may be subject to a substantial risk of physical harm.  It should not be
declared for ordinary problems that are not of a serious nature.)  If you marked yes, you may give this completed
form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and
deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center
Assistant Warden.  REPRISALS:  If you are harmed or threatened because of your use of the grievance form,
report it immediately to the Warden.

RECEIVED

MAR 22 2004

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) _Mellett, T._

FROM WHICH INMATE? _D. Williams_          ADC # _78730_

DATE _2/12/04_          TIME _7:16 pm_          (Exibit 63., P.1 of 3)

_T. Mellett_
Signature of Receiving Officer

INMATE NAME ___Williams, D___    ADC # ___78730___    GRIEVANCE # ___VSM-04-0943___

## WARDEN'S/CENTER SUPERVISOR'S DECISION

### YOUR GRIEVANCE WAS RECEIVED ON: 02-17-04

All inmates on yard call are given an opportunity to stay on the yard for one hour, although most days the inmate does not stay long because of the cold weather outside.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY
DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN TEN (10) WORKING DAYS

_____    WARDEN **RECEIVED** ___3-5-2004___
Signature of ARO or Warden's/Supervisor's Designee    Title    Date

MAR 22 2004

## INMATE'S APPEAL    INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues which are not a part of your complaint.

**WHY DO YOU NOT AGREE WITH THE RESPONSE?** I request my five (5) day per week, and one (1) hour per day out of my cell. I stay out whether rain, snow, sleet or sun. I'm NOT other inmates I Desire to be OUT of these SLAMMED DOWN CONSTANTLY CELLS As Much & As Often As Possible!! When officers tell you, "Catch The Cuffs", I catch the Cuffs! I do Not ask to go in early, but I am Constantly FORCED to do so.

David Williams    78730    3/10/04    Exibit63,1
Inmate Signature    ADC #    Date    P. 2 of 3

For the past three weeks we were only given three (3) days out of cell time, instead of five (5) days and get short changed on time even THEN! I have NOTHING to DO WHEN other inmates wish to come in early. I request my Five (5) days per week and one (1) hour per day. Thank You!

Exhibit "A" - *yard call* sign in Door Window for the Past Two (2) months! I have never moved this "YES YARD CALL" sign from my door, this will show officer Arbitrary Took my Out of Cell Time!!

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**

For Office Use Only

UNIT/CENTER  **VSM**

# **VSM-04-0944**

**02-17-04**

Date Received

803

NAME (Please Print) **David Williams**          ADC # **78730**

BARRACKS **VSM 3-38**     JOB ASSIGNMENT **A/S**

Have you discussed this problem with your immediate supervisor? YES **X** NO ___ NATURE OR DESCRIPTION OF THE PROBLEM: On 2-12-04, I was DENIED my "Out of CELL TIME", These same Hoe Squad Riders tried to refuse me yard the day before on 2-11-04, however, Cpt, Patterson told them to take me out as I always DO GO. I had Sign in Door Window which never leaves door window which states, "YES YARD CALL", As these Officers said they would honor, however the Past 2 days they have gave me a hard time, [E]ven though they know I GO TO YARD.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

#1) That Retaliation & Discrimination Cease, #2) [A]ll these officers [K]now I do Go Regularly to Yard And their [S]ystem does Not Work! #3). Stop List Taking & Ask inmates [W]hen running Yard if they want to Go.

Deputy Director's Ray Hobb has already ruled that "NO LIST" should be taken and that [E]veryone shall have their RIGHT to Out of Cell Time.

↑ This Solved the Problem at Tucker Max.

Inmate Signature **David Williams**          Date **2-12-04**

#4) I Request Appropriate Action on this day's list taking officer who denied me Yard,

IS THIS AN EMERGENCY SITUATION? YES **X** NO ___ If so, why? (Provide Explanation)

Reprisal because of my numerous ACTS of Litigation Upon the A.D.C. I Was DRESSED & READY & DENIED YARD! [W]hen they were Running Yard I Requested Numerous Times of these officers to let me have my YARD CALL to NO AVAIL!!! They TOOK IT!!! Stop list taking.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature. If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of this grievance form, report it immediately to the Warden.

RECEIVED

MAR 15 2004

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) **T. Malbott**

FROM WHICH INMATE? **D. Williams**          ADC # **78730**

DATE **2/12/04**          TIME **7:15 pm**

_(signature)_

Signature of Receiving Officer

Exibit 64,)
P. 1 of 3

INMATE NAME _Williams, D_____ ADC # ___78730___ GRIEVANCE # ~~VSM-04-0944~~

## WARDEN'S/CENTER SUPERVISOR'S DECISION

### YOUR GRIEVANCE WAS RECEIVED ON: 02-17-04

You are being vague in naming who denied you out of cell time. You need to be more specific as a proper investigation can be done. Captain Patterson advised he did advise the yard crew to take you to the yard.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN TEN (10) WORKING DAYS

_____   _____   RECEIVED   3-1-2004
Signature of ARO or Warden's/Supervisor's Designee   Title   Date

MAR 15 2004

## INMATE'S APPEAL INMATE GRIEVANCE SUPERVISOR
### ADMINISTRATION BUILDING

If you are not satisfied with this response, you may appeal this decision within five days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues which are not a part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? I do Not KNOW ~~these~~ these Hoe Squad Riders Names, THUS, hard to Name. The Issue However Is the taking of A YARD LIST hours before They ACTUALLY DO RUN YARD CALL/Out of Cell Time, for BKS. Deputy Director Ray Hobbs when I was housed at Tucker Max ruled all inmates would be afforded the opportunity for "Out of Cell Time," [W]hen Yard call is RUN for BKS. This also makes Common Sense, [W]hen running yard for BKS, THEN ask inmates if they want yard.

_David Williams_____   _78730___   3/3/04
Inmate Signature   ADC #   Date

Also, if the Warden wished to DO as he states "A Proper Investigation" he would Check-Out the ~~Two(2)~~ Camera Tapes I did call for witnesses which SHALL MAKE KNOWN Precisely the officers at my door. IF would have looked at TAPE, it would be SHOWN. | Exibit 64., P.2 of 3 |

To: Warden Moncrief
From: David Williams # 78730 / VSM 3-38
Date: 2/22/04
Re: T.V

Greetings,

I've written you twice already concerning T.V going off at Approx. 9:50 P.M. instead of 10:30 P.M. as VSM Policy shows.

Request Dated 1/15/04 & 2/5/04, To No Avail

Are we ever going to be allowed to watch stations we wish? As other Units Do?

Also, I've written you on same dates requesting a Jumpsuit (XX-L). I've been FORCED now to use the same Jumpsuit (soiled/dirty) for forty (40) days! I've written VSM Laundry Time & Time Again, To No Avail.

Appreciate Any/All Consideration.

Sincerely,
David Williams

CC: Larry May, Deputy Director
File

(Exibit 65.)

ON§ VSM LAUNDRY

C-800-5

**GRIEVANCE FORM**

UNIT/CENTER _VSM_

ATTACHMENT I

For Office Use Only

# VSM- 04-1132

02-25-04

Date Received

803

NAME (Please Print) _David Williams_          ADC # _78730_

BARRACKS _VSM 3-38_     JOB ASSIGNMENT _N/s_

Have you discussed this problem with your immediate supervisor? YES _x_ NO ___ NATURE OR

*Ms. Courtney, To No Avail.*

DESCRIPTION OF THE PROBLEM: On 2/18/04, Ms. Courtney, Laundry Supervisor informed me that [A]ll Clothing MUST BE placed inside laundry bag [I]f we want cleaned. This conversation began over my lost Jumpsuit. She informed me if not in Laundry Bag you will not receive back. I explained to her as bulky as Jumpsuits are they will not be cleaned properly Nor Dried Properly and that Personal Clothes & bedding will not be either! We are told to CRAM all this in Laundry Bag. No Other Unit FORCES inmates *(Discrimination)* to place Outer Wear (Jumpsuits and/or Pants & Shirts) in their Personal Clothes Laundry Bag. The laundry chemicals do not get properly rinsed from Clothes because of all the clothes we are FORCED To CRAM IN BAG!

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

#1.) Stop Discrimination and Not Force VSM inmates to Place Jumpsuits in Laundry Bags, So that all clothing Shall be cleaned and Dried Properly this Laundry Supv. show's Reckless Disregard to health concerns and request this stopped!

Inmate Signature _David Williams_   Thank You!   Date _2/22/04_

IS THIS AN EMERGENCY SITUATION? YES _x_ NO ___ If so, why? (Provide Explanation) Clothing Not washed Properly, thoroughly, with ALL Chemical Removed, which causes burning & rashes, Not treated EQUALLY to all other Units as this Laundry No Litrary, Capriciously & with Malice Shown!, known desire to Not wash, clean & dry clothing Properly to INSURE no Health Concerns! This is ENTIRELY TOO Much Clothing To Place in Laundry Bag and hope to be cleaned Properly with chemicals totally cleaned out. Reckless Disregard.

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) _CO. Romley_                                   Exibit 66.) P.1of 3

FROM WHICH INMATE? _David Williams_          ADC # _4873_

DATE _2/23/04_          TIME _8:34 pm_          RECEIVED

_CO. Romley_          APR 02 2004

Signature of Receiving Officer

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

Attachment II

INMATE NAME *Williams, D.* _____ ADC# __78730__ GRIEVANCE # *VSM-04-1132*

# WARDEN'S/CENTER SUPERVISOR DECISION

### YOUR GRIEVANCE WAS RECEIVED ON: 2-25-2004.

All clothing bags are properly washed and dried.  You are not being discriminated against; all inmates in the Supermax must place all of their clothing and bedding items in their laundry bags to be washed.  In addition you failed to follow the memo of January 4, 2004, which states all laundry must be secured in the laundry bags or it would not be returned to you.

**RECEIVED**

**APR 02 2004**

**INMATE GRIEVANCE SUPERVISOR**
**ADMINISTRATION BUILDING**

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN TEN (10) WORKING DAYS

_____   _____   **3/9-2004**
Signature of ARO or Warden's/Supervisor's Designee   Title   Warden   Date

---

WHY [M]ust *Supermax* and NO
Other A.D.C. UNIT ? ?

# INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you are appealing the decision to the original complaint.  Do not list additional issues, which are not a part of your complaint. NO OTHER [U]NIT FORCES

WHY DO YOU NOT AGREE WITH THE RESPONSE? *Inmates to place Jumpsuits,*
*Pants/Shirts in [P]ersonal Laundry Bag, Jumpsuits make the bag*
*too Bulky, I've turned in same jumpsuit three(3) times and has yet*
*to be cleaned properly, much less dried. Please Toss Just one(1)*
*sheet, 2 Boxers, 2 Pr. Socks and towel in bag* with Jumpsuit *AND SEE FOR YourSELF!*
*This Grievance does NOT pertain to Lost Jumpsuit, but Proper Cleaning & Drying.*

*David Williams* _____   __78730__ | Exibit "66" | **3/22/04**
Inmate Signature   ADC#  | P.i 2 of 3 |   Date

I understand ALL inmates AT Supermax are FORCED to Place Jumpsuits in
BAG WHILE NO OTHER ADC Inmates are Forced to do SO. This is the ISSUE!

On& VSM Laundry

C-800-5

ATTACHMENT I

**GRIEVANCE FORM**

UNIT/CENTER _____VSM_____

For Office Use Only

# _VSM·04-1133_

02.25.04

Date Received   50¢

NAME (Please Print) _David Williams_   ADC # _78730_.

BARRACKS _VSM 3-38_   JOB ASSIGNMENT _A/s_

Ms Courtney, to no avail

Have you discussed this problem with your immediate supervisor? YES _X_ NO ___ NATURE OR

DESCRIPTION OF THE PROBLEM: On 1/8/04, I turned in Jumpsuit and was Not returned, it was marked on "Laundry List" by Officer, When I did not receive Jumpsuit I sent Laundry Supv. Courtney a Request pertaining to Jumpsuit & Jumpsuit Policy on 1/9/04, No Response, I again sent Request for Jumpsuit (2nd Request) to Ms. Courtney, also a copy of Request to Warden Moncrief & Ms. Dean on 1/15/04, No Response, Ms. Courtney states, "Clothing Issue at 1st of month, Only once PER MONTH." On 2/5/04, I sent Warden Moncrief a 2ND Request for Jumpsuit, No Response. On 2/18/04, I talked to Ms Courtney she said only do clothing issue 1st of Month, Told her sent two(2) Request why wasn't I issued Jumpsuit, told, "TRY AGAIN." Denied Clean Clothing, must keep one(1) Jumpsuit For Yard Call & all other calls.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? #1.) Stop the Deliberate Indifference Treatment #2.) Being told must wait A Month, in my case Now over a 1½ is Reckless Disregard to health concerns, this must Cause(!) #3.) Issue Jumpsuit and stop Arbitrary, Capricious & Malice Behavior/Despotic

Inmate Signature _David Williams_   Thank You!   Date _2/22/04_

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If so, why? (Provide Explanation) Denied clean clothing and issuance of Clean Clothing, WAS Not and have Not been issued a Second (2ND) Jumpsuit in over a 1½ Regardless of Numerous Request. Forced to wear Dirty/Soiled Jumpsuit when leaving cell or when cold. Officers were shown their Short-comings, to No Avail), VSM continues to show Reckless Disregard for health concerns and thus Deliberate Indifference. They Know we are to be afforded clothes & Clean Clothes!

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt, and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_____

(To be filled out by Receiving Officer)

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) _Col. Ramley_

FROM WHICH INMATE? _David Williams_   ADC # _78730_

DATE _2/23/04_   TIME _8:37 pm_   **RECEIVED**

_Col. Ramley_

Signature of Receiving Officer

Exibit 67., P. 1 of 3

APR 02 2004

INMATE GRIEVANCE SUPERVISOR

ADMINISTRATION BUILDING

Attachment II

INMATE NAME _Williams, D_ _____ ADC# _78730_ _____ GRIEVANCE #_VSM-04-1133_

# WARDEN'S/CENTER SUPERVISOR DECISION

### YOUR GRIEVANCE WAS RECEIVED ON: 03-09-04

All inmates in the Supermax must place all of there clothing and bedding in their laundry bag to be washed. In addition you failed to follow the memo of 01-04-04, which stated that all laundry must be secured in the laundry bag or it will not be returned to the inmate. Your jumpsuit was replaced on 02-28-04 when request for the month of February was filled advised COII Courtney.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN TEN (10) WORKING DAYS

**RECEIVED**

**APR 02 2004**

**INMATE GRIEVANCE SUPERVISOR**
**ADMINISTRATION BUILDING**

Signature of ARO or Warden's/Supervisor's Designee

WARDEN
Title

3-17-2004
Date

---

# INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you are appealing the decision to the original complaint.  Do not list additional issues, which are not a part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? Our Jumpsuits [N]ot inside our We [A]ll had been turning in [P]ersonal Laundry Bag. I sent two(2) Request in January (1/9/04 & 1/15/04) YET Ms. Courtney did NOT issue me a Jumpsuit for another month. Ms Courtney has a attitude/Despotic, this is a FACT. No other unit Laundry Supv. Forces inmates to place [OUTER Clothing, shirts, pants, jumpsuits] in their Personal Laundry Bag. Chemicals Remain, clothes are Not cleaned well (AT ALL)¹ And are NEVER Dried thorough when Forced to tess

David Williams
Inmate Signature

78730
ADC#

Exibit 67,
P. 2 of 3

3/18/04
Date

in our Personal Clothes Laundry Bag, 1½ months to issue a Jumpsuit. Ms. Courtney Did NOT Follow her own memo of 1/4/04. FACT.

TO      :      All Shift Supervisors & VSM Inmates

*CO II T. Courtney*

FROM :      CO II T. Courtney, VSM Laundry/Kitchen

DATE :      January 4, 2004

RE      :      VSM Laundry & Clothing Issuance Procedures

**This memo is to be read at shift briefing and to be passed out to all VSM assigned inmates**

From this date forward the following procedures will be adopted for the VSM Laundry.  All staff and inmates are expected to comply with these procedures.

1.   When picking up laundry bags for laundry bag wash call only <u>one (1)</u> laundry bag will be allowed per inmate.  All laundry must be inside of the laundry bag and the laundry bag must be securely tied up, anything that is tied to the laundry bag will be confiscated and will not be returned to the inmate.

2.   No blankets are to be turned in or accepted at laundry bag call.  A blanket wash time is conducted every 90 days.  If you have an accident or for some reason need your blanket washed sooner than the 90 days period, you must put a request in and gain permission from the VSM Laundry/Kitchen Supervisors or a Sergeant or above.

3.   Each officer who picks up laundry bags will fill out the Laundry Bag Call list correctly and turn in it with the laundry cart.  If you are not given a list or do not have a list you will be responsible for contacting the laundry clerk and obtaining the list.  If you fail to turn in a list or fill it out properly or if you accept excessive or unauthorized clothing for washing I will bring this to the attention of your supervisor.

4.   Each inmate will be allowed to make one (1) request for clothing issuance per month.  For the Month of January CO I Dean will be responsible for accepting and filling request for cellblock 2, 3, and 4, and I will be responsible for accepting and filling request for cellblocks 5 and 6.  CO I Dean and I will switch these cellblocks every month.  Requests will be filled once a month.  Any emergency requests must be approved by CO I Dean or I, a Sergeant or above before they are filled.  Any requests that are excessive will not be filled.

5.   Each inmate is allowed to have one (1) blanket unless he has legitimate medical scrip.  I have been advised that the temperature of the cellblock/barracks is to be adjusted to conform to policy.

6.   Each inmate has received thermal underwear.  We have no toboggan caps, therefore, do not request them; if we receive them you will each receive a cap.

If you have any questions concerning the above instructions then please contact me.

CC:      Mr. T. Moncrief, Assistant Warden/Security          Lt. K. Tillman, CC-Shift Supervisor
         Captain C. Griswold                                 Lt. G. Smith. DD-Shift Supervisor
         Captain J. L. Barnett                               CO I D. Dean, VSM Laundry/Kitchen
         Lt. R. Evans, AA-Shift Supervisor                   All VSM Inmates *(EXIBIT 68.)*
         Lt. M. Cobb, BB-Shift Supervisor                    File

MARCH 9, 2004
9:43AM

Dearest Family,
      Here's my response to George Brewer I mailed out today.

**Please read response from George Brewer,**

**1. How come David was in population for many years clean record before your guards permitted 3 I believe in the kitchen where my brother David was working and was attacked and almost killed and sent to Utah 3 years, he was the one nearly killed you didn't punish the ones who tried to do it, but you punish David my brother the one almost killed and his family still yet, somehow that doesn't wash. David, is in prison paying for his crime, he regrets every day of his life what he did to get in prison and suffering he has caused his family for almost 24 years, I think it's about time you, look at the whole picture.**

**1, David, was almost killed back in 1996 I believe he, NOT THE ONES WHO TRIED TO KILL HIM David, was sent to Utah more suffering for him and his family, we had to find out by another inmate mother called our Mother and told her what happened and that they shipped him out to Utah we didn't know how bad he was hurt or anything, where was the justice there???**

**2. David, all the time in Utah and now back in Arkansas has been in AD SEG. locked up like an animal, no medical treatment right, no pens to write family and various other things. ESPECIALLY RIGHTS! PUT YOURSELF IN HIS PLACE AND SEE HOW YOU WOULD FEEL.**

**SINCERELY, CHERYL E. SMITH**

----- Original Message -----


-----Original Message-----
**From:** George Brewer
**Sent:** Friday, March 05, 2004 11:21 AM
**To:** ADC Webmaster
**Subject:** RE: David Hugh Williams ADC#78730


David Williams ADC#78730 has a history of being segregated from the general population because he is a threat to the security of the institution. He has a history of drug trafficking and was convicted of the murder of another inmate. At one point in time he was moved out of state for protection due to his involvement in drug trafficking. Apparently the classification committee does not feel that it would be safe for him to be released to general population. I tend to agree.

     -----Original Message-----
    **From:** ADC Webmaster
    **Sent:** Friday, March 05, 2004 9:34 AM
    **To:** George Brewer; John Byus
    **Subject:** FW: David Hugh Williams ADC#78730

(Exibit 69.)

# ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

| INSTITUTION | Varner Supermax | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | |
|---|---|---|---|---|---|
| INMATE NAME | WILLIAMS, DAVID | 60 DAY REVIEW | | | 9/16/2003 |
| ADC NUMBER | 78730 | DIRECTOR'S REVIEW | | | |
| DATE | 03/09/2004 | APPEAL HEARING | | | |

### REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

### COMMITTEE MEMBERS — VOTE:

| | | | |
|---|---|---|---|
| T. Moncrief  A.D. Bradberry | Assistant Warden/Security | REMAIN (✓) | RELEASE ( ) |
| R. Walker | Classification | REMAIN (✓) | RELEASE ( ) |
| W. Hampton | Mental Health | REMAIN ( ) | RELEASE ( ) |
| F. Allen | School Teacher | REMAIN ( ) | RELEASE ( ) |
| C. Griswold | Segregation Commander | REMAIN ( ) | RELEASE (✓) another Unit |

### INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

### ACTION / REASON

| | Continued Segregation | Release from Segregation |
|---|---|---|
| | Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| | Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, and behavior since being assigned to segregation |
| | Inmate has a history of assault on staff personnel | |
| | Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| | Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs |
| | Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs |
| | | |
| | Inmate has history of threatening other inmates and / or staff personnel | Other |
| | Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | |
| | Other  Mr. Bradberry, Mrs. Hampton, and Cpt. Griswold voted to Release to another Unit not Varner population | |

### WARDEN'S REVIEW

| | |
|---|---|
| | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |

WARDEN'S SIGNATURE  R. Thomas T. Mon____  DATE _____   (Exibit 70)

Release Denied 3-9-04

## John Smith

**From:**  "John Smith" <jsmithjr@tampabay.rr.com>
**To:**  "AR. Rep. Marelyn Edwards" <edwardm@arkleg.state.ar.us>; "AR. REp. Lindbergh Thomas" <jthomas@arkleg.state.ar.us>; "AR. Rep. Linda Chestfield" <chesterfieldl@arkleg.state.ar.us>; "AR. Rep. Leroy Dangeau" <dangeaul@arkleg.state.ar.us>; "AR. Rep. Larry Prater" <lprater@arkleg.state.ar.us>; "AR. Rep. Kevin Penix" <penixk@arkleg.state.ar.us>; "AR. Rep. Kevin Goss" <gossk@arkleg.state.ar.us>; "AR. Rep. Ken Cowling" <cowlingk@arkleg.state.ar.us>; "AR. Rep. Joyce Elliott" <elliottj@arkleg.state.ar.us>; "AR. Rep. Johnnie Bolin" <bolinj@arkleg.state.ar.us>; "AR. Rep. John Paul Verkamp" <jverkamp@waltlaw.net>; "AR. Rep. Jim Lendall" <jlendall@cei.net>; "AR. Rep. Jerry Taylor" <taylorj@arkleg.state.ar.us>; "AR. Rep. Jeremy Hutchinson" <hutchinsonj@arkleg.state.ar.us>; "AR. Rep. Jeff Wood" <woodj@arkleg.state.ar.us>; "AR. Rep. Jeff Gillespie" <jgillespie@arkleg.state.ar.us>; "AR. Rep. Jay Martin" <martinj@arkleg.state.ar.us>; "AR. Rep. Jay Bradford" <spearcy@fai-pb.com>; "AR. Rep. Janet Johnson" <johnsonj@arkleg.state.ar.us>; "AR. Rep. Jan Judy" <jjudy@arkleg.state.ar.us>; "AR. Rep. James Norton" <nortonj@arkleg.state.ar.us>; "AR. Rep. Eric Harris" <harrise@arkleg.state.ar.us>; "AR. Rep. Dewayne Mack" <mackd@arkleg.state.ar.us>; "AR. Rep. Denny Sumpter" <sumpterd@arkleg.state.ar.us>; "AR. Rep. Daryl Pace" <paced@arkleg.state.ar.us>; "AR. Rep. Chris Thyer" <thyerc@arkleg.state.ar.us>; "AR. Rep. Chris Thomason" <thomassonc@arkleg.state.ar.us>; "AR. Rep. Chaney Taylor, JR" <ctaylor@akleg.state.ar.us>; "AR. REP. Cecile Bledsoe" <cbledsoe@arkleg.state.ar.us>; "AR. Rep. Boyd Hickinbotham" <bhickinbotham@arkleg.state.ar.us>; "AR. Rep. Booker T. Clemons" <clemonsb@arkleg.state.ar.us>; "AR. Rep. Bob Mathis" <mathisb@arkleg.state.ar.us>; "AR. Rep. Bill Scrimshire" <bscrimshire@arkleg.state.ar.us>; "AR. Rep. Bill Pritchard" <pritchardb@arkleg.state.ar.us>; "AR. Rep. Bill H. Stovall, III" <stovallb@arkleg.state.ar.us>; "AR. Rep. Betty Pickett" <pickettb@arkleg.state.ar.us>; "AR. Rep. Beth Green" <mgreen@arkleg.state.ar.us>; "ADC Webmaster" <ADC.Webmaster@mail.state.ar.us>
**Sent:**  Monday, March 22, 2004 11:28 AM
**Subject:**  DAVID HUGH WILLIAMS ADC#78730


Cheryl E. Smith

1175 19th. Ave. SW

Largo, Florida 33778

March 22, 2004

George Brewer Classification Administration

From: Cheryl Smith

Date March 4, 2004

RE: David Hugh Williams ADC # 78730

( Exibit 7l, P, 1of3)

Mr. Brewer, In your response dated 3/5/04

1. David was assigned to A/S upon his return from Utah in 1999, I request the dates & amount of drugs he was Supposed doing his drug trafficking that lead to A.D.C. decision, to BURY him on A/S? Not dirty urine test (drug user "weed") but drug trafficking that you state, by disciplinary convictions for wrong doing?

2. Also, why are numerous inmates busted with packaged drugs (for sale), yet they are not assigned to A/S? If A/S one inmate for drug trafficking, should not ALL? Are not regulations or directives in place that ALL be treated with EQUALITY?

3. YOU STATE , "David has a history of being A/S from population," however before he was assaulted on HIS own Job assignment (see picture) Kitchen Clerk, he had a MUCH LONGER History of being in General Population performing many TRUSTED jobs. IS THIS CORRECT? Field Major's Clerk, Court Room Clerk in which he did numerous functions, Personal Records & Time Sheets, Disciplinary typing & Results, Count Board & Roster, Distribution, filing, copies, Maintenance Clerk at Cummins and Tucker Max; Kitchen Cook, Baker, Food Service, Floor Man, Dish room, Kitchen Clerk; Hall Porter Twice, BKS. Porter for 2, 6, 8 BKS. Also inside utility and hoe squad ALL the JOBS, MANY TRUSTED JOBS, DAVID PERFORMED. After he did A/S time for his involvement in the crime and Please remember David DID NOT STAB TUCKER , David, stabbed Pennington who LIVED. So let us NOT be MISLEADING, David, DID HAVE MUCH LONGER RECORD OF GENERAL POPULATION, THAN A/S.

4. Just curious Mr. Brewer, IF 5 or 6 GANG BANGERS ROBBED YOU while you were on the toilet, at KNIFE POINTS, with your pants down, totally disrespected & humiliated you, WHAT WOULD YOU HAVE DONE?

What about afterwards one of them TRIED TO PUNK YOU OUT (FORCE YOU HOMOSEXUAL), TELL ME WHAT WOULD YOU HAVE DONE???

Tell me Mr, Brewer, David had just got out the isolation for fighting with one of these SAME inmates for breaking in his box stealing his radio, eye glasses, commissary, yet just fighting obviously didn't do him any good, THEN WHAT WOULD YOU HAVE DONE? What viable option remained for a man doing a life sentence? Or any man?

Mr. Brewer were you NOT one of the men in Office with Mr. Norris smoking cigars celebrating the fact that both Pennington & Tucker were themselves attacked? DO NOT the FEDERAL COURTS DECLARE that every man during the course of incarceration can expect to be assigned to lockdown status? Yes they do, they KNOW it is part of doing time.

5. You continue to bring up this incident from 1982, 22 years ago, David did his punishment THEN and yet this breaths of DOUBLE JEOPARDY/DOUBLE PUNISHMENT. Please Explain?

Sir, I'm seriously considering a Para-Legal course so I may better understand the law. Tell me, were the two (2) men who tried to kill David on his job, did they have free-world charges? Yet these men have been in population over 5 years to our knowledge.

David, has had major health issues and can not get same medical help as population, see numerous grievances on medical. A/S is NOT treated equally.

In Conclusion, more than anything we want this man, David Hugh Williams A.D.C #78730, out of prison, over ½ his life is enough! We have been lied to by Attorney, after Attorney, after Attorney and yes we've hired yet another Attorney to seek his FREEDOM.

David, has not been allowed a contact visit in the ADC for over 17 years! The last time he was at Cummins unit, minimum SECURITY. David, was told he was shipped to Varner for population, AGAIN LIED TOO. David, was told by Warden Moncrief being Class 1c and I'll let you go to population, another lie. What kind of "Threat To Security", is a man who is going before the Clemency Board seeking FREEDOM? Come June Since return from Utah 5 years on A/S for his BEING ASSAULTED ON HIS JOB ON HIS POPULATION JOB.

WE REQUEST ANSWERS FROM YOU, AS YOU ARE THE CLASSIFICATION ON ADMINISTRATOR. THANK YOU FOR A RESPONSE.

Sincerely,

( Exibit 71, P. 2 of 3)

Cheryl E. Smith/ Sister

CC: NORRIS, MAY, HARRIS, GOV. HUCKABEE, LT. GOV. ROCKFELLER, MONCRIEF, BRODBERRY
JUDICIAL & STATE AGENCY COMM. MEMBERS SENATE & REPRESENTATIVES

( Exibit 71., P. 3of3)

# ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

| INSTITUTION | Varner Supermax | 30 DAY REVIEW | DATE OF INITIAL ASSIGNMENT | 9/16/2003 |
|---|---|---|---|---|
| INMATE NAME | WILLIAMS, DAVID | 60 DAY REVIEW | | |
| ADC NUMBER | 78730 | DIRECTOR'S REVIEW | | |
| DATE | 04/13/2004 | APPEAL HEARING | | |

### REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

### COMMITTEE MEMBERS / VOTE:

| Member | Title | REMAIN | RELEASE |
|---|---|---|---|
| T. Moncrief | Assistant Warden/Security | REMAIN (✓) | RELEASE ( ) |
| R. Walker | Classification | REMAIN (✓) | RELEASE ( ) |
| W. Hampton | Mental Health | REMAIN (✓) | RELEASE ( ) |
| F. Allen | School Teacher | REMAIN ( ) | RELEASE ( ) |
| C. Griswold  H. Evans | Segregation Commander | REMAIN (✓) | RELEASE ( ) |

### INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

### ACTION / REASON

| | Continued Segregation | Release from Segregation |
|---|---|---|
| | Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| | Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, |
| | Inmate has a history of assault on staff personnel | and behavior since being assigned to segregation |
| ✓ | Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| | Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs |
| | Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs |
| | Inmate has history of threatening other inmates and / or staff personnel | Other |
| | Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | |
| | Other | |

### WARDEN'S REVIEW

| | |
|---|---|
| | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |

| WARDEN'S SIGNATURE | *[signature]* | DATE | 4-13-04  (Exibit 72.) |
|---|---|---|---|

# GRIEVANCE FORM - (Attachment 1A)

FOR OFFICE USE ONLY

Grv. # _VSM-04-1483_

Date Received _5-3-04_

Grievance Code: _305_

UNIT/CENTER ___VSM___

PLEASE PRINT
Name __David Williams__  ADC# _78730_  Brks _3-38_ Job Assignment _A/S_

IS THIS GRIEVANCE A MEDICAL GRIEVANCE?   Yes _____   No _X_

**********************************************************

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

## THE ORIGINAL INFORMAL RESOLUTION FORM MUST BE ATTACHED

### Informal Action Taken

Have you discussed this problem with your designated problem-solver? Yes _X_ No __ If yes, give date _4/28/04_

Why do you feel the informal resolution was unsuccessful? _My situation is Atypical as I am Not given opportunity for Population or Transfer from Super Max._

**********************************************************

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

What Privileges are in place for Super Max A/S inmates?
Assist Warden Moncrief on 4/13/04, stated I could not have a T.V.
Remote, I am a IC (highest I can earn) inmate, who has been
DENIED Transfer from Super Max OR Release to General
Population.
   Surely someone in my situation should be considered for some
Privilege Consideration? After all, ALL other A/s units the
inmates ARE ALLOWED TO CHOOSE which T.V. Station they desire
to watch. Why treat me unequal to all other A/s inmates, esp.
those class IC?

IS THIS AN EMERGENCY SITUATION?   YES ____   NO _X_   If yes, why? _____

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the ARO, the Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_David Williams_
INMATE SIGNATURE

JUN 0 4 2004

DATE

RECEIVED
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

Exibit 73,1
P of 4

---

(TO BE FILLED OUT BY THE RECEIVING OFFICER)

RECEIPT FOR EMERGENCY SITUATIONS

OFFICER (Please Print) _CO I L. Daniels_ Signature _C. Daniel_

FROM WHICH INMATE? _Williams, David_  ADC# _78730_

DATE: _4/30/04_   TIME: _6:45 pm_

**INFORMAL RESOLUTION** FORM **(Attachment 1)**

UNIT/CENTER ___VSM___

PLEASE PRINT
Name __David Williams__   ADC# __78730__ *VSM* Brks __3-38__ Job Assignment __A/S__

IS THIS AN EMERGENCY SITUATION? YES ___ NO X   If yes, why? _____

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Give a **BRIEF** statement of your complaint/concern. This statement must be specific as to the complaint, **dates**, places, personnel involved and how **you** were affected. **One issue** or incident per complaint form. Additional pages or forms will **not** be allowed.

What Privileges are in place for Super Max A/S inmates?
Assist. Warden Moncrief on 4/13/04, stated I could Not
have a T.V. Remote. I am a I.C. (highest I can earn)
inmate, who has been DENIED Transfer from Super
Max or Release to General Population.
    Surely someone in my situation should be considered
for some Privilege Consideration? After all, ALL other
A/S units the inmates ARE ALLOWED TO CHOSE which
T.V. station they desire to watch. Why treat me unequal
to all other A/S inmates, esp. those class I.C.?

_David Williams_                           __4/27/04__
Inmate Signature                                Date

### THIS SECTION TO BE FILLED OUT BY STAFF ONLY.

**STAFF RECEIPT AND ACTION TAKEN**
_Ms. Wooten_                        _[signature]_  _4/28/04_

**PRINT** STAFF NAME (PROBLEM SOLVER)     Staff Code     Staff Signature / Date Received

Was this deemed an emergency?  Yes _____ No ✓
Was there a need to contact  medical? Yes _____ No ✓   If yes, give name of person contacted? _____
Describe action taken to resolve complaint, including dates. _By Policy, level 2 Super Max inmates_
_these inmates have the priviledge of having T.V.'s for approved_
_programming only._

Was issue resolved? Yes _____ No _____     Does inmate agree that issue was resolved? Yes _____ No X

_[signature]_ _4-28-04_          _David Williams_  _4/30/04_
Staff Signature/Date                        Inmate Signature/Date   **RECEIVED**  Exibit 73.)
                                                                                  P.2 of 4

**DISTRIBUTION: YELLOW** – Inmate Receipt

**(AFTER COMPLETION)  PINK** – Problem Solver Copy     **BLUE** – Grievance Officer     JUN 0 4 2004

**ORIGINAL** – Given back to the Inmate After Completion.  NMATE GRIEVANCE SUPERVISOR
                                                            ADMINISTRATION BUILDING

Attachment II

INMATE NAME _Williams, D_____ ADC# _78730_____ GRIEVANCE #_VSM-04-1483_____

## WARDEN'S/CENTER SUPERVISOR DECISION

*YOUR GRIEVANCE WAS RECEIVED ON: 05-03-04.*

In response to your grievance, inmates that are assigned to Ad Seg are generally a behavior problem, or due to their chronic inability to adjust in the general population. Behavior that poses a serious threat to security, good order or the quality of life for staff or inmate of the institution. Your request to possess a TV remote is denied at this time. TV privileges are available when televisions are available in your cell. TV viewing times are as follows, Monday through Friday from 5:00pm till 10:30pm. Saturday, Sunday, and state holidays are from 12:00pm till 10:30pm.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS

**RECEIVED**

JUN 0 4 2004

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

_____        _5-17-2004_
Signature of ARO or Warden's/Supervisor's Designee          WARDEN        Date
                                                            Title

---

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues, which are not a part of your complaint. YES, I DO, WHOLEHEARTEDLY

WHY DO YOU NOT AGREE WITH THE RESPONSE? Disagree. I have been BURIED At this "Super Max" Unit, Regardless of Class IC Status, highest I Can obtain, I'm denied Transfer or Population. I was working my Kitchen Clerk Job when Assaulted, In Population. Thus, a Simple Privilege Request, "Throw the Dog (me) a Bone." The Programming BKS. have more T.V. Privileges than I DO. IS this Fair? No it is not, I grow tired of Re-Runs & Info-Commercials. All other A/s units inmates chose the program.

Exibit 73.)
P. 3 of 4

_David Williams_        78730        5/20/04
Inmate Signature        ADC#        Date

Week in, week out I watch others go to population, transfer and go home, YET I'M TOLD "NO", I request this Privilege! Thank You!

**GRIEVANCE FORM - (Attachment 1A)**

<table>
<tr><td colspan="2">FOR OFFICE USE ONLY</td></tr>
<tr><td>Grv. #</td><td>VSM-04-1485</td></tr>
<tr><td>Date Received</td><td>5-3-04</td></tr>
<tr><td>Grievance Code:</td><td>305</td></tr>
</table>

UNIT/CENTER _____VSM_____

PLEASE PRINT
Name __David Williams__ ADC# 78730 Brks _VSM 3-38_ Job Assignment A/S

IS THIS GRIEVANCE A MEDICAL GRIEVANCE?   Yes _____   No X

*************************************************************************************

All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.

### THE ORIGINAL INFORMAL RESOLUTION FORM MUST BE ATTACHED

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes X No __ If yes, give date 4/28/04

Why do you feel the informal resolution was unsuccessful? On 4/13/04 I did talk to Warden Moncrief and he stated there is not any Policy or Procedure in Place that by Good Behavior or Work Program a inmate can be released to Population or Transfer.

*************************************************************************************

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

What Policy And/or Procedure is in place that I may be released to population or transfer to another A.D.C. Unit? Considering the fact I am a Class IC inmate, the highest Status I may earn.
What work program established so a inmate may go to Population or Transfer from Super Max. Status?

**RECEIVED**

**JUN 0 4 2004**

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

IS THIS AN EMERGENCY SITUATION? YES ___ NO X   If yes, why? _____

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_David Williams_                                    4/30/04
INMATE SIGNATURE                                DATE

(TO BE FILLED OUT BY THE RECEIVING OFFICER)

Exibit 74.)
P.1 of 4

### RECEIPT FOR EMERGENCY SITUATIONS

OFFICER (Please Print) CO I C. Daniels   Signature _C. Daniels_

FROM WHICH INMATE? Williams, David          ADC# 78730

DATE: 4/30/04          TIME: 6:49 pm

# INFORMAL RESOLUTION FORM (Attachment 1)

UNIT/CENTER _____VSM_____

PLEASE PRINT
Name _David Williams_____ ADC# _78750_ Brks _338_ Job Assignment _A/s_

*VSM* (handwritten above Brks)

IS THIS AN EMERGENCY SITUATION? YES ___ NO _X_ If yes, why? _____

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Give a **BRIEF** statement of your complaint/concern. This statement must be specific as to the complaint, **dates**, places, personnel involved and how **you** were affected. **One issue** or incident per complaint form. Additional pages or forms will **not** be allowed.

What Policy And/or Procedure is in place that I may be released to population or transfer to another A.D.C. Unit? Considering the fact I am a Class IC inmate, the highest status I may earn, What work program established so a inmate may go to Population or Transfer from Super Max. Status?

_David Williams_____                              _4/27/04_
Inmate Signature                                      Date

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY.

**STAFF RECEIPT AND ACTION TAKEN**
_Ms. Wooten_                _____   (signature)   _4/28/04_

PRINT STAFF NAME (PROBLEM SOLVER)          Staff Code      Staff Signature / Date Received

Was this deemed an emergency?  Yes _____ No _____

Was there a need to contact medical? Yes _____ No _____ If yes, give name of person contacted? _____

Describe action taken to resolve complaint, including dates. _Ms. Walker has been ~~persuaded~~ given your request. Before anything can happen you have to go up for your 60-day review._

Was issue resolved? Yes _____ No _____     Does inmate agree that issue was resolved? Yes _____ No _X_

(signature)                                      _David Williams_   _4/30/04_
Staff Signature/Date                        Inmate Signature/Date   **RECEIVED**

Exhibit 74,)
P. 2 of 4

**DISTRIBUTION: YELLOW** – Inmate Receipt

**(AFTER COMPLETION) PINK** – Problem Solver Copy          **BLUE** – Grievance Officer

**ORIGINAL** – Given back to the Inmate After Completion

JUN 0 4 2004
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

Attachment II

INMATE NAME _Williams, D_____ ADC# _78730_____ GRIEVANCE #_VSM-04-1485_____

# WARDEN'S/CENTER SUPERVISOR DECISION

*YOUR GRIEVANCE WAS RECEIVED ON: 05-03-04.*

In response to your grievance, at this time there is no policy in place or procedure in place for a work program in the VSM. Transfers are not grievable per AD 04-01.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS

**RECEIVED**

JUN 0 4 2004
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

_____     WARDEN _____     5-19-2004
Signature of ARO or Warden's/Supervisor's Designee     Title          Date

---

# INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you are appealing the decision to the original complaint.  Do not list additional issues, which are not a part of your complaint. I am NOT PER SE Grieving

WHY DO YOU NOT AGREE WITH THE RESPONSE? transfer in itself. I am grieving that the A.D.C. has NOT made Known to Super Max A/s inmates WHAT IT TAKES TO BE RELEASED FROM Super Max A/s Status, to Population or Transfer, VSM "Program BKS." DO have procedure in place for release to population and/or transfer. I Am requesting THIS EQUAL TREATMENT. VSM is a hardship And Punishment UNIT!! And I want to KNOW Precisely what it

David Williams                      78730   Exibit 74.)   5/21/04
Inmate Signature                    ADC#    P. 3 of 4     Date

takes to be released from VSM? THUS, since the VSM Program BKS. have "Guidelines", in place for inmates release, so should VSM A/s, esp. Considering Program BKS. are supposedly major problems.

**GRIEVANCE FORM - (Attachment 1A)**

| FOR OFFICE USE ONLY |
|---|
| Grv. # _VSM-04-1553_ |
| Date Received _5-17-04_ |
| Grievance Code: _508_ |

UNIT/CENTER _____VSM_____

PLEASE PRINT
Name ___David Williams___ ADC# _78730_ Brks _VSM 3-38_ Job Assignment _X/s_

IS THIS GRIEVANCE A MEDICAL GRIEVANCE? Yes _____ No _X_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

**THE ORIGINAL INFORMAL RESOLUTION FORM MUST BE ATTACHED**

<u>Informal Action Taken</u>

Have you discussed this problem with your designated problem-solver? Yes _X_ No ___ If yes, give date _5/7/04_

Why do you feel the informal resolution was unsuccessful? _Because nothing Resolved, just Boiler Plate Response "Pass The Buck". Not one (1) thing has been Resolved by the Problem Solver pertaining to any of my issues! I see a futile system in place. FACT._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

_Giving us the green scrub pads to clean cell is a excellent idea [IF] we are EACH actually issued a Pad or ½ a Pad._
_BUT to PASS the same PADS from Cell to Cell is Totally Nasty, FILTHLY & Completely UNSANITARY!! There are numerous inmates with diseases and some bragg on tier of NOT even flushing toilet before using PAD, then laugh about Cops handling NASTY PADS & THEN Passing on to others to use! There are JUST as many SICK MENTALLY as Physically and Some are BOTH!_
_I like to scrub walls [T]able & Floor and this takes time._
_Request issue each of us a Pad or ½ Pad to clean cell with._
_Thank You For Any Consideration!_

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If yes, why? _Health & Well Being Concern._

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed emergency grievance to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the Warden/Center Supervisor or, in their absence, the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

~~RECEIVED~~

_David Williams_                    JUL 21 2004              _5/  /04_
INMATE SIGNATURE          INMATE GRIEVANCE SUPERVISOR        DATE
                          ADMINISTRATION BUILDING

(TO BE FILLED OUT BY THE RECEIVING OFFICER)

**RECEIPT FOR EMERGENCY SITUATIONS**

| | Exhibit 75.) |
|---|---|
| | P 1 of 4 |

OFFICER (Please Print) _Carroll_      Signature _Carroll_

FROM WHICH INMATE? _D Williams_                    ADC# _78730_

DATE: _5/12/04_      TIME: _1:41 PM_

**INFORMAL RESOLUTION FORM (Attachment 1)**

UNIT/CENTER  _Vsm_

PLEASE PRINT
Name  _David Williams_ _____ ADC# _78730_  Brks _3-38_ Job Assignment _A/s_

(above Brks: _Vsm_)

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___  If yes, why? _Health & Well Being_
_Concern_

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Give a **BRIEF** statement of your complaint/concern. This statement must be specific as to the complaint, **dates**, places, personnel involved and how **you** were affected. **One issue** or incident per complaint form. Additional pages or forms will **not** be allowed.

Giving us the green scrub pads to clean cell is a excellent idea [IF] we are EACH actually issued a PAD or ½ a PAD.
But to PASS the same PADS from Cell to CELL is Totally NASTY, FILTHLY & COMPLETELY UNSANITARY!! There are numerous inmates with diseases and some bragg on tier of NOT even flushing toilet before using PAD, then laugh about Cops handling NASTY PADS & THEN Passing on to others to use! There are Just as many SICK MENTALLY AS Physically and Some are BOTH! I like to scrub Walls, Table & Floor and this takes TIME.
Request issue each of us a Pad or ½ a Pad to clean cell with.
THANK You For Any Consideration!

_David Williams_ _____          _5/7/04_
Inmate Signature                             Date

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY.

**STAFF RECEIPT AND ACTION TAKEN**
_Ms. Wooten_ _____          _(signature)_  _5-7-04_
PRINT STAFF NAME (PROBLEM SOLVER)          Staff Code          Staff Signature / Date Received

Was this deemed an emergency?  Yes _____ No _____

Was there a need to contact medical? Yes _____ No _____ If yes, give name of person contacted? _____
Describe action taken to resolve complaint, including dates. _Your Concerns have been Forwarded_
_To Mr. Mancrief and Captain Griswald._

Was issue resolved? Yes _____ No _____   Does inmate agree that issue was resolved? Yes _____ No _X_

_(signature)_  _5-7-04_                  _David Williams_  _5/12/04_
Staff Signature/Date                     Inmate Signature/Date   **RECEIVED**

[Exibit 75,,
P.2 of 4]

DISTRIBUTION: YELLOW – Inmate Receipt

(AFTER COMPLETION)   PINK – Problem Solver Copy          BLUE – Grievance Officer

ORIGINAL – Given back to the Inmate After Completion

JUL 21 2004
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

Attachment II

INMATE NAME  *Williams, D*     ADC#  78730     GRIEVANCE # *VSM-04-1553*

## WARDEN'S/CENTER SUPERVISOR DECISION

*YOUR GRIEVANCE WAS RECEIVED ON: 05-17-04*

Captain Griswold states that safe and sanitary measures are being taken by VSM Administration to resolve this problem.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS

**RECEIVED**

**JUL 21 2004**

**INMATE GRIEVANCE SUPERVISOR**
**ADMINISTRATION BUILDING**

| | | |
|---|---|---|
| Signature of ARO or Warden's/Supervisor's Designee | WARDEN<br>Title | 7-13-04<br>Date |

ASS

---

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues, which are not a part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? We for months were DENIED Access to Toilet Brush, then start passing these green scrub pads from cell to cell, now we are issued a Tiny 2" by 2" piece of scrub pad, its ridicules!

| | | |
|---|---|---|
| David Williams<br>Inmate Signature | 78730<br>ADC#  Exibit 75,)<br>P. 3 of 4 | 7/15/04<br>Date |

TO: Captain Patterson, Varner
From: David Williams #78739 VSM 3-38
Date: 5/13/04, Thursday
Re: Access To "Out of Cell Time", Yard Call

Greetings,

On above day/date, your hoe squad riders, by actions did I.Original refuse me yard call. Ms. Conrad, Law Library Supervisor asked them while still on 2nd tier of 3BKS. to get me for yard, they skipped over me, at 1st I assumed it was to allow me to sign for Law Library Supplies. However, they went to 3rd tier of 3 BKS., then went to 4 BKS and started running Yard. Ms. Conrad went to 4 BKS. and asked them to take me to yard call. Sgt. Miller came and got me and stated, "You aren't on the LIST." He then decided to take me to yard call and stated. "We don't Honor signs in door window any more" E.Since this Unit insist to Take a Arbitrary LIST which by Actions Henders my out of cell time, I request my name be placed on a "Permanent List" that way whenever they DO, decide to run this BKS. for Yard Call, there is Absolutely No Doubt, Known as so, I want OUT THIS CELL!! IF NOT FOR MS. CONRAD'S ACTIONS THEY WOULD HAVE DENIED ME YARD CALL, EVEN WITH "FULL KNOWLEDGE", I never refuse yard and DO always GO OUT, ALWAYS.
My Sign for "Yes Yard Call", does remain in door window, until you tell me other wise. Sgt. Conrad took list.
Wherefore, I request my name be added to a "Permanent List", so there is no mistake I do want yard call. I am trying to resolve between us.

Humbly Requested,
David Williams

CC: File

(Exibit 76.)

**GRIEVANCE FORM - (Attachment 1A)**

| FOR OFFICE USE ONLY |
|---|
| Grv. # _YSM-04-1690_ |
| Date Received _6-7-04_ |
| Grievance Code: _201_ |

UNIT/CENTER ___VSM___

PLEASE PRINT
Name ___David Williams___ ADC# _78730_ Brks _3-38_ Job Assignment _A/S_ (VSM)

IS THIS GRIEVANCE A MEDICAL GRIEVANCE? Yes _____ No ✓

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

**THE ORIGINAL INFORMAL RESOLUTION FORM MUST BE ATTACHED**   6/4/04

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes ⊘ No ✓ If yes, give date _she refused_  I tried,

Why do you feel the informal resolution was unsuccessful? _It is a waste of time, and only purpose is to hinder & delay seeking "Redress of Wrongs". Inmate Williams is Grieving [ONLY] additional restraints Not Denial Opportunity to enter population!_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

_[Supposedly] I was ONLY shipped to VSM A/s (VSM03-437),to fill available bed space AND NOT as a Punishment means._

_The ISSUE:_
_Whenever I, a IC inmate, No Violence in 20 yrs., leave my cell I MUST BE SHACKLED at this A/S UNIT! No other ADC A/S required me Shackled; And Certainly NO OTHER A/S UNIT required me to be Strapped Down in a Chair to be transported down the hallway! Since I'm Denied Population And/Or Transfer And I'm only here to fill available BED SPACE, THIS SURE SMELLS & FEELS LIKE PUNISHMENT TO ME._
→ _WHY Now Am I required more movement restraints when I have NoT MERITED BY ACTIONS more restraints? Not PUNISHMENT?_

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If yes, why? _This is a Reprisal Punishment Tool for my litigation actions_

(An emergency situation is one in which you may be subject to a substantial risk of physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to ~~any~~ RECEIVED unit or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the ~~Warden~~ the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_David Williams_                    JUL 14 2004   6/__/04
INMATE SIGNATURE                INMATE GRIEVANCE SUPERVISOR      DATE

ADMINISTRATION BUILDING

| | |
|---|---|
| Exibit 77, P. 1 of 4 | |

**(TO BE FILLED OUT BY THE RECEIVING OFFICER)**
**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) _B. McConnell_    Signature _B. McConnell_

FROM WHICH INMATE? _D. Williams_    _D. Williams_ ADC# _78730_

DATE: _6-6-04_    TIME: _9/11 PM_

*Warden Harris* ✓

## INFORMAL RESOLUTION FORM (Attachment 1)

UNIT/CENTER ___VSM___

PLEASE PRINT
Name ___David Williams___ ADC# ~~78730~~ *VSM* Brks *3-38* Job Assignment ___A/S___

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If yes, why? *This is a Reprisal Punishment Tool for my litigation Actions*

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Give a **BRIEF** statement of your complaint/concern. This statement must be specific as to the complaint, **dates**, places, personnel involved and how **you** were affected. **One issue** or incident per complaint form. Additional pages or forms will **not** be allowed.

[Supposedly] I was ONLY shipped to VSM A/S (VSM03-4137), to fill available bed space AND NOT as a Punishment means.

The ISSUE8                                     OVER
   Whenever I, a IC inmate, No Violence in 20 yrs., leave my cell I Must Be SHACKLED at this A/S UNIT! No Other ADC A/S required me Shackled; And Certainly NO OTHER A/S UNIT required me to be Strapped Down in a Chair to be transported down the hallway! Since I'm denied Population And/or Transfer And I'm only here to fill available BED SPACE, THIS SURE SMELLS & FEELS LIKE PUNISH-MENT TO ME.→WHY NOW Am I required more movement restraints When I have NOT MERITED BY ACTIONS more restraints? NOT PUNISHMENT?

~~David Williams~~                                     5/1/04
Inmate Signature                                          Date

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY

**STAFF RECEIPT AND ACTION TAKEN**                          6-2-04

**PRINT** STAFF NAME (PROBLEM SOLVER)          Staff Code     Staff Signature / Date Received

Was this deemed an emergency? Yes _____ No _____

Was there a need to contact medical? Yes _____ No _____ If yes, give name of person contacted? _____

Describe action taken to resolve complaint, including dates. *Your concerns have been forwarded to Warden Harris for additional answers.*

Was issue resolved? Yes _____ No _____   Does inmate agree that issue was resolved? Yes _____ No _X_

**RECEIVED**

**JUL 14 2004**

*David Williams 6/4/04*
Staff Signature/Date            Inmate Signature/Date

Exhibit 77,)
P.2 of 4

DISTRIBUTION: YELLOW – Inmate **INMATE GRIEVANCE SUPERVISOR**

(AFTER COMPLETION) PINK – Prob **ADMINISTRATION BUILDING** – Grievance Officer

ORIGINAL – Given back to the Inmate After Completion

VSM-04-1690

Attachment II

INMATE NAME _Williams, D_ ADC# _78730_ GRIEVANCE # _VSM-04-1690_

## WARDEN'S/CENTER SUPERVISOR DECISION

*YOUR GRIEVANCE WAS RECEIVED ON: 06-07-04*

In response to your grievance, it is policy of the Arkansas Department of Corrections; Varner Unit to ensure the restraint chair is never applied as punishment. It is only used as a precaution against assaultive disruptive, self-injuries behavioral safety acts of sexual misconduct. The restraint chair is a device used to safeguard inmates by reducing their potential to inflict physical harm to themselves, other inmates or facility staff. For your own safety you will continue to be shackled and escorted to and from the VSM unit in the restraint chair. Your punitive behavior has nothing to do with this issue.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS

**RECEIVED**

JUL 1 4 2004

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

_____
Signature of ARO or Warden's/Supervisor's Designee

WARDEN

Title _____

Date _7-6-2004_

---

only sent here supposedly to fill bed space

The [Precautions] Mentioned DO NOT PERTAIN to my Conduct/actions, FACT!

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues, which are not a part of your complaint. Have I been assaultive disruptive? NO! Have I shown any behavior to self injury? NO! Have I had acts of sexual misconduct? No! My behavior

**WHY DO YOU NOT AGREE WITH THE RESPONSE?**

HAS EVERYTHING TO DO WITH INVOKING USEAGE of Shackles and restraint chair! Shackles and then add to that placed in chair we/I am a sitting duck with zero opportunity to defend myself as I'm well aware Police will "Catch at at when something major goes down!" Well know Fact! Never has hallway been cleared totally when I went down it. FACT! Regardless, what have I personally _done_ to NOW MERIT SHACKLES? What have I personally

_David Williams_
Inmate Signature

FOR MY OWN SAFETY, WHAT A HOAX!

78730
ADC#

Exibit 77, P.3 of 4

7/7/04
Date

done to MERIT restraint chair? Esp. in LIGHT that NEITHER of these forms of extra restraint were [EVER] ordered or required for me by my ACTIONS! This is Mental Anguish [TORMENT] and yes Retaliation & Punishment!

**GRIEVANCE FORM - (Attachment 1A)**

<table>
<tr><td colspan="2"><b>FOR OFFICE USE ONLY</b></td></tr>
<tr><td>Grv. #</td><td><i>VSM-04-1691</i></td></tr>
<tr><td>Date Received</td><td>6-7-04</td></tr>
<tr><td>Grievance Code:</td><td>801</td></tr>
</table>

UNIT/CENTER _____ *VSM* _____

PLEASE PRINT
Name _____ *David Williams* _____ ADC# *78730* Brks *3-38* Job Assignment *A/S* (*VSM*)

IS THIS GRIEVANCE A MEDICAL GRIEVANCE? Yes \ No X

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

**THE ORIGINAL INFORMAL RESOLUTION FORM MUST BE ATTACHED**

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes ~~No~~ ✓ If yes, give date *6/4/04, I tried on Friday, she refused.*

Why do you feel the informal resolution was unsuccessful? *Waste of time and the only purpose is to hinder & delay seeking "Redress of Wrongs".*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

*Inmates at VSM A/S are [F]orced to remain shackled on visitation, [NO OTHER] ADC A/s Unit invokes such Humiliation and Retaliation Tactics !! No other A/s !*

*＊ PLUS ＊*

*In light of "Common Sense," what's next to Force us to remain Shackled on YARD CALL? After all there is twice the space on yard call as visitation call. It is a unnatural motion for Males to "Remember," while on visit to sit down with feet on same side of sit down stool instead of STRADDLE Stool, feet on both sides ! My ankles are still sore & swollen from trying to sit down normal & proud I didn't bust my rear end as I almost did ": EQUALITY Treatment for ADC' VSM A/S.*

IS THIS AN EMERGENCY SITUATION? YES X NO ___ If yes, why? *Cause someone (me Possibly) will get injured by this Tactic and I am making it "KNOWN," beforehand !*

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the Warden/Center Supervisor, or in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

*David Williams*      JUL 14 2004      6/6/04
INMATE SIGNATURE      INMATE GRIEVANCE SUPERVISOR      DATE
     ADMINISTRATION BUILDING

Exibit 78.) P.1 of 4

**(TO BE FILLED OUT BY THE RECEIVING OFFICER)**

**RECEIPT FOR EMERGENCY SITUATIONS**

OFFICER (Please Print) *B. McConnell* Signature *B. McConnell*

FROM WHICH INMATE? *D. Williams* ADC# *78730*

DATE: *6-6-04* TIME: *9:10 PM*

## INFORMAL RESOLUTION FORM (Attachment 1)

UNIT/CENTER ___VSM_____

PLEASE PRINT
Name __David Williams_____ ADC# _78730_ *VSM* Brks 3-38 Job Assignment _A/S_
*(me possibly)*
IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If yes, why? _Cause someone will get_
_injured by this TACTIC and I am making it "KNOWN", beforehand!_

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

---

Give a **BRIEF** statement of your complaint/concern. This statement must be specific as to the complaint, **dates**, places, personnel involved and how **you** were affected. **One issue** or incident per complaint form. Additional pages or forms will **not** be allowed.

_Inmates at VSM are [F]orced to remain shackled on_ _A/S_
_visitation, [NO OTHER] ADC AS Unit invokes such Humiliation_
_and Retaliation TACTICS!! No other A/s!_
_*PLUS*_
_In light of "Common SENSE" what's next to_
_FORCE us to remain Shuckled on YARD Call? After all_
_there is twice the space on yard call as visitation call!_
_It is a Unnatural motion for males to "Remember", while_
_on visit to sit down with feet on same side of sit down_
_stool instead of straddle stool, feet on both sides! My ankles_
_are still sore & swollen from trying to sit down normal & proud I didn't_
_bust my rear end as I almost did & Equality Treatment for ADC A/S._
_David Williams_                          _5/26/04_
Inmate Signature                           Date

---

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY.

**STAFF RECEIPT AND ACTION TAKEN**

_____    ____    _____ 8-2-04
PRINT STAFF NAME (PROBLEM SOLVER)      Staff Code    Staff Signature / Date Received

Was this deemed an emergency?  Yes _____  No _____
Was there a need to contact  medical?  Yes _____  No _____  If yes, give name of person contacted? _____
Describe action taken to resolve complaint, including dates. _This issue would be_
_forwarded to Mr. Mancrig and Mr. Smith for a Resolution_

---

Was issue resolved?  Yes _____  No _____    Does inmate agree that issue was resolved?  Yes _____  No _X_

                                    RECEIVED _David Williams_ 6/4/04
_____                    _____
Staff Signature/Date                      Inmate Signature/Date

**DISTRIBUTION: YELLOW** – Inmate Receipt  JUL 14 2004    ┌─────────────┐
                                           │ Exibit 78.) │
(AFTER COMPLETION)  **PINK** – Problem Solver / Grievance Officer  │ P. 2 of 4   │
        INMATE GRIEVANCE SUPERVISOR                └─────────────┘
  **ORIGINAL** – Given to inmate upon Completion
        ADMINISTRATION BUILDING

                                        VSM-04-1691

Attachment II

INMATE NAME Williams, David _____ ADC# __78730__ GRIEVANCE# VSM-04-1691

## WARDEN'S/CENTER SUPERVISOR DECISION

YOUR GRIEVANCE WAS RECEIVED ON: JUNE 07, 2004

In response to your grievance, due to more than one inmate being placed in visitation the leg irons were left on. Steps has been made to correct this problem. Visitation area was fixed for single man visitations instead of multiple. Leg irons are being removed during visitation.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN TEN (5) WORKING DAYS.

*Excuse Me ?*

**RECEIVED**

**JUL 1 4 2004**

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

_____
Signature of ARO or Warden's/Supervisor's Designee

_asst Warden_    _6-30-04_
Title       Date

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director.  Keep in mind that you are appealing the decision to the original complaint.  Do not list additional issues, which are not a part of your complaint. *These Acts Toward Me make*

WHY DO YOU NOT AGREE WITH THE RESPONSE? *NO Sound PENAL REASONING !*
*There was NO OTHER INMATE in my visitation cell, there was only one (1) other inmate visiting and he was in a separate visit cell.*
*My Ankles and legs Were SWOLLEN, SORE and PAINFUL for Two (2) full weeks because I tried to Straddle sit down on stool and almost injured myself worse if I had fallen. These officials are well aware I have bad feet, ankles, legs and Knees, yet forced to sit (or stand) for four (4) hours shackled ON A VISIT! Have I ever caused any problem on visit to "Merit" such treatment? NO! It sure seems a coincidence this policy started "Only After" my family had called the*

*David Williams*    *78230*   [Exibit 78,] [P.3 of 4]   *7/2/04*
Inmate Signature      ADC#           Date
*month before to schedule visit, then after my visit [NOW] you wish to stop this PRACTICE! Totally Amazing Coincidence. Only get visit once a year, maybe twice if X-TRA Blessed. These Acts were Cruel & Unusual, Retaliatory & Discriminatory !*

## ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

| INSTITUTION | Varner Supermax | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | 9/16/2003 |
|---|---|---|---|---|---|
| INMATE NAME | WILLIAMS, DAVID | 60 DAY REVIEW | | | |
| ADC NUMBER | 78730 | DIRECTOR'S REVIEW | | | |
| DATE | 06/16/2004 | APPEAL HEARING | | | |

### REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

### COMMITTEE MEMBERS

| | | VOTE: | |
|---|---|---|---|
| T. Moncrief | Assistant Warden/Security | REMAIN (✓) | RELEASE ( ) |
| R. Walker | Classification | REMAIN (✓) | RELEASE ( ) |
| W. Hampton    M.S.Tanner | Mental Health | REMAIN (✓) | RELEASE ( ) |
| F. Allen | School Teacher | REMAIN ( ) | RELEASE ( ) |
| C. Griswold | Segregation Commander | REMAIN (✓) | RELEASE ( ) |

### INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

### ACTION / REASON

| | Continued Segregation | Release from Segregation |
|---|---|---|
| | Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| | Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, and behavior since being assigned to segregation |
| | Inmate has a history of assault on staff personnel | |
| ✓ | Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| | Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs |
| | Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs |
| | Inmate has history of threatening other inmates and / or staff personnel | Other |
| | Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | |
| | Other | |

### WARDEN'S REVIEW

| | |
|---|---|
| ✓ | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |

| WARDEN'S SIGNATURE | | DATE | 6-16-2004 |
|---|---|---|---|

(Exibit 79.)

**GRIEVANCE FORM - (Attachment 1A)**

| | FOR OFFICE USE ONLY |
|---|---|
| | Grv. # _UCM04-01892_ |
| | Date Received _07/07/04_ |
| | Grievance Code: _717_ |

UNIT/CENTER _____VSM_____

PLEASE PRINT                                                          _VSM_
Name ___David Williams___  ADC# _78730_ Brks _3-38_ Job Assignment _A/S_
IS THIS GRIEVANCE A MEDICAL GRIEVANCE? Yes _____ No __X__

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

### THE ORIGINAL INFORMAL RESOLUTION FORM MUST BE ATTACHED

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes _X_ No __ If yes, give date _7/3/04_
Why do you feel the informal resolution was unsuccessful? _Again Probbem Solver is futile waste of time & tax payers $! Bonner to Not [Address] the issue and submits a extremely lame response! "All this explained in the Policy for A/S!" No it is Not, Falsehood!_

\*\*\*\*\*\*\*\* THE ISSUE: _WHY ARE VSM A/S TREATED VASTLY DIFFERENT From ALL OTHER ADC MAX, A/S?_ \*\*\*\*\*\*\*\*
Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how you were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review. _[Supposedly] I was ONLY shipped to VSM A/S (refer to Grievance # vsm 03-4134 S, to fill available bed space AND NOT as a [PUNISHMENT MEANS!]   YET there remains VAST differences (in Max. A/S), the following is a List of these differences inforced only upon VSM A/S which I consider as discrimination & retaliation upon me as denied Population, Transfer, etc., regardless of Class IC and good behavior. Please Explain "THE WHY", of this inforced on VSM A/S: #1.) Shackles & Strap to cuffs and Chair for movement down main hall. #2.) Forced to submit Telephone Approval Forms to use Phone. #3.) ONLY One(1) Phone for BKS, of 78 inmates, yet all other similarly situated max, A/S have three (3) Phones for ONLY BKS, of 54 inmates. #4.) Denied writing instruments from Chaplain, School and law library "as needed", Nor issued Pen "once" a month from Store #5.) Only allowed store once per week and limited to $25.00 per week instead of $50.00 #6.) Class Promotion 60 days instead of 30, A/s 60 day review instead of 30 DAY Review. #7.) No Pictures For A/s Visits. #8.) Forced to Place outer clothes in Laundry Bag and issued Bulky Jumpsuit instead of Pants & Shirt. #9.) Not allowed to VOTE ON TV Channels. #10.) Shown institutional movies over and over AGAIN, SAME MOVIES. These are VAST Living Condition Differences Inforced ONLY UPON VSM A/s, no other A/s!_
IS THIS AN EMERGENCY SITUATION? YES _X_ NO __ If yes, why? _Reprisal for litigation   WHY?   [when do show]   Discrimination as VSM invokes measures No Other A/s inforces!_  ← _Not Punishment?_

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_David Williams_                                _7/4/04_     **RECEIVED**
_____     D.W.
INMATE SIGNATURE                   | Exhibit 80, P.1 of 4 |    DATE    **AUG 0 2 2004**

**(TO BE FILLED OUT BY THE RECEIVING OFFICER)**                                    **INMATE GRIEVANCE SUPERVISOR**
RECEIPT FOR EMERGENCY SITUATIONS                              **ADMINISTRATION BUILDING**
OFFICER (Please Print) _S. Tow_____  Signature _P. She____
FROM WHICH INMATE? _David Williams_____   ADC# _382720_
DATE: _7/4/04_              TIME: _4:48 P~_

JMM04-01892
07/07/04

## INFORMAL RESOLUTION FORM (Attachment 1)

UNIT/CENTER ___VSM___

PLEASE PRINT
Name ___David Williams___    ADC# __78730__ Brks __3-38__ VSM  Job Assignment __A/S__

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If yes, why? _Reprisal, denial of adequate_
_Access To Courts & Freedom of Speech. Discrimination upon Indigent VSM inmates!_

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Give a BRIEF statement of your complaint/concern. This statement must be specific as to the complaint, dates, places, personnel involved and how you were affected. One issue or incident per complaint form. Additional pages or forms will not be allowed.

_Discrimination Exclusively still continues upon VSM Indigent Inmates in seeking [Adequate]_
_Access To Courts & Free Speech! By Wardens Harris & Moncrief and ACA Mr. Smith._
_Exibit "A" is ° "Declaration By A Notarized Statement", Affidavit dated 6/23/04_
_sent to Dir. Norris, A, Dir. Hobbs, A.C.A. Smith, Wardens Harris & Moncrief, by myself._
_Exibit "B" is ° Mr. Smith's letter dated June 21, 2004._
_Now we are allowed [ONLY ONE (1)] indigent legal pen every 60 days, this_
_is NOT enough ink to do resolutions & grievances in a 60 day Time Frame,_
_much less respond to the two (2) Pulaski Co. Ct. Cases and File new case_
_on Anthony Bradley, Judicial Review Comm. & various officials at VSM! FACT!!_
_ALL other ADC Units have Access to writing instrument on a weekly basis / issuance_
_for Legal Work! No other ADC Unit Denies (AS Needed) basic adequate access_
_to Courts, only V.S.M. Hinders & Delays by Actions Arbitrary, Capriciously &_
_with Malice, as we Must decide to write family, friends or religious organizations or file_
_some in the Courts! 3 pens every 60 days is NOT enough ink for [only] Court Access!_
_David Williams  I need pens for legal work when needed!  6/23/04_

Inmate Signature _Not When DEEMED!_ _____ Date

---

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY.

STAFF RECEIPT AND ACTION TAKEN
_S. Baker_ _____

PRINT STAFF NAME (PROBLEM SOLVER) ____ Staff Code ____ Staff Signature / Date Received _7-2-04_

Was this deemed an emergency? Yes _____ No _✓_

Was there a need to contact medical? Yes _____ No _✓_ If yes, give name of person contacted? **RECEIVED**

Describe action taken to resolve complaint, including dates. _____

**AUG 0 2 2004**
INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

Was issue resolved? Yes _____ No _____   Does inmate agree that issue was resolved? Yes _____ No _X_

_____ _7-2-04_    _David Williams_ _7/2/04_
Staff Signature/Date                Inmate Signature/Date

Exibit 80., P. 2of 4

DISTRIBUTION: YELLOW – Inmate Receipt

(AFTER COMPLETION)  PINK – Problem Solver Copy    BLUE – Grievance Officer
ORIGINAL – Given back to the Inmate After Completion

Attachment II

INMATE NAME <u>Williams, D</u>           ADC# <u>78730</u>   GRIEVANCE # <s>VSM-04-1892</s>

## WARDEN'S/CENTER SUPERVISOR DECISION

YOUR GRIEVANCE WAS RECEIVED ON: 07-07-04

In the response to your grievance, Under AR 835 and AD 97-08, Inmates are allowed to present one issue at a time and not multiple issues. If you wish to present more than one issue, you must do so on separate forms.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS.

**RECEIVED**

AUG 0 2 2004

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

K' _____          _____   _____
Signature of ARO or Warden's/Supervisor's Designee          Warden                  7-27-2004
                                                            Title                   Date

---

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues, which are not a part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? I was Specific in listing the [ISSUE] Single issue! Why are we treated VASTLY Different From all other ADC Max A/s? Listed are the examples inforced at this unit that are not invoked at any other unit. This A/s is set up for punishment means and examples bring to LIGHT The Issue, this is a Punishment ADC A/s Unit. Exibit 80,) P.3 of 4

_Dourd Williams_                    _28730_           _7/28/04_
Inmate Signature                    ADC#             Date

The [ISSUE] is this A/s in a Punishment Means!

**\* DECLARATION \***

TO: Mr. Ray Hobbs, Deputy Director
P.O. Box 8707
Pine Bluff, AR. 71611        800-4

STATE OF ARKANSAS    )  →→ REQUEST AS EXIBIT "A" - Two (2) Cameras in
                      )      Front of my cell to disclose: #1.) My "Yes Yard Call,"
COUNTY OF  LINCOLN    ) §    Sign in cell door window [WHEN] Sgt. Conrad took
                      )      list. #2.) Sgt. Lewis refusal to come get me for Yard Call,
                             Camera shows me dressed & standing at my door,

**AFFIDAVIT** between 10-10:15 A.M., Tues., 10/17/04, [WHEN]
YARD CALL Actually [RAN]?!!

I, David Williams #78730, after first being duly sworn, do hereby swear, depose
I have PROCLAIMED Numerous Times I NEED OUT THIS CELL AS MUCH AS
and state that: POSSIBLE! Emotionally & Physically! On 8/4/04, I was told I have Hepatitis C
which shall kill me as CMS refuses to adequate test & treat my HCV. MY Knowing
this is a horrible way to die is a EXTREME TORMENT, esp. in LIGHT it could be treated!
→→ MY POINT ONCE AGAIN: On Friday, 8/13/04, Yard Call Crew ran only four (4) bks. to
Yard Call, (Denied my out of cell time), instead of insuring prisoners constitutional
rights, they went to firing range instead.
    On Tuesday, 8/17/04, Sgt. Conrad took a Yard Call List for BKS. (NOTE: Please
remember, my constant complaining of [THE NEED] for [ANY] Yard Call List! You had
M.S.U. do away with ANY YARD CALL LIST TAKING and [WHEN] the Yard Crew "Does Run"
BKS. they then ASK "YARD CALL." Alot less Problems, however, for whatever reason you
have Not Called that shot for this Unit. Max Unit A/s inmates regardless of Units are
[Similarly situated].
    At the time & indeed All Times my "YES YARD CALL" sign is in my cell door window, All
these Officials [DO KNOW] and [Do Admit THEY KNOW], I never miss Yard Call. Again &
Again & Again I requested of Sgt. Lewis, (when on 2ND & 3RD Tiers), to get me for Yard Call,
Lewis refused stating, "You ain't on LIST." I also wrote Captain Patterson numerous
times About this matter and even requested to be Placed on a "PERMANANT YARD LIST,"
evidently, TO NO AVAIL!! Sgt. Lewis repeatedly refused to Correct Sgt. Conrad's mistake
between 10:05-10:15 A.M., I asked repeatedly, was dressed & standing at my Door! Sgt. Lewis's acts
clearly shows Arbitrary & Capricious Denial of my RIGHT. He admits sign Indoor & Knows I [Always DO SO]!

I further swear that the statements, matters and things contained herein are true and accurate to

Note: Friday 8/20/04, approx. 7:25AM took to yard
the best of my knowledge, information and belief. (Check) brough in at 7:50 a.m. ! Then Sit at table
                                    (Camera) in BKS. talking & laughing! Makes No Sense, except for
                                                                                     MALICE!
8/17/04                    David Williams    #78730
DATE                       AFFIANT  P.O. Box 400, VSM 3-38
                                    Grady, AR. 71644

~~SOCIAL SECURITY~~ #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this  18  day of
Aug. , 20 04.

                            James Barrett
                            NOTARY PUBLIC

My Commission Expires: 2-10-2014

CC: Director Larry Norris          NOTE: I've addressed to Mr. Hobbs because
    Warden Grant Harris                    he has addressed this issue numerous
    Warden Tim Moncrief   [Exibit 81.]     times, M.S.U & V.S.M. Units, Grievance
    Captain Patterson                      Procedures! I Continue To PRAY
    File                                   THAT YARD CALL [LIST] taking cease,
                                           And that I get Yard Call 5 days a week.

# ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

| INSTITUTION | Varner Supermax | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | 9/16/2003 |
|---|---|---|---|---|---|
| INMATE NAME | WILLIAMS, DAVID | 60 DAY REVIEW | | | |
| ADC NUMBER | 78730 | DIRECTOR'S REVIEW | | | |
| DATE | 08/18/2004 | APPEAL HEARING | | | |

## REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

## COMMITTEE MEMBERS

**VOTE:**

| Member | Role | Remain | Release |
|---|---|---|---|
| T. Moncrief | Assistant Warden/Security | REMAIN (✓) | RELEASE ( ) |
| R. Walker | Classification | REMAIN (✓) | RELEASE ( ) |
| W. Hampton  ms muner | Mental Health | REMAIN (✓) | RELEASE ( ) |
| F. Allen | School Teacher | REMAIN (✓) | RELEASE ( ) |
| C. Griswold | Segregation Commander | REMAIN (✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

## ACTION / REASON

| Continued Segregation | Release from Segregation |
|---|---|
| Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, and behavior since being assigned to segregation |
| Inmate has a history of assault on staff personnel | |
| ✓ Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs |
| Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs |
| Inmate has history of threatening other inmates and / or staff personnel | Other |
| Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | |
| Other | |

## WARDEN'S REVIEW

| | |
|---|---|
| ✓ | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |

| WARDEN'S SIGNATURE | _(signature)_ | DATE | 8-19-2004  (Exibit 82.) |
|---|---|---|---|

A F F I D A V I T

＊ DECLARATION＊

STATE OF ARKANSAS )
)
COUNTY OF Lincoln )

To: Director Larry Norris
P.O. Box 8707
Pine Bluff, AR. 71611
RE: A/S Atypical Situation
ONGOING ISSUE!

I, David Williams #78730 , after first being duly

sworn, do hereby swear, depose and state that:

This is to make shown & Known the ONGOING Constitutional Violations by and now all listed Carbon Copy Names.
The ADC assigned me to A/S in Dec. 95 or Jan. 96. I was shipped to Utah in Jan. 96, A/S in Utah, brought back to AR. in June 1999, Placed & Kept on A/S. Had/Have meaningless A/S Reviews, been back from Utah 5 years & 3 months and only seen ONE (1) Director's Review! Yes, I was sent to Brickey Unit for 2 weeks, Returned to Tucker Max., then sent to VSM over a Year Ago. Courts have HELD, "CUMULATIVE TIME MUST BE FACTORED!" My Situation is Highly Atypical, well over the 305 day Sandin v. Conner, Standard! These Actions are Cruel & Unusual Punishment, Due Process Violations and Retaliatory, Arbitrary, Caprious and Malice Intent for my years of litigation. The reasoning holding me on A/S is a Farce! And this is MENTAL TORTURE, NO SUN in over A YEAR, People need Sun! Kept in CONFINED CELL 23 hours a day, Year after Year, ON & ON!! And Now Know I Got HCV! And refused Treatment, on my mind' all DAY L—ONG!

I further swear that the description of the incident contained herein, is a true, accurate and impartial description to the best of my knowledge, information and belief.

CC: Deputy Director Ray Hobbs
Classification Admin. George Brewer
Warden Greg Harmon
A. Warden Tommy James
Warden Marvin Evans
Warden Grant Harris
A. Warden Tim Moncrief

NAME: David Williams #78730

DATE: 9/13/04

David Williams
SIGNATURE   P.O. Box 400, VSM
Grady, AR. 71644

Subscribed and sworn to before me this _____ 15 _____ day of
_____ Sept. _____, 20 04          (Exibit 83.)

James Barnett
NOTARY PUBLIC

My Commission Expires: 2-10-2014

ADC-CDC—1402

# GRIEVANCE FORM - (Attachment 1A)

| FOR OFFICE USE ONLY | |
|---|---|
| Grv. # | VSM04-62519 |
| Date Received | 10-01-04 |
| Grievance Code: | 904 |

UNIT/CENTER ___VSM___

PLEASE PRINT
Name ___David Williams___ ADC# _7873_ Brks ~~3-38~~ Job Assignment _A/S_
    VSM

IS THIS GRIEVANCE A MEDICAL GRIEVANCE? Yes _____ No _X_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

## THE ORIGINAL INFORMAL RESOLUTION FORM SHALL BE ATTACHED

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes _X_ No ___ If yes, give date _9/20/04_

Why do you feel the informal resolution was unsuccessful? _Because the "Named" individuals are in violation of Clearly Established Known Constitutional Rights._

---

➤➤ _EXIBIT "A" - DECLARATION, Dated 9/13/04, to Director Larry Norris. (This is A ONGOING Issue)_

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review. _Director Larry Norris, Deputy Director Ray Hobbs, Classification Administrator George Brewer, Warden Greg Harmon, Assistant Warden Tommy James, Warden Marvin Evans, Warden Grant Harris and Assistant Warden Tim Moncrief, have all been shown ? made known their Constitutional Violations by Exibit "A" and this ONGOING ISSUE! The ADC assigned me to A/S in Dec. 95 or Jan 96, Shipped me to Utah in Jan. 96, brought back to AR. in June 99. Placed and Kept on A/S. Had meaningless A/s Reviews, been back from Utah 5 years ? 3 months ? only seen One (1) Director's Review! Yes, I was sent to Brickey Unit for 2 weeks, returned to Tucker Max, then sent to VSM over a year ago. Courts have HELD, "CUMULATIVE TIME MUST BE FACTORED!" MY Situation is HIGHLY ATYPICAL, well over the 305 day Sandin v. Conner, Standard! These Actions are Arbitrary, Capricious ? Malice Intent (Retaliation) For my years of litigation. The reasoning holding me on A/s is a FARCE! And this is Mental TORTURE! Can't Get NO SUN in over A Year! People need Sunlight! Kept in Confined cell 23 hrs. a day, Year after Year, On ? On!! 17 Years NO Contact Visit, Previleges, Schooling/Courses, etc. And Now I Got Told I have HCV And Denied Treatment ON my mind All day long!_

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ . If yes, why? _Cruel ? Unusual Punishment, Retaliation, Due Process Violation._

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay ~~to the~~ Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened ~~because~~ of your use of the grievance form, report it immediately to the Warden.

_David Williams_                    **RECEIVED**              _9/20/04_
INMATE SIGNATURE          OCT 29 2004              DATE

| (TO BE FILLED OUT BY THE RECEIVING OFFICER) INMATE GRIEVANCE SUPERVISOR | |
|---|---|
| RECEIPT FOR ~~ADMINISTRATION BUILDING~~ | Exibit 84,)   P. 1of 4 |
| OFFICER (Please Print) _Chris Budnik_   Signature _Chris Budnik_ | |
| FROM WHICH INMATE? _David Williams_ | ADC# _78730_ |
| DATE: _9-20-04_   TIME: _0456p_ | |

WSMO4-02519
10-01-04

# INFORMAL RESOLUTION FORM (Attachment 1)

UNIT/CENTER ___VSM___

PLEASE PRINT

Name ___David Williams___ ADC# _7878_ Brks # _29_ Job Assignment _Ais_

IS THIS AN EMERGENCY SITUATION? YES _X_ NO ___ If yes, why? _Crual & Unusual Punishment_
_Retaliation Due Process Violation_

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. You will be given a copy of this receipt by the designated problem-solving staff. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

Exibit "A" DECLARATION, Dated 9/13/04 to Director Larry Norris (This Is A Ongoing Issue!)

Give a **BRIEF** statement of your complaint/concern. This statement must be specific as to the complaint, **dates**, places, personnel involved and how **you** were affected. **One issue** or incident per complaint form. Additional pages or forms will **not** be allowed.

Director Larry Norris, Deputy Director Ray Hobbs, Classification Administrator George Brewer,
Warden Greg Harmon, Assistant Warden Tommy James, Warden Marvin Evans, Warden Grant Harris
and Assistant Warden Tim Monwell have all been Shown & Made Known their Constitutional
Violations by Exibit "A" and this ONGOING ISSUE! The ADC Assigned me to Ais Dec. 98
Then He shipped to Utah, Ais in Utah brought back to Ark June 99 Placed Me back on Ais,
had meaningless Ais Reviews, been back from Utah 5 Years & 3 month and only Seen One
Directors Review! Yes I was sent to Bricky Unit for 2 weeks returned to Tucker Max
then sent to VSM over a Year ago, Courts have HELD "CUMULATIVE MUST BE FACTORED
MY situation is He SAW ATYPICAL, well over the 30 day Sandin V. Conner Standard!
These Action are Arbitrary, Caprious & Malice Intent for my years of
situation, The reasoning holding me on Ais is a FARCE! And this is
Mental Torture! Can't SEE MY SUN in over A YEAR! People need Sun
Kept in a CONFINED CELL 23 hrs a Day, Year after Year, cat Call!
David Williams    And NOW I KNOW I SAY HELP! 9/13/04

_Inmate Signature_ Thid Ri Placed Tri came on my things 11 Day!   _Date_ 11 Day!

---

## THIS SECTION TO BE FILLED OUT BY STAFF ONLY.

### STAFF RECEIPT AND ACTION TAKEN

PRINT STAFF NAME (PROBLEM SOLVER) _____ Staff Code _____ Staff Signature / Date Received

Was this deemed an emergency? Yes _____ No _____

Was there a need to contact medical? Yes _____ No _____ If yes, give name of person contacted? _____

Describe action taken to resolve complaint, including dates: _____

**RECEIVED**

**OCT 2 9 2004**

**INMATE GRIEVANCE SUPERVISOR**

**ADMINISTRATION BUILDING**

Was issue resolved? Yes _____ No _____ Does inmate agree that issue was resolved? Yes _____ No _X_

_____          _____
Staff Signature/Date                Inmate Signature/Date   Exibit 84.,
                                                             P,2 of 4

DISTRIBUTION: YELLOW – Inmate Receipt

(AFTER COMPLETION) PINK – Problem Solver Copy    BLUE – Grievance Officer

ORIGINAL – Given back to the Inmate After Completion                810-00

Attachment II

INMATE NAME Williams, D _____ ADC# __78730__ GRIEVANCE #VSM-04-2519

## WARDEN'S/CENTER SUPERVISOR DECISION

YOUR GRIEVANCE WAS RECEIVED ON: 10-01-04

In the response to your grievance, Under AR 835 and AD 04-01, Inmates are allowed to present one issue at a time and not multiple issues. If you wish to present more than one issue, you must do so on separate forms.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS.

RECEIVED

OCT 29 2004

INMATE GRIEVANCE SUPERVISOR
ADMINISTRATION BUILDING

_____          _____          _____
Signature of ARO or Warden's/Supervisor's Designee          Warden          10-15-2004
                                                            Title          Date

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues, which are not a part of your complaint. #1,) I Clearly Requested that

WHY DO YOU NOT AGREE WITH THE RESPONSE? this [PRECISE SINGLE ISSUE] Addressed by Director Norris, #2;) I Clearly State, "This Issue has Already Been Addressed Unit Level and MR. Hobbs, Deputy Director, #3,) The Single Issue CLEARLY Addressed to The ADC is in Violation of Constitutional Right to meaningful reviews and the ATYPICAL STANDARD inforced upon me by Keeping me on A/S for YEARS ON END! #4,) These Acts are Retaliatory for my LITIGATIONS. Cruel + Unusual!

_David Williams_____          __78730_____          _10/19/04_
Inmate Signature                   ADC#                    Date

Thus, This Be Addressed by DIRECTOR Larry Norris [Exibit 84;) P.3 of 4]

# ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
Varner Supermax RECORD OF RELEASE CONSIDERATION

| INSTITUTION | WILLIAMS, DAVID | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | | 9/16/2003 |
|---|---|---|---|---|---|---|
| INMATE NAME | 78730 | 60 DAY REVIEW | | | | |
| ADC NUMBER | 10/20/2004 | DIRECTOR'S REVIEW | | | | |
| DATE | | APPEAL HEARING | | | | |

## REASON FOR INITIAL ASSIGNMENT

| | |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant assignment for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

## COMMITTEE MEMBERS

T. Moncrief
R. Walker
W. Hampton
F. Allen
C. Stewart

| | | VOTE: | |
|---|---|---|---|
| Assistant Warden/Security Classification | REMAIN (✓) | RELEASE ( ) |
| Mental Health | REMAIN (✓) | RELEASE ( ) |
| School Teacher | REMAIN (✓) | RELEASE ( ) |
| Segregation Commander | REMAIN ( ) | RELEASE ( ) |
| | REMAIN ( ) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

I/M Request to be transferred or Released

## ACTION / REASON

| Continued Segregation | Release from Segregation |
|---|---|
| Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation |
| Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, and behavior since being assigned to segregation |
| Inmate has a history of assault on staff personnel | |
| Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations |
| Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs |
| Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs |
| | |
| Inmate has history of threatening other inmates and / or staff personnel | Other |
| Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | |
| Other | |

## WARDEN'S REVIEW

| | |
|---|---|
| ✓ | I have reviewed the above and agree with the Committee's decision |
| | I have reviewed the above and am referring this back to the Committee |

| WARDEN'S SIGNATURE | | DATE | 10-21-2004 |
|---|---|---|---|

(Exibit 85,)

TO: ~~Deputy~~ Deputy Director Ray Hobbs

RE: Continued Denial of "Out of Cell Time," ESP. BY the use of [YARD LIST] and by Sgt. LEWIS [AGAIN]!

## DECLARATION UNDER PENALTY OF PERJURY OF David Williams 78730

David Williams #78730 , being competent to make this declaration and

having personal knowledge of the matters stated therein declares pursuant to 28 U.S.C. §

On 11/1/04, at 8:17 A.M. Sgt. Lewis, Yard Crew, walked by my cell 1746, going toward cell #3210. I'm standing at my DOOR, Dressed & Ready to go to Yard and I said to SGT. LEWIS, "I'm Ready, let's do this". Sgt. Lewis walked Past my cell again at 8:18 A.M., Escorting NO INMATE, and I ask, "What's up on My Yard?" He states, "NOT ON LIST." I state, "Man You KNOW my Sign was in My Door window I [NEVER] take it out, AND [YOU KNOW] I never miss yard." Sgt. Lewis ignored me. Sgt. Lewis also KNEW a New Yard Call Sgt. Took Yard List & Sgt. Lewis Refused by inactions to Rectify the mistake. They only took One (1) inmate out of 3 BKS, Only one (1) out of 78 inmates!

This is the THIRD TIME [SUPPOSEDLY] I'm Not on Yard List with Sgt. Lewis doing Escort and You Bet He Must Have Some Personal Issue with me, Constantly STEALING MY YARD CALL, [WHEN] he works Yard Crew!

LEWIS KNOWS I NEVER MISS YARD CALL!

LEWIS REFUSED TO CORRECT ERROR OF NEW YARD SGT.!

Officer Horner, working 3 BKS. floor, talked to the New Sgt at 8:30AM, between 3 & 4 BKS. back door crossover, New Sgt. told Horner, "Not on List." The Yard Crew, esp. Sgt. Lewis Refused/Denied my Constitutional Right [AGAIN] TO, "OUT OF CELL TIME"

### * Exhibits Requested *

Exhibit "A" - Both Cameras in front of my cell shall disclose; #1, YES YARD CALL Sign in door window on 11/1/04, #2. Me standing at my door dressed & ready to go to yard [BOTH TIMES] SGT. LEWIS walked by cell & denied my Yard time.

Exhibit "B" - Request statement from Mr. Horner, on BKS. Floor, to the Fact at 8:30AM he TRIED to obtain my Yard Time and he was told "NOT ON LIST"

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct. I Continue To Be Denied Yard Call Because Of This [LIST SYSTEM]!! I'm standing AT DOOR, Dressed/Ready to GO [WHEN] YARD CALL ACTUALLY RAN, Denied Yard Again!

Executed This 1ST day of November , 20 04 .

Director Larry Norris

CC: Warden Grant Harris

Warden Tim Moncrief

Field Captain Patterson

Compliance Officer Bobby Smith

David Williams

P.O. Box 400, VSM 3-38

Grady, AR. 71644

( Exhibit 86.)

# ARKANSAS DEPARTMENT OF CORRECTION
## ADMINISTRATIVE SEGREGATION REVIEW
### RECORD OF RELEASE CONSIDERATION

| INSTITUTION | **Varner Supermax** | 30 DAY REVIEW | | DATE OF INITIAL ASSIGNMENT | | |
|---|---|---|---|---|---|---|
| INMATE NAME | **WILLIAMS, DAVID** | 60 DAY REVIEW | | | | 9/16/2003 |
| ADC NUMBER | **78730** | DIRECTOR'S REVIEW | | | | CB2-254 |
| DATE | **11/23/2004** | APPEAL HEARING | | | | |

## REASON FOR INITIAL ASSIGNMENT

|  |  |
|---|---|
| | Seriousness of offense resulting in placement on Maximum Security status. |
| | Threat to the security and good order of the institution. |
| | Requires maximum protection from themselves or others require maximum protection from them. |
| | Chronic inability to comply with agency rules and regulations and is a threat to the agency mission. |
| | Chronic inability to adjust in the general population. |
| | Inmates pending transfer or holdover status awaiting permanent housing assignment as determined by the Classification Committee |
| | An inmates having been found guilty of taking over a part of the physical plant, battery, aggravated battery, rape, or forced sexual assault, taking of a hostage, or any act or acts defined as felonies or misdemeanors by the State of Arkansas |
| | Any behavior or circumstances, which poses a serious threat to the security, good order, or quality of life for staff or inmate of the institution, will warrant consideration for assignment to Administrative Segregation |
| | The inmate is likely to be exploited or victimized by others, sexual predators, and others who have needs for single housing |
| | The inmate is potentially dangerous to himself or others |
| | The inmate poses a serious escape risk |
| | The inmate requests protection or is deemed by staff to require protection |
| | The inmate requires immediate mental health evaluation and cannot be in contact with general population inmate |
| | The inmate requires medical isolation and medical housing that is not otherwise available |

## COMMITTEE MEMBERS | VOTE:

| Tim Moncrief | | Asst. Warden | REMAIN (✓) | RELEASE ( ) |
|---|---|---|---|---|
| Revonna Walker | | VSM Classification Officer | REMAIN (✓) | RELEASE ( ) |
| Willie Hampton  *Ms. Tanner* | | Mental Health | REMAIN (✓) | RELEASE ( ) |
| Floyd Allen | | School Teacher | REMAIN (✓) | RELEASE ( ) |
| James Barnett  *Cpt. Patterson* | | Segregation Captain | REMAIN (✓) | RELEASE ( ) |

## INMATE'S STATEMENT CONCERNING RELEASE OR CONTINUED SEGREGATION

*I/M Requested Transfer or Release Request denied*

## ACTION / REASON

| | Continued Segregation | Release from Segregation | |
|---|---|---|---|
| | Inmate has a rebellious and aggressive conduct, behavior and attitude | Inmate has not demonstrated any violence since assignment to Administrative Segregation | |
| | Inmate has a history of assault on other inmates | Inmate has demonstrated improvement in conduct, attitude, and behavior since being assigned to segregation | |
| ✓ | Inmate has a history of assault on staff personnel | | |
| | Inmate is a threat to the security and good order of the institution | Inmate no longer indicates a chronic inability to comply with agency rules and regulations | |
| | Inmate has been a disciplinary problem since assignment | Inmate has satisfactorily participated in work programs | |
| | Inmate must regain Class II before being considered for release | Inmate has satisfactorily participated in self improvement programs | |
| | Inmate has history of threatening other inmates and / or staff personnel | Other | |
| | Inmate indicates a chronic inability to comply with agency rules and regulations and is a threat to the agency mission | | |
| | Other | | |

## WARDEN'S REVIEW

| | | I have reviewed the above and agree with the Committee's decision | |
|---|---|---|---|
| | | I have reviewed the above and am referring this back to the Committee | *( Exibit 87 )* |

| WARDEN'S SIGNATURE _(signature)_ | DATE *11-23-04* |
|---|---|