FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 13 2005
JAMES W. McCORMACK, CLER
By: _____ DEP CLER

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID WILLIAMS,
ADC #078730                                                                  PLAINTIFF

v.                                    5:05CV00048HLJ

LARRY NORRIS, et al.                                                       DEFENDANTS

## PROPOSED FINDINGS & RECOMMENDATION

### I. Introduction

This matter is before the Court on defendants' motion to dismiss (DE #16). Plaintiff has filed a response in opposition to the motion (DE #19).

Plaintiff is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights by virtue of his continued housing in administrative segregation since 1999. Plaintiff asks for monetary and injunctive relief from defendants.

### II. Motion to Dismiss

#### A. Defendants' Motion

In support of their motion, defendants state as follows: 1) plaintiff failed to exhaust his administrative remedies with respect to his claims against defendants because he did not specifically name all the defendants in the grievances he filed; 2) plaintiff's allegations against defendants Norris, Hobbs, and Brewer are based on their supervisory capacities only, which is not sufficient to support a claim pursuant to § 1983; 3) plaintiff's claims against defendants should be dismissed pursuant to Eleventh Amendment immunity, because he sued defendants in their official capacities only; and 4) plaintiff fails to state a claim upon which relief may be granted. Defendants also state,

but do not elaborate, that plaintiff has presented these same allegations in a previously-filed case, Williams v. Bradley, et al., 5:05cv00010, and that the present claims should be dismissed based on res judicata.

B. Plaintiff's Response

In his response, plaintiff states: 1) he did exhaust his administrative remedies with respect to his claim, and that he was unable to include all the defendants' names in the grievances because of the lack of writing space; 2) plaintiff has alleged specific knowledge and involvement against defendants Norris, Hobbs, and Brewer, and therefore, his allegations against them are not solely based on their supervisory capacities; 3) plaintiff did sue defendants in both their individual and official capacities; and 4) plaintiff's allegations do state a claim for relief, with respect to the length of time he has been housed in administrative segregation, and defendants' failure to provide meaningful reviews and identifiable standards and criteria in support of their decisions. Finally, plaintiff states that the previously-filed case, Williams v. Bradley, concerns different facts and issues from this case, and that this Court would notify him if consolidation was determined to be necessary or appropriate.

C. Standard of Review

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept the allegations in the complaint as true. The complaint may be dismissed "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In addition, although pro se pleadings in civil rights cases are to be construed liberally,

> A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. When

> the allegations are conclusory "the court has a duty to measure [the] allegations in light of the factual claims actually made."

Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981).

D. Analysis

1) Exhaustion

The Court finds that plaintiff has sufficiently exhausted his administrative remedies in this action. Plaintiff has submitted copies of numerous exhausted grievances in which the present issue was raised. In McAlphin v. Toney, 375 F.3d 753 (8th Cir. 2004), the Court indicated that when an issue raised in the complaint has been fully exhausted, it is not required that all named defendants involved in that claim be named in the grievance or grievances filed.

2) Respondeat Superior

The Court also finds that plaintiff has alleged sufficient personal knowledge and involvement in the issue at hand by defendants Norris, Hobbs, and Brewer, so as to find that his allegations are not based solely on their supervisory capacities.

3) Eleventh Amendment Immunity

Plaintiff did include allegations against defendants based on their individual and official capacities. See complaint, DE #2, pages 25-26.

4) Failure to state a claim

The Court also finds that plaintiff's allegations of denial of due process and length of confinement state a Constitutional claim, within the meaning of Sandin v. Conner, 515 U.S. 472 (1995), and that defendants' motion should be denied.

5) Res Judicata

The Court finds that plaintiff's other case, Williams v. Bradley, sets forth facts sufficiently

separate from those asserted in this complaint. Furthermore, those facts have not yet been adjudicated, and therefore, res judicata is not applicable to this case. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss (DE #16) is DENIED.

IT IS SO ORDERED this ___ day of _____, 2005.

_____
United States Magistrate Judge