IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID WILLIAMS,
ADC #78730                                                                                    PLAINTIFF

VS.                                    5:05cv00048HLJ

LARRY NORRIS, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the Court on plaintiff's motion for partial summary judgment (DE #39). Defendants have filed a response in opposition to the motion (DE #50) and plaintiff has filed a reply (DE #57).

Plaintiff is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging defendants have violated his constitutional rights by continuously housing him in the administrative segregation (ad seg) area of the Unit since 1999, and have failed to provide meaningful reviews of his classification status. In support of his motion for summary judgment, plaintiff states that the record does not justify the defendants' reasons for leaving him in ad seg, that he has been denied the opportunity to present factual evidence on his behalf, and that defendants have denied him any criteria for meaningful reviews.

In response, defendants dispute plaintiff's version of the facts and state that his own behavior

justifies his classification. Defendants also state that a genuine issue of material fact exists so as to render summary judgment improper at this time.

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

It is clear to the Court that a genuine issue of fact exists concerning the allegations raised by plaintiff in his complaint, and in the present motion. Therefore, summary judgment relief is not proper under these circumstances. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motion for partial summary judgment (DE #39) is hereby DENIED.

IT IS SO ORDERED this 24th day of August, 2005.

_____
United States Magistrate Judge