IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID WILLIAMS,
ADC #78730                                                                PLAINTIFF

v.                                          5:05CV00048JMM/HLJ

LARRY NORRIS, et al.                                                     DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on defendants' motion for partial summary judgment (DE #251). Plaintiff has filed a response in opposition to the motion (DE #255).

Plaintiff is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging violations of due process and equal protection by defendants with respect to his continuous incarceration in administrative segregation since 1999. By Order and Judgment dated August 22, 2006 (DE ##207, 208), this Court granted defendants' motion for summary judgment and dismissed plaintiff's complaint. On appeal, the Eighth Circuit Court of Appeals affirmed the Court's decision on plaintiff's equal protection claim and reversed with respect to its decision on the due process claim (DE #234). Specifically, the Court held "there remains an unresolved fact issue on this record as to whether Williams actually received meaningful reviews (of his administrative segregation

status), rather than sham reviews, as he contends."

## II. Summary Judgment Motion

A. Defendants' Motion

In support of their motion for partial summary judgment, defendants Norris, Hobbs, and Brewer state plaintiff's due process allegations against them are based solely on their supervisory positions, and that the doctrine of respondeat superior is not applicable to actions filed pursuant to § 1983. Defendants cite Glick v. Sargent, 696 F.2d 413, 414-415 (8th Cir. 1983), and Camberos v. Branstad, 73 F.3d 174, 176 (8th cir. 1995) in support of their motion. Specifically, defendants state plaintiff alleges they failed to properly train, supervise or intervene and take appropriate action in order to ensure meaningful periodic evaluations of plaintiff's status in administrative segregation. However, defendants state plaintiff admits not having had personal conversations with any of the three above-named defendants, and does not allege any personal involvement by them in the periodic reviews. Defendants state neither Larry Norris, who is director of the ADC, nor Ray Hobbs, the chief deputy director of the ADC, are members of the classification committee, which is charged with the periodic reviews of plaintiff's status. In addition, although defendant Brewer is the classification administrator, defendants state he also does not attend the review hearings, and therefore, none of the three are involved in the review process of plaintiff's status. Finally, defendants state they should be dismissed because plaintiff's allegations against them fail to state a claim, or because they are protected from liability by sovereign and qualified immunity.

B. Plaintiff's Response

In his response, plaintiff states one of the requirements of a meaningful status review is that he is personally interviewed annually by both the Warden and the Deputy Assistant Director,

defendant Hobbs. In addition, plaintiff states defendant Hobbs reviewed many of the reports of the classification committee's decisions, and personally communicated with plaintiff on at least three occasions. With respect to defendant Norris, plaintiff states he has been aware of this lawsuit since its filing in 2005, yet has not acted upon plaintiff's allegations. Plaintiff further alleges all three of these defendants are liable for their own personal involvement in his classification status. Finally, plaintiff states he is suing defendants both in their official and individual capacities, and therefore, they are not protected from liability by sovereign immunity or qualified immunity.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

Defendant Norris - Plaintiff's allegations against the ADC Director are that he has been

aware of this lawsuit since its filing and yet has refused to intervene to provide him with meaningful periodic classification reviews. Plaintiff further alleges defendant failed to properly supervise and train others in order to ensure meaningful reviews. Plaintiff does not allege, however, that he personally contacted defendant Norris about the due process issue prior to the filing of this lawsuit, or that defendant Norris was personally involved in the classification review process. Therefore, the Court finds that plaintiff's allegations against defendant Norris should be dismissed, as supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

Defendant Brewer - Similarly, plaintiff's allegations against defendant Brewer are based on his alleged failure to supervise or train classification committee members in providing meaningful reviews. However, he again does not establish any personal knowledge or involvement by this defendant, prior to the filing of his lawsuit. Therefore, defendant Brewer also should be dismissed.

Defendant Hobbs - With respect to this defendant, plaintiff has established sufficient personal involvement to support his allegations of liability against him. Several of the periodic review reports submitted by plaintiff were signed by defendant Hobbs, in addition to several grievances plaintiff filed about the matters. Furthermore, plaintiff alleges personal conversations with defendant about his situation on at least three occasions. Therefore, the Court finds sufficient allegations of personal involvement by defendant Hobbs to overcome defendants' respondeat superior argument. Similarly, with respect to defendants' defenses of sovereign and qualified immunity, the Court finds plaintiff

has sued defendants in their official and individual capacities, and that a material dispute of fact exists concerning whether defendants provided plaintiff with meaningful classification reviews of his administrative segregation status. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for partial summary judgment (DE #251) is hereby GRANTED IN PART with respect to defendants Norris and Brewer, and DENIED with respect to defendant Hobbs.

IT IS SO ORDERED this _23rd_ day of _December_, 2008.

_____
United States Magistrate Judge