IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID WILLIAMS,
ADC #78730                                                                                         PLAINTIFF

VS.                              CASE NO. 5:05CV00048JMM/HLJ

LARRY NORRIS, et al.                                                                      DEFENDANTS

ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Henry L. Jones, Jr. After a review of those proposed findings and recommendations, the transcript of the hearing held on February 2-4, 2010 and the timely objections received thereto, as well as a de novo review of the record, the Court adopts them in their entirety.

The Court is not persuaded by the parties' objections regarding liability of the Defendants. However, Defendants make cogent arguments that Judge Jones erred by recommending nominal damages be awarded to Mr. Williams against the Defendants in the amount of $1 per day that Mr. Williams spent in administrative segregation ("AS"). Defendants argue that the $1 per day award is an end-run around the Prison Litigation Reform Act's prohibition against compensatory damages in the absence of physical injury; and the Defendants should not be liable for the days Mr. Williams was held in AS in the Utah prison.

The Prison Litigation Reform Act, specifically 42 U.S.C.§ 1997e(e), requires that a prisoner prove a physical injury in order to receive compensatory damages. Judge Jones found that Mr. Williams had failed to prove he suffered a physical injury as a result of the 13 years he spent in AS. However, Judge Jones found that the Defendants violated Williams' due process right when they failed to provide Williams with meaningful reviews of his AS status. Citing this Court's determination of nominal damages in *Fegans v. Norris*, 4:03CV00172 (August 25, 2006) and the Eighth Circuit's opinion affirming the award, Judge Jones recommended that the Court award Williams nominal damages in the form of $1 per day of his AS status. While the law is not entirely clear as to whether nominal damages of $1 per violation or $1 total is the correct calculation of nominal damages in prisoner cases, the Court again adopts the view that nominal damages may be based on a per violation basis. *See Royal v. Kautzky,* 375 F.3d 720, 723 (8th Cir. 2004).

Williams testified that he was incarcerated in AS for a total of 4,846 days. According to the Defendants' objections, this time period included a three year period when Williams was transferred to the Utah prison system. Defendants are correct. However, the total number of days spent in AS at the ADC was not introduced into evidence by the Defendants. Regardless, the Court finds that $1 per day for a total of 4,846 total days spent in AS is a reasonable figure. If the Court were to estimate that Williams spent 1274 days in the Utah prison system in AS (January 1, 1996 through June 28, 1999), the nominal damage award of $4,846 would still be reasonable at $1.36 per day. *See Fegans v. Harris*, 537 F.3d 897, 908 (8th Cir. 2008)("an award of $1.44 for each constitutional violation is a sufficient nominal damage award. . . .")

IT IS, THEREFORE, ORDERED that plaintiff shall have judgment against defendants Harmon, Moncrief, James, Evans, and Harris, and shall be awarded nominal damages in the amount of $4,846.00.

IT IS FURTHER ORDERED that plaintiff's claims against defendant Hobbs are hereby DISMISSED.

An appropriate Judgment shall accompany this Order.

IT IS SO ORDERED this 14th day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE